Robert W. Buchholz
420 S. Cesar Chavez Blvd.
Suite 300
Dallas, Texas 75201
214-754-5500
214-754-9100 fax
bob@attorneybob.com
Attorney for Southern Star Capital, LLC d/b/a Reliance Mortgage

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **BM318, LLC** | ) | |
| | ) | **Case No. 20-42789-mxm-11** |
| | ) | |
| **Debtor** | ) | |

**MOTION OF SOUTHERN STAR CAPITAL, LLC**
**d/b/a RELIANCE MORTGAGE COMPANY FOR RELIEF FROM AUTOMATIC STAY**

**NOTICE - RESPONSE REQUIRED**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT**

**Eldon B. Mahon U. S. Courthouse**
**501 W. 10th Street**
**Fort Worth, Texas 76102-3643**

**BEFORE CLOSE OF BUSINESS ON OCTOBER 5, 2020, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE COURT:**

SOUTHERN STAR CAPITAL LLC, d/b/a RELIANCE MORTGAGE COMPANY, a Texas limited liability company ("Movant") files this *Motion for Relief from Stay* (the "**Motion**") against BM318, LLC ("**Debtor**"), and would respectfully show the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334.

2. This is a core proceeding. This Motion constitutes a contested matter pursuant to Rule 9014 of the Bankruptcy Rules.

3. This motion is brought pursuant to 11 U.S.C. §§ 105, 361, 362 and Bankruptcy Rule 4001.

4. Movant is the original lender and the current servicer of the holder of a note and deed of trust on a piece of real estate which is legally described in the attached Exhibit 1 which is incorporated herein by reference as if fully copied herein.

5. Movant agreed, on a short-term basis, to extend financing to Debtor secured by the real estate referenced herein.

6. On May 3, 2019, Debtor through Timothy Barton, its President, signed a Promissory Note in the amount of $1,650,000.00 (the "**Promissory Note**") and executed a Deed

of Trust (the "**Deed of Trust**"), which was recorded on May 9, 2019 in the Deed Records of Parker County, Texas at Clerk's File No. 201911244. *See* Exhibits "2" and "3".

7. The Promissory Note interest rate was 11.0% and it matured on May 1, 2020. Also, on matured and unpaid amounts the Promissory Note required interest of the lesser of 18% or the Highest Lawful Rate permitted by law.

8. Debtor defaulted under the terms of the Promissory Note **by not making payments as required** and by not paying the note when due. The note, by its own terms, matured and became fully due and payable on May 1, 2020. Further, in the deed of trust Debtor agreed to the following waivers:

> *E.19.* Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

9. Movant originally posted the Property for the May 5, 2020, foreclosure date. It was then reposted for the August 7, 2020 foreclosure sale and then September 1, 2020 foreclosure sale. Prior to the sale Debtor sought a Temporary Injunction to prevent the sale from going forward which was denied by the 415th Judicial District Court of Parker County, Texas on September 1, 2020. *See* Exhibit 4. Within an hour of that ruling Debtor filed this case.

10. The status of the indebtedness as of May 1, 2020, the maturity date, is as follows:

| | | |
|---|---|---|
| a. | Principal Amount Due: | $1,650,000.00 |
| b. | First payment defaulted:<br>Note matured: | September 1, 2019.<br>May 1, 2020. |
| c. | Total interest due as of<br>May 1, 2020: | $136,125.00 |

| | | |
|---|---|---|
| | Late Fees Due as of May 1, 2020 | $9,075.00 |
| | Total Interest & Late Fees Due as of May 1, 2020, 2020 | $145,200.00 |
| d. | Additional Collateral held as of May 1, 2020: CD | $165,000.00 |
| | Accrued Interest on CD as of May 1, 2020 | $1,567.50 |

e. Interest continues to accrue at the default rate of Eighteen Percent Per Annum, or the maximum legal rate as provided for in the note.

11. This balance remains unpaid and is accruing interest and other applicable charges.

12. Movant contends that based on the facts of this case cause exists for the requirements of Bankruptcy Rule 4001(a)(3) to be waived so that Movant may once again post the Property for foreclosure as **Debtor has defaulted in its payment obligations under the note and deed of trust**.

13. In accordance with the terms of the Deed of Trust Movant would allege that it is entitled to reasonable attorney's fees, including, but not limited to, fees, if any, for the preparation and filing of this Motion for Relief from Stay in the amount of at least $2,500.00.

14. By reason of the foregoing, Movant requests the Court to terminate the stay so Movant may proceed to foreclose in accordance with its Note and Deed of Trust.

15. Debtor has failed to provide adequate protection to Movant which constitutes cause to terminate the automatic stay of 11 U.S.C. § 362(a).

16. Movant reserves the right to assert an 11 U.S.C. § 362(d)(2) Cause of Action, if appropriate, at the hearing on Movant's Motion for Relief.

17. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

18. This Motion is supported by the affidavit of Mr. Al Keller which is attached as Exhibit “5”.

WHEREFORE, Movant prays that this Court enter an order, after notice and hearing, terminating the automatic stay as to Movant and allowing the posting and sale of the collateral at foreclosure. Movant further prays that the Court waive the provision of Rule 4001 (a) (3) and that Southern Star Capital, LLC d/b/a Reliance Mortgage be permitted to immediately enforce and implement any order granting relief from the automatic stay; that Movant be awarded its reasonable attorney’s fees and expenses for this Motion; and, that Movant be granted such other and further relief as is just.

Respectfully submitted,

By: */s/ Robert W. Buchholz*

Robert W. Buchholz
Texas Bar No: 03290600
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas 75201
Tel. (214) 754-5500
Fax. (214) 754-9100
Bob@attorneybob.com

## CERTIFICATE OF CONFERENCE

This will certify that the relief sought in this motion was discussed with the attorney for the alleged Debtor BM318, LLC, who stated that she is opposed to the relief requested.

By: */s/ Robert W. Buchholz*
______________________________
Robert W. Buchholz

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, a true and correct copy of the foregoing Motion for Relief from Stay was served via electronic means as listed on the Court's ECF noticing system which includes the Attorney for the Debtors and the U.S. Trustee, and by regular mail to the debor(s) at:

| | |
|---|---|
| BM318, LLC, Debtor<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | VIA US MAIL |
| Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>Attorney for Alleged Debtor | VIA ECF |
| Parties Having Filed NOA | VIA ECF |
| Office of United States Trustee | VIA ECF |

By: */s/ Robert W. Buchholz*
______________________________
Robert W. Buchholz