2025-276417

**Promissory Note**

**Date:** May 3, 2019.

**Borrower:** BM318, LLC.

**Borrower's Mailing Address:** BM318 LLC.
1755 Wittington Place, Suite 340
Dallas Texas 75234, attention Tim Barton, President.

**Lender:** Southern Star Capital, LLC d/b/a Reliance Mortgage Company

**Place for Payment:**

5220 Spring Valley Road, Suite 602
Dallas, Texas 75254.
or any other place that Lender may designate in writing.

**Principal Amount:** One Million Six Hundred Fifty Thousand Dollars, ($1,650,000.00).

**Annual Interest Rate:** Eleven Percent (11.0%)

**Maturity Date:** May 1, 2020.

**Annual Interest Rate on Matured, Unpaid Amounts:** Eighteen Percent (18%) or the highest lawful rate, whichever is less.

**Terms of Payment (principal and interest):**

The Principal Amount and all accrued and unpaid interest is due and payable on May 1, 2020, and the interest is due and payable monthly as it accrues.

The monthly interest payments are Fifteen Thousand One Hundred Twenty-Five and 00/100 dollars ($15,125.00) and are due and payable on the first day of each month with the first payment due on June 1, 2019.

**Late Charge:**

If any installment becomes overdue for more than ten days, at Lender's option a late payment charge equal to five percent (5%) of the amount of the late payment may be charged in order to defray the expense of handling the delinquent payment.

**Security for Payment:** This note is secured by a deed of trust and security agreement (the "deed of trust") dated May 3, 2019, from BM318, LLC to Robert W. Buchholz, trustee on the following described real property.

The property described in the attached Exhibit "A" which is which is incorporated herein by reference.

**Other Security for Payment:**
None.

**Promise to Pay**
Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

**Waivers**
Borrower waives, to the extent permitted by law, all (1) demand for payment, (2) presentation for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, (7) rights under sections 51.003, 51.004 and 51.005 of the Texas Property Code, (8) rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.

**Attorney's Fees**
Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Prepayment**: Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

**Application of Prepayment:** Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

**Usury Savings**
It is the intention of the parties hereto to act in strict compliance with "Applicable Law" (hereafter defined). Accordingly, it is agreed that notwithstanding any provision to the contrary in this note, "deed of trust" (defined above), or any other instrument securing or evidencing the indebtedness evidenced by this note, or in any other arrangements or agreements, no such provision shall ever be construed to create a contract to pay, as consideration for use, forbearance or detention of money, "interest," as that term may be defined by Applicable Law, at a rate in excess of the maximum lawful rate of nonusurious interest permitted by Applicable Law. If any excess of interest in such respect is provided for, or shall be adjudicated to be so provided for, in this note, the deed of trust, or in any other instrument securing or evidencing the indebtedness evidenced by this note, then in such event (a) the provisions of this paragraph shall govern and control; (b) neither Borrower nor its successors or assigns or any other party liable for the payment of the indebtedness shall be obligated to pay the amount of such interest to the extent that it is in excess

