Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**RESPONSE AND OBJECTION TO AMENDED MOTION OF SOUTHERN STAR CAPITAL, LLC D/B/A RELIANCE MORTGAGE COMPANY FOR RELIEF FROM AUTOMATIC STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW BM318, LLC, Debtor in the above entitled and numbered case ("Debtor"), and files this its *Response and Objection to Amended Motion of Southern Star Capital, LLC d/b/a Reliance Mortgage Company for Relief from Automatic Stay* (the "Motion") [Dkt. No. 17] and would respectfully show the Court (i) that the Movant in its Motion actually never claims to be a current creditor or holder of the promissory note described therein; (ii) that Movant's interests in the Note and Deed of Trust were transferred to Citizens Bank pursuant to a "Collateral Transfer of Note and Lien agreement;" (iii) that the Movant has "the right to service" the alleged debt pursuant to some unidentified and unproduced servicing agreement; (iv) that the alleged debt is disputed by the Debtor including substantial amounts that are owed to Debtor by Movant for money retained by Movant from certain loan proceeds as further asserted in the related state court case filed by

Debtor and a related entity, JMR100, LLC against the Movant, (v) that the dispute regarding the alleged debt between Debtor and Movant is included in the lawsuit filed by Debtor against Movant which includes other claims such as tortious interference by Movant in a transaction between Debtor and third party, and (iv) as follows:

1. The Debtor admits the allegation in Paragraph 1 of the Motion.

2. The Debtor admits the allegation in Paragraph 2 of the Motion.

3. The Debtor admits the allegation in Paragraph 3 of the Motion.

4. The Debtor admits the allegation in Paragraph 4 of the Motion to the extent that Southern Star Capital, LLC ("SSC") was the original lender but denies the allegation that SSC is the "current servicer" of the holder of the Note and deed of trust on the real property in question. Movant originally claimed to be the mortgagee in its Notice of Foreclosure/Trustee's Sale dated April 13, 2020. Only upon Debtor's discovery of certain assignments of the promissory note and deed of trust to Movant's lender (which Debtor asserted in the underlying litigation where Debtor has filed suit against Movant for various claims) did Movant change its tune and then claim it is actually a servicer. Nonetheless, Movant has no servicing agreement with the holder of the Note and has not produced any evidence of such as an exhibit to this amended Motion despite ample opportunity to do so. Movant's principal, Mike Anderson, has testified in open court in the underlying litigation that no such agreement exists despite Movant's claims to the alternative as may have been asserted in any written notices by the Movant. For a servicer to foreclose, a servicing agreement is required under section 51.0025 of the Texas Property Code which not only requires an agreement between the mortgage servicer and the lender granting authority to service a loan and administer a foreclosure but also requires the disclosure that the mortgage servicer is

representing the lender under a servicing agreement with the lender in the foreclosure notice.[1] Additionally, since Movant claims that it is no longer the owner and holder of the Note, Movant has no control over the alleged debt and remedies resulting from an alleged default. In the event that any rights to the Note have been assigned to an entity now holding said Note, presumably any remedy for alleged non-payment would belong to that entity. Since the Movant would have no claim against the Debtor due to its lack of right to service the Note (resulting from its failure to establish its status as the servicer of the Note), and since the Movant is not a creditor, consequentially the Movant has no standing in the case.

5. The Debtor admits the allegation in Paragraph 5 of the Motion to the extent documents so provide and to the extent not in conflict with Paragraph 4 of this response

6. The Debtor admits the allegations in Paragraph 6 of the Motion to the extent documents so provide and to the extent not in conflict with Paragraph 4 of this response.

7. The Debtor admits the allegation in Paragraph 7 of the Motion to the extent documents so provide and to the extent not in conflict with Paragraph 4 of this response.

8. The Debtor admits the allegations in Paragraph 8 of the Motion, but only to the extent the documents contain the language asserted and otherwise denies the allegations in Paragraph 8 of the Motion including because Debtor disputed such amounts allegedly owed to Movant, Movant owes certain amounts to Debtor, and other reasons as set forth above including

[1] Sec. 51.0025. ADMINISTRATION OF FORECLOSURE BY MORTGAGE SERVICER. A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if: (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and (2) the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and: (A) the address of the mortgagee; or (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage. Added by Acts 2003, 78th Leg., ch. 554, Sec. 1, eff. Jan. 1, 2004. Amended by: Acts 2005, 79th Leg., Ch. 555 (H.B. 1235), Sec. 2, eff. September 1, 2005.

Paragraph 4 all of which have been asserted against Movant by Debtor in the underlying litigation against Movant.

9. The Debtor admits the allegations in Paragraph 9 to the extent documents so provide.

10. The Debtor admits the allegation in Paragraph 10 only to the extent that there is a CD being held in the amount of $165,000 although it has no basis to admit or deny the amount of any accrued interest on the CD as Debtor has never received a copy of the documentation regarding the CD and otherwise denies the allegation in Paragraph 10 including because Debtor disputes such amounts allegedly owed to Movant, Movant owes certain amounts to Debtor, and other reasons as set forth above including as in Paragraph 4 all of which have been asserted against Movant by Debtor in the underlying litigation against Movant.

11. The Debtor denies the allegation in Paragraph 11 of the Motion including because Debtor disputed such amounts allegedly owed to Movant, Movant owes certain amounts to Debtor, and other reasons as set forth above including Paragraph 4 all of which have been asserted against Movant by Debtor in the underlying litigation against Movant.

12. The Debtor denies the allegation in Paragraph 12 of the Motion for reasons stated *supra*, and reasserts that Movant has no cause of action to which Fed. R. Bankr. P. 4001(a)(3) may apply, and that it has no standing by which to request foreclosure and sale of the real property in question.

13. The Debtor denies the allegation in Paragraph 13 of the Motion since Movant has no standing by which to file its Motion. In the event that the Court finds to the contrary, Debtor asserts that the requested amount of attorney's fees (i.e. $2,500.00) is excessive given the length of the Motion and the simplicity of the arguments contained therein.

14. The Debtor denies the allegation in Paragraph 14 of the Motion to the extent that the Movant has no standing to request termination of the stay, nor does it have any apparent interest in the real property in question since it is no longer the holder of either the Note or the associated Deed of Trust and for the reasons stated above. As such, neither termination of the stay nor foreclosure on the property would be appropriate.

15. The Debtor denies the allegation in Paragraph 15 of the Motion for the reasons stated above including because Debtor disputed such amounts allegedly owed to Movant, Movant owes certain amounts to Debtor, and other reasons as set forth above including Paragraph 4 all of which have been asserted against Movant by Debtor in the underlying litigation against Movant. Additionally Debtor further denies the allegations due to Movant's lack of interest in the real property in question or any servicing agreement and Movant's lack of standing by which to assert a cause of action that would entitle it to termination of the automatic stay, or which would entitle it to adequate protection payments. In the event the Court deems adequate protection would be appropriate, Debtor would argue that such payments should be made not to the Movant, but rather to the owner and holder of the Note and Deed of Trust, which would render any termination of the automatic stay inappropriate and unnecessary.

16. The Debtor denies the allegation in Paragraph 16 of the Motion that an 11 U.S.C. § 362(d)(2) Cause of Action is appropriate.

17. The Debtor denies the allegations in Paragraph 17 of the Motion as to the applicability of any waiver of Fed. R. Bankr. P. 4001(a)(3) and that relief from the automatic stay is not appropriate.

18. The Debtor admits the allegation in Paragraph 18 of the Motion to the extent that the Motion is indeed supported by the referenced affidavit, but denies the allegations provided therein as mere restatements of those presented in the Motion, and for the reasons articulated *supra*.

19. The Debtor filed this case on an emergency basis in order to prevent foreclosure of its property and notes that such property is necessary for the Debtor's reorganization.

20. The Debtor has equity in its Property made the subject of this Motion.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court enter its order denying the relief requested in the Motion, and that the Court grant the Debtor such other and further relief as it may deem just and proper.

Dated: November 4, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 4, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below:

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Joyce W. Lindauer on behalf of Debtor BM318, LLC
joyce@joycelindauer.com; dian@joycelindauer.com; gina@joycelindauer.com

Scott A. Ritcheson on behalf of Creditor Citizens Bank
scottr@rllawfirm.net; mistyb@rllawfirm.net

Laurie A. Spindler on behalf of Creditor Parker CAD
Laurie.Spindler@lgbs.com; Dora.Casiano-Perez@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer