October 29, 2020

Mr. Mike Anderson
Southern Star Capital, LLC d/b/a
Reliance Mortgage Company
5220 Spring Valley Road, Suite 602
Dallas, Texas 75254

**Re:** Loan Servicing Agreement

**Collateral Note:** Promissory Note dated May 3, 2019, executed by BM318, LLC ("Collateral Note Maker") in the principal amount of $1,650,000.00 and payable to Southern Star Capital, LLC d/b/a Reliance Mortgage Company (and its assigns)

**Deed of Trust:**
Date: May 3, 2019.
Grantor: BM318, LLC, a Texas limited liability company
Mortgagee: Southern Star Capital, LLC, d/b/a Reliance Mortgage Company.
Recording information: File No. 201911244 of the Deed Records of Parker County, Texas.

**Collateral Assignment/Pledge:** Collateral Note was assigned as collateral to Citizens Bank on May 7, 2019 by Collateral Transfer of Note and Lien recorded at File No. 201918475 of the Deed Records of Parker County, Texas.

Dear Mr. Anderson:

This letter agreement sets forth the terms under which Southern Star Capital, LLC, d/b/a Reliance Mortgage Company ("SSC") will perform its duties as "mortgage servicer" of the Collateral Note pursuant to Chapter 51 of the Texas Property Code.

1. Mortgage Servicer. Citizens Bank ("Bank") has possession of the original of the Collateral Note. Bank is, therefore, the holder of the Collateral Note pursuant to the Collateral Assignment/Pledge. SSC is the owner of the Collateral Note, subject to Bank's perfected security interest. At all times from and after the date of the Collateral Note, and until such time as Bank instructs otherwise according to the terms of the Loan Documents, SSC is the person to whom all payments on the Collateral Note shall be sent. SSC agrees, in turn, to forward to Bank all payments received on the Collateral Note.

2. Collateral Note Modifications. SSC will not agree to renew, extend, or modify the Collateral Note or grant releases of any part of the property securing the Collateral Note without Bank's prior written consent. SSC also agrees that it will not, without Bank's prior written consent, do or perform any of the following acts or actions: a) modify any terms in the Deed of Trust; b) commingle any payments made on the Collateral Note with any of SSC's other funds or property; c) discount, forgive or waive any amount owed on the Collateral Note; or d) do any act or permit any action that would compromise, settle or impair all or any part of the Collateral Note or Deed of Trust, or release any of the supporting obligations related the Collateral Note.

3. Enforcement of Collateral Note. Subject to the terms of this servicing agreement and the other Loan Documents, SSC agrees to employ commercially reasonable and prudent practices to collect all scheduled payments and other amounts owed on the Collateral Note including (if necessary) to take all actions for the enforcement of all of the SSC's rights as set forth under the terms of the Collateral Note, Deed of Trust and any underlying guaranty agreement or other supporting obligation. These actions may include, but are not limited to, processing and making demands, the receipt and collecting of all payments, taking any and all necessary action to conduct any foreclosure necessary to collect the Collateral Note or to enforce the Deed of Trust (including requesting the trustee to act or the appointment of any substitute trustee), and the taking of any reasonably necessary action in any court of competent jurisdiction, including Texas State Courts, United States District Courts and United States Bankruptcy Courts to

EXHIBIT
tabbies
Southern Star
5

enforce the terms of the Collateral Note, the Deed of Trust and any underlying guaranty agreement or other supporting obligation. Also subject to the terms of this servicing agreement and the other Loan Documents, SSC is authorized to bring any legal action necessary against any entity or individual that may be responsible for all or any part of the obligations due under the Collateral Note, the Deed of Trust and any underlying guaranty agreement or other supporting obligation. SSC is authorized to bring any such action in its own name, whether same be in any Court or Bankruptcy proceeding, and is further authorized to file in its own name any petition, claim, counter-claim, cross-claim, third-party claim, motion for relief from any bankruptcy stay, or any other legal proceeding, and to defend same, as may be necessary to enforce the terms of the Collateral Note, the Deed of Trust or any underlying guaranty agreement or other supporting obligation.

4. Foreclosure. Prior to foreclosing all or any part of the lien arising under the Deed of Trust, SSC agrees: (a) to give Bank at least twenty (20) days prior written notice of any scheduled foreclosure sale; (b) obtain Bank's prior written consent or permission regarding any amount to be bid by SSC at foreclosure as a credit against the Collateral Note; (c) if SSC is the highest bidder at foreclosure, then SSC will immediately upon foreclosure and simultaneously with the execution of any trustee's deed or substitute trustee's, execute and deliver to Bank a first and prior mortgage instrument against the real property made the subject of the Deed of Trust to secure the payment of the Obligations owed to Bank and to provide Bank with a Loan Policy of Title Insurance in an amount equal to at least the unpaid balance of the Obligations, which mortgage instrument shall be on a form deemed appropriate by Bank in the exercise of its sole discretion and judgment; and (d) that SSC will make no representation, or do or perform any act to imply or suggest that SSC is an agent, attorney-in-fact, representative of or joint venturer with Bank.

5. Indemnity. SSC agrees to indemnify Bank and hold Bank harmless of and from any and all damages, losses, claims, liabilities, and/or causes of action suffered by, made against or asserted against Bank (a) by the Collateral Note Maker or by any guarantor or other party obligated on the Collateral Note, (b) arising from any act, conduct or omission of SSC or Bank (including either such party's negligence) in connection with the Collateral Note, the Deed of Trust, any guaranty agreement related to the Collateral Note, or any action or proceeding to enforce the Collateral Note or any lien described in the Deed of Trust, and/or (c) any default by SSC under the terms of this servicing agreement or any of the Loan Documents. Notwithstanding the above, Bank shall have the sole and exclusive right to hire and engage its own legal counsel for the purpose of defending any such claims or any interests of Bank and SSC agrees that the costs and expenses (including all attorneys' fees) incurred by Bank in connection with such defense shall be paid by SSC and are included as a part of the Obligations.

6. Reports. SSC will furnish Bank from time-to-time statements and information concerning the Collateral Note, the Deed of Trust, any litigation related to either, and such other reports and information related to the Collateral Note and SSC's enforcement efforts as Bank may request, all of which statements and information shall be in such detail as is requested by Bank.

7. No Agency. SSC is not authorized by this servicing agreement (or otherwise) to be, act or serve as an agent or attorney-in-fact for Bank. No term or provision of this servicing agreement or of any of the other Loan Documents is intended to be, or shall be deemed to be, or shall be treated as any form of partnership, association, joint venture or as creating any agency or fiduciary relationship between Bank and SSC.

8. Amendment. This servicing agreement may be amended only by an instrument in writing signed by Bank and SSC. This servicing agreement supersedes and replaces that certain letter agreement by and between SSC and Bank dated July 29, 2020. Nothing set forth in this servicing agreement shall amend or be deemed to amend, satisfy or replace any of the other Loan Documents or any of the provisions thereof.

9. Multiple Counterparts; Signatures. This servicing agreement may be signed in multiple counterparts which, taken together and as combined, shall represent a single original. Signatures may be made and transmitted electronically, in person, and/or by facsimile transmission, all of which shall be considered the "original" signature of the Person signing and transmitting the instrument. Bank is authorized to combine separate signature pages into a single original of this instrument.

10. Defined Terms. The terms defined at the beginning of or in the body of this servicing agreement shall have the meanings and/or definitions so stated. Any other term used herein and defined in the Texas Business and Commerce Code (as such Code is from time to time amended) shall have the same definition contained in said

Code, unless expressly provided otherwise herein. In addition to the other terms defined above, the following terms have these meanings when used in this servicing agreement:

"Loan Documents" means this servicing agreement, the Collateral Assignment/Pledge, the promissory note described as part of the Obligations, and any and all other loan agreements, deeds of trust, security agreements, guaranty agreements, assignments, assignments of rents, indemnity agreements, certifications, pledge agreements, and other agreements or documents related to or securing all or any part of the Obligations, together with any and all renewals, modifications, amendments, restatements, extensions and supplements thereof.

"Obligations" means and includes all amounts owed to Bank under the terms of the promissory note executed by SSC and payable to the order of Bank dated July 22, 2020 in the original principal amount of $1,576,675.00, and all other amounts and obligations owed to Bank under the terms of any other Loan Document.

Please acknowledge your agreement with the terms stated in this letter by your signature below.

Sincerely,

Citizens Bank.

By: [signature]

Kenneth Plunk

Printed Name

EVP

Title

AGREED AND ACCEPTED:

Southern Star Capital, LLC d/b/a
Reliance Mortgage Company

By: [signature]
Michael D. Anderson, its Manager

[signature]
Michael D. Anderson, individually as guarantor