of the maximum lawful amount of nonusurious interest permitted by Applicable Law, and the same shall be construed as a mutual mistake of the parties hereto, and of any legal holder of this note, and (c) such excess of interest over the maximum lawful rate of nonusurious interest permitted by Applicable Law shall either be applied as credit against the then unpaid principal amount of the indebtedness owed under this note or refunded to Borrower. Any commitment, extension, brokerage, loan or other fees or sums paid pursuant to this note, the loan evidenced hereby, or the deed of trust and which under Applicable Law are deemed to constitute interest shall be treated as interest and taken into account in calculating the maximum lawful rate of nonusurious interest permitted by Applicable Law. If the holder of this note shall ever receive anything of value that is characterized as interest under Applicable Law and that would apart from this provision be in excess of the maximum lawful rate of nonusurious interest permitted by Applicable Law, an amount equal to the amount that would have been excessive interest shall, without penalty, be applied to the reduction of the principal amount owing on the indebtedness evidenced by this note in the inverse order of its maturity and not to the payment of interest, or refunded to Borrower or the other payor thereof if and to the extent such amount, which would have been excessive, exceeds such unpaid principal. The right to accelerate maturity of this note, or any other indebtedness, does not include the right to accelerate any interest that has not otherwise accrued on the date of such acceleration, and the holder hereof does not intend to charge or receive any unearned interest in the event of acceleration. All interest paid or agreed to be paid to the holder hereof shall, to the extent permitted by Applicable Law, be amortized, prorated, allocated, and spread throughout the full stated term (including any renewal or extension) of such indebtedness so that the amount of interest on account of such indebtedness does not exceed the maximum lawful amount of nonusurious interest permitted by Applicable Law. Further, notwithstanding anything to the contrary contained herein, if the indebtedness evidenced by this note or the or the deed of trust is paid in full by Borrower or its successors or assigns prior to the full stated term of this note (as such term may have been extended pursuant to the terms hereof) and the interest received for the actual period of the existence of the indebtedness evidenced by this note exceeds the maximum lawful rate of nonusurious interest permitted by Applicable Law, then Lender, or its successors or assigns, shall refund to Borrower, or its successors or assigns, the amount of the excess of such interest over the maximum amount of nonusurious interest permitted under Applicable Law, and neither Lender, nor its successors or assigns, shall be subject to any of the penalties, if any, provided by Applicable Law for contracting for, charging, or receiving interest in excess of the maximum lawful rate of nonusurious interest permitted by Applicable Law. To the extent that Title 4 of the Texas Finance Code is relevant for purposes of determining the maximum lawful rate of nonusurious interest permitted by Applicable Law, the parties hereby elect to determine the applicable rate ceiling under such article by using the indicated (weekly) rate ceiling from time to time in effect, subject to Lender's right subsequently to change such method in accordance with Applicable Law.

"Applicable Law" shall mean that law (including, without limitation, Texas law), regulation, or judicial determination in effect from time to time and applicable to this note (including future changes in law), which lawfully permits the contracting for, charging and collection of the highest permissible rate of interest on this note and the loan evidenced hereby, including laws, regulations, and judicial determinations of the State of Texas and of the United States of America.

**Other Clauses**

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

A default exists under this note if (1) (a) Borrower or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party; (2) any representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrower, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Collateral Security is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is terminated, begins to wind up its affairs, suffers a forfeiture of right to do business, is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of any of the following parties: Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (8) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition; or (9) any attachment, sequestration or similar writ is levied upon any property of Borrower or Other Obligated Party and is not discharged within a period of thirty days; (10) any final money judgment against Borrower or any Other Obligated Party is not paid within thirty days; (11) Borrower abandons any portion of the property of Borrower; or (12) if Borrower is an individual, the death or disability of Borrower or Other Obligated Party, if Other Obligated Party is an individual.

**BORROWER waives its rights under the Texas Deceptive Trade Practices–Consumer Protection Act, section 17.41 *et seq.* of the Texas Business and Commerce Code, a law that gives consumers special rights and protections. After consultation with an attorney of its own selection, BORROWER voluntarily consents to this waiver.**

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

Borrower and Lender acknowledge that they were represented by competent counsel in connection with the negotiation, drafting and execution of this Note, deed of trust, and all other documents executed in connection with the same transaction between Lender and Borrower and that this Note, the deed of trust and all other documents executed in connection with the same transaction between Lender and Borrower shall not be subject to the principle of construing their meaning against the party which drafted same.

**BORROWER, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY KNOWINGLY, INTENTIONALLY, IRREVOCABLY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS NOTE OR ANY CONDUCT, ACT OR OMISSION OF LENDER OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.**

Borrower warrants to Lender and agrees that the proceeds of the Note will be used primarily for business or commercial purposes and not primarily for personal, family, or household purposes.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

BM318, LLC

By: Tim Barton
Its: President