Filed: 7/24/2020 2:38 PM
Sharena Gilliland
District Clerk
Parker County, Texas
Michael Daniels

CAUSE NO. CV20-0923

| | | |
|---|---|---|
| JMR 100, LLC and BM318, LLC, *Plaintiffs,* | § | IN THE DISTRICT COURT |
| VS. | § | |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ, *Defendants.* | § | OF PARKER COUNTY, TEXAS<br>Parker County - 415th District Court<br>_____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now JMR 100, LLC and BM318, LLC (collectively "Plaintiffs") and file this their *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Discovery Control Plan Level 3 as set forth in the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiffs are domestic limited liability companies doing business in Parker County.
3. Defendant SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY ("Reliance Mortgage") is a domestic limited liability company doing business in Johnson County and may be served with process through its registered agent, Mike Anderson, at 5220 Spring Valley Road, Suite 602, Dallas, Texas 75254.



EXHIBIT
tabbies
Southern Star
6

4. Defendant Mike Anderson ("Anderson") is an individual residing in Dallas County who may be served with process at 6613 Forest Creek Drive, Dallas, Texas 75230.

5. Defendant Mark Adams ("Adams") is an individual residing in Dallas County who may be served with process at 6476 Ridgeview Circle, Dallas, Texas 75240.

6. Defendant Robert W. Buchholz is an individual conducting business in Dallas County who may be served with process at 420 S. Cesar Chavez Blvd., Suite 300, Dallas, Texas 75201.

## III. VENUE

7. Venue is proper in Parker County, Texas pursuant to Section 15.002 of the Civil Practice & Remedies Code.

## IV. STATEMENT OF FACTS

8. Plaintiffs are single-purpose entities and affiliates of JMJ Development, LLC. Plaintiffs was formed for the purpose of acquiring tracts of land in Johnson County, Texas. The two tracts of land are more fully described on Exhibit A (JMR100) and Exhibit B (BM318) attached hereto and collectively referred to herein as the "Property."

9. Defendant Robert Buchholz is the named trustee (the "Trustee") on two deeds of trust regarding the Property and filed at Clerk's File No. 201903456 (JMR100) and Clerk's File No. 201911244 (BM318) in the real property records of Parker County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.

10. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.

11. Anderson is the sole manager of Reliance Mortgage.

12. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiffs) on the one hand and Reliance Mortgage on the other hand.

13. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiffs).

14. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

15. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of foreclosure sales on the Property. Plaintiffs seek injunctive relief to stop the foreclosure sales and also seek damages caused by Defendants' actions.

16. Despite repeated requests by Plaintiff and Plaintiff's counsel, **Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreements** between Plaintiffs and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement. Exhibit C attached hereto contains examples of the previous requests made.

17. **Reliance Mortgage is improperly seeking, and the Trustee is improperly attempting to foreclose the Property based on, MONIES NOT OWED by Plaintiff and based on an incorrect accounting.** The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiffs. At a minimum, the demand for monies owed does not properly account for debt reduction

due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

18. The refusal to provide the documentation requested has precluded Plaintiffs from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreements.

19. Following Adams' departure from JMJ, it was discovered that Adams:

   a. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;

   b. converted company assets;

   c. improperly took and used company contacts and files; and

   d. improperly used confidential information regarding company projects.

20. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

21. Further, and unbeknownst to Plaintiffs, Adams and Anderson concocted a scheme for Reliance Mortgage to loan Plaintiff BM318, LLC monies in excess of the loan amount required by Plaintiff BM318, LLC. Following the funding of the loan to Plaintiff BM318, LLC, Adams loaned Anderson Two Hundred Fifty Thousand Dollars ($250,000.00) from the loan proceeds without authority, approval, or any paperwork.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS RELIANCE MORTGAGE, ANDERSON, AND ADAMS

### Count A – Fraud

22. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

23. Plaintiffs would show that the foregoing allegations constitute fraud and said actions have caused Plaintiffs damage in an amount in excess of the minimum jurisdictional limits of this Court.

24. Plaintiffs would show the following as to Defendants' common-law fraud:

    a. Defendants made a representation to Plaintiffs.

    b. The representation was material.

    c. The representation was false.

    d. When Defendants made the representation, Defendants:

        i. Knew the representation was false; or

        ii. Made the representation recklessly, as a positive assertion, and without knowledge of its truth.

    e. Defendants made the representation with the intent that the Plaintiffs act on it.

    f. Plaintiffs relied on the representation.

    g. The representation caused Plaintiffs injury.

25. Plaintiffs would show the following as to Defendants statutory fraud:

    a. There was a transaction involving real estate or stock.

    b. During the transaction, the Defendants:

        i. Made a false promise of fact;

        ii. Made a false promise; or

        iii. Benefitted by not disclosing that a third-party's representation or promise was false.

c. The false representation or promise was made for the purpose of inducing plaintiff to enter into a contract.

d. Plaintiffs relied on the false representation or promise by entering into the contract.

e. The reliance caused Plaintiffs' injury.

26. Defendants knew the statements were false when made, and intended Plaintiffs to rely upon these representations, on which Plaintiffs did detrimentally rely. Plaintiffs relied upon the misrepresentations of Defendants to their detriment. Defendants knew the representations were false or such representations were made recklessly without any knowledge as to the truth and the representations were made knowing Plaintiffs would rely upon them. As a result of the fraud of Defendants, Plaintiffs suffered damages in excess of the minimum jurisdictional limits of this Court. Defendants' conduct constitutes fraud under common and statutory law, including Tex. Bus. & Comm. Code §27.01. Accordingly, Plaintiffs also seek exemplary damages sufficient to punish Defendants for said conduct.

<u>**Count B – Conspiracy**</u>

27. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

28. Defendants all combined to accomplish the unlawful purpose of committing fraud against Plaintiffs in connection with the real estate financing at issue. Defendants had a meeting of the minds regarding their fraudulent course of action. All actions taken by Defendants were taken in furtherance of the conspiracy. At least one member of the conspiracy committed an unlawful, overt act of committing fraud against Plaintiffs.

29. The conspiracy has damaged Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

**Count C – Negligent Misrepresentation**

30. Plaintiffs incorporate by reference and re-allege all preceding sections of this Petition and would show Defendants made negligent misrepresentations to Plaintiffs in the course of Defendants' business and in a transaction in which Defendants' had a pecuniary interest. Plaintiffs relied upon the representations of Defendants and have suffered damages in excess of the minimum jurisdictional limits of the Court as a result of the negligent misrepresentations.

**Count D – Tortious Interference with Existing Contracts**

31. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

32. Plaintiff would further show that the foregoing allegations constitute tortious interference with an existing contract and said actions have caused Plaintiffs damage in an amount in excess of the minimum jurisdictional limits of this Court.

33. Plaintiffs would further show that:

   a. Plaintiffs had a valid contract;

   b. Defendants willfully and intentionally interfered with the contract;

   c. The interference proximately caused Plaintiffs' injury; and

   d. Plaintiffs incurred actual damage and loss.

**Count E – Tortious Interference with Prospective Contracts**

34. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

35. Plaintiffs would further show that the foregoing allegations constitute tortious interference with prospective contracts and said actions have caused Plaintiffs

damage in an amount in excess of the minimum jurisdictional limits of this Court.

36. Plaintiffs would further show:

a. There was a reasonable probability that Plaintiffs would have entered into a business relationship with a third person;

b. Defendant intentionally interfered with the relationship;

c. Defendant's conduct was independently tortious or unlawful;

d. The interference proximately caused Plaintiffs' injury; and

e. Plaintiffs suffered actual damage and loss.

## VI.
## ADDITIONAL CAUSES OF ACTION AGAINST DEFENDANT ADAMS

### Count A – Breach of Fiduciary Duty

37. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

38. Plaintiffs would show that the foregoing allegations constitute breach of fiduciary duties by Defendant Adams and such breach was the proximate cause of Plaintiffs' damages in an amount in excess of the minimum jurisdictional limits of this Court.

39. Plaintiffs would further show:

a. Plaintiffs and Defendant had a fiduciary relationship;

b. Defendant breached its fiduciary duties owed to Plaintiffs;

c. Defendant's breach:

   i. Proximately caused injury to Plaintiffs; and

   ii. Resulted in a benefit to Defendant.

### Count B – Conversion

40. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

41. Plaintiffs would show that the foregoing allegations constitute conversion and have

caused Plaintiffs damages as a direct, proximate, producing cause and responsibility thereof in an amount in excess of the minimum jurisdictional limits of this Court.

42. Plaintiffs would show that:

a. Plaintiffs owned, possessed, or had the right to immediate possession of the property at issue.

b. The property was personal property.

c. Defendant wrongfully exercised dominion or control over the property.

d. Plaintiffs suffered injury.

## VII. DAMAGES

43. Plaintiffs incorporate by reference and re-allege all allegations of this Petition and would further show that Plaintiffs seek monetary relief of more than $1,000,000.00. Plaintiffs also seek non-monetary injunctive relief.

## VIII. PRE-JUDGMENT/POST-JUDGMENT INTEREST

44. Plaintiffs incorporate by reference and re-allege all allegations of this Petition and would further show that many of Plaintiffs' damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendants received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## IX. NOTICE/CONDITIONS PRECEDENT

45. All conditions precedent necessary to maintain this action have been performed or have

occurred. Alternatively, Defendants have wholly waived and are estopped from asserting all rights to any condition(s) precedent.

## X.
## ALTERNATIVE PLEADING

46. Plaintiffs incorporate by reference and re-allege all allegations of this Petition and would further show the Court that all pleadings herein, if deemed inconsistent, are made and should be construed in accordance with Rule 48 of the Texas Rules of Civil Procedure.

## XI.
## NOTICE OF INTENT

47. Plaintiffs hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XII.
## JURY DEMAND

48. Plaintiffs hereby demand a trial by jury.

## XIII.
## TEMPORARY AND PERMANENT INJUNCTION AGAINST DEFENDANT BUCHHOLZ

49. Plaintiffs request a Writ of Temporary Injunction pursuant to Section 65.011 of the Civil Practice and Remedies Code in order to maintain the status quo. As shown above, Reliance Mortgage, through the Trustee, is attempting to improperly foreclose on the Property at issue in this suit based on an improper demand for monies not owed by Plaintiffs.

50. Plaintiffs request that they be granted a temporary injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

51. Following the granting of the temporary relief requested herein, Plaintiffs request that

they be granted a permanent injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

52. Plaintiffs are likely to ultimately prevail on Plaintiffs' claims against Defendants.

53. Absent the injunction sought, Plaintiffs will suffer injury that is imminent and irreparable.

54. There is no adequate remedy at law to otherwise grant the relief sought by Plaintiffs.

55. Plaintiffs are willing to post a reasonable bond but request the same be waived as:

   a. The relief sought is not damaging to Defendant in any way;

   b. The relief sought is sought solely to ensure Plaintiffs do not suffer irreparable injury; and

   c. Defendant faces no unreasonable burden in complying with the injunction sought.

56. As alleged herein, there is a clear and present danger of a loss of rights to the Property, which will cause Plaintiffs immediate and irreparable injury for which there is no adequate remedy at law. Plaintiffs ask this Court to issue a Temporary Injunction immediately and without bond.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested above, and that upon final trial hereof, Plaintiffs recover judgment against the Defendants for the following:

   a. Judgment against Defendants for actual and exemplary damages;

   b. Costs of Court; and

   c. Such other and further relief to which Plaintiffs may be entitled at

law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

CAUSE NO. ________________

| | | |
|---|---|---|
| JMR 100, LLC and BM318, LLC, *Plaintiffs,* | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ, *Defendants.* | § | OF PARKER COUNTY, TEXAS |
| | § | _____ JUDICIAL DISTRICT |

**DECLARATION OF TIM BARTON**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1. My name is Tim Barton, I am over the age of twenty-one, of sound mind and capable of making this declaration.
2. I am authorized to make this declaration on behalf of JMR 100, LLC and BM318, LLC.
3. I have read the foregoing *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* (the "Petition").
4. The facts stated in Section IV "STATEMENT OF FACTS" are all true and correct. Specifically:
   a. Plaintiffs JMR 100, LLC and BM318, LLC (collectively "Plaintiffs") are single-purpose entities and affiliates of JMJ Development, LLC. Plaintiffs was formed for the purpose of acquiring tracts of land in Johnson County, Texas (the "Property").
   b. Defendant Robert Buchholz is the named trustee (the "Trustee") on two deeds of trust regarding the Property and filed at Clerk's File No. 201903456 (JMR100) and Clerk's File No. 201911244 (BM318) in the real property records of Parker County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.
   c. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.
   d. Anderson is the sole manager of Reliance Mortgage.
   e. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiffs) on the one hand and Reliance Mortgage on the other hand.
   f. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiffs).
   g. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

h. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of foreclosure sales on the Property. Plaintiffs seek injunctive relief to stop the foreclosure sales and also seek damages caused by Defendants' actions.

i. Despite repeated requests by Plaintiff and Plaintiff's counsel, Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreements between Plaintiffs and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement.

j. The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiffs. At a minimum, the demand for monies owed does not properly account for debt reduction due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

k. The refusal to provide the documentation requested has precluded Plaintiffs from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreements.

l. Following Adams' departure from JMJ, it was discovered that Adams:
   i. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;
   ii. converted company assets;
   iii. improperly took and used company contacts and files; and
   iv. improperly used confidential information regarding company projects.

m. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

n. Further, and unbeknownst to Plaintiffs, Adams and Anderson concocted a scheme for Reliance Mortgage to loan Plaintiff BM318, LLC monies in excess of the loan amount required by Plaintiff BM318, LLC. Following the funding of the loan to Plaintiff BM318, LLC, Adams loaned Anderson Two Hundred Fifty Thousand Dollars ($250,000.00) from the loan proceeds without authority, approval, or any paperwork.

My name is Tim Barton, my date of birth is August 17, 1963, and my address is 1755 Whittington Place, Suite 340, Dallas, Texas 75244, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on July 23, 2020.

Tim Barton, Declarant

# EXHIBIT "A"

99.963 acres situated in the T. & P. RR. CO. SURVEY, Abst. No. 1509, Parker County, Texas being that certain tract of land conveyed to JMR Ranch, LP. recorded in 201410636, Official Public Records, Parker County, Texas and being further described by metes and bounds in deed to Michael L. Rogers recorded in Volume 1548, Page 54, Official Public Records, Parker County, Texas. Said 99.963 acres being more particularly described, as follows:

Beginning at a 1/2" iron found at the southeast corner of said JMR Ranch, LP. tract at the southwest corner of that certain tract of land known as Tract II, described in deed to Kelly Bourne, Cody Bourne, Chad Bourne and Caitlin Bourne recorded in Volume 833, Page 619, Official Records, Parker County, Texas and in the north line of that certain tract of land described in deed to William Fleming by deed recorded in Volume 237, Page 562, Parker County, Texas.

THENCE South 80 degrees 52 minutes 05 seconds West, along the common line of said JMR Ranch, LP and Fleming tracts, 1923.48 feet to a capped Stevens Surveying 1/2" iron set for the southwest corner of said JMR Ranch LP tract and the southeast corner of that certain tract of land described in deed to MCRS Ranch by deed recorded in Volume 1409, Page 1104, Official Public Records, Parker County, Texas, from which a 1/2" iron found bears North 01 degrees 02 minutes 01 seconds West, 2.81 feet;

THENCE North 01 degrees 02 minutes 01 seconds West, along the common line of said JMR Ranch, LP and MCRS Ranch tracts, 2423.53 feet to a capped Stark 1/2" iron found in the south line of White Settlement Road;

THENCE North 89 degrees 02 minutes 34 seconds East, along the south line of said White Settlement Road, 1409.48 feet to a capped Stevens Surveying 1/2" iron set;

THENCE North 88 degrees 55 minutes 18 seconds East, continuing along the south line of said White Settlement Road, 494.28 feet to a 1/2" iron found at the northeast corner o said JMR Ranch, LP tract and the northwest corner of that certain tract of land known as Tract I described in deed to Kelly Bourne, Cody Bourne, Chad Bourne and Caitlin Bourne recorded in Volume 2833, Page 619, Official Public Records, Parker County, Texas;

THENCE South 01 degrees 02 minutes 53 seconds East, along the common line of said JMR Ranch LP and Bourne Tracts I & II, in all 2151.07 feet to the POINT OF BEGINNING and containing 99.963 acres of land.

EXHIBIT A

EXHIBIT "A"

File Number: 2025-275417-RU

BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of Way varies), from which a 2" steel fence corner post found in the south line of said Bear Creek Road bears S 01°12'55" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2239863.538, for reference;

THENCE S 67°36'03" E, along the approximate centerline of said Bear Creek Road and along the most north line of said Parcel No. 2, a distance of 2656.45 feet to a point for the northeast corner of the herein described 118.34 acre tract;

THENCE S 24°50'49" W, leaving the approximate centerline of said Bear Creek Road, and being along the west line of a Fifty (50) foot wide Right-of-Way Agreement to ONEOK Arbuckle Pipeline, L.L.C., recorded in Book 2651, Page 405, Official Public Records, Parker County, Texas, at a distance of 23.85 feet, passing a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084", and continuing, along the west line of said Fifty (50) foot wide Right-of-Way Agreement, in all, a distance of 203.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

THENCE S 04°46'43" W, continuing along the west line of said Fifty (50) foot wide Right-of-Way Agreement, a distance of 1684.81 feet to a point in the approximate centerline of Bear Creek for the southeast corner of the herein described 118.34 acre tract;

THENCE along the approximate centerline of said Bear Creek, as follows:

N 61°36'37" W, a distance of 807.44 feet to a point;

N 71°14'04" W, a distance of 217.93 feet to a point;

N 85°16'07" W, a distance of 121.44 feet to a point;

S 77°05'33" W, a distance of 141.01 feet to a point;

S 82°12'59" W, a distance of 239.64 feet to a point;

S 49°32'26" W, a distance of 208.64 feet to a point;

N 88°11'39" W, a distance of 114.28 feet to a point;

N 53°45'49" W, a distance of 175.97 feet to a point;

N 47°13'58" W, a distance of 200.18 feet to a point;

N 80°09'25" W, a distance of 392.40 feet to a point in the west line of said Parcel No. 2, for the southwest corner of the herein described 118.34 acre tract, from which a 5/8" capped iron rod found at the southwest corner of said Parcel No. 2 bears S 01°17'05" E, a distance of 1216.41 feet, for reference;

THENCE N 01°17'05" W, along the west line of said Parcel No. 2, a distance of 2375.35 to the POINT OF BEGINNING and containing 118.34 acres of land, more or less.

EXHIBIT
B

# McMurry Law, PLLC

Attorney and Mediation Services

June 26, 2020

*via email* markadams3@mac.com *and CMRRR*
Mark Adams
Southern Star Capital LLC dba
Reliance Mortgage Company
5220 Spring Valley Rd, Suite 602
Dallas, TX 75254

RE: Loan Documents

Mark,

Please accept this letter as a formal request to you and Southern Star Capital for all loan documents including notes, deeds of trusts, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and related documents for all current and past loans (such as Camillo Lakes) between Southern Star Capital, LLC (or any related entity or person) and any entity related to JMJ or Tim regardless of who was the borrower or who was the lender. Also, please include any transaction reports, statements, and similar documents. We are in the process of reconciling the financials and need to ensure that we have all relevant documents. Thanks.

Sincerely,

Vance McMurry

CC: Mike Anderson Mike@RMCDFW.com and Al Keller via Al@RMCDFW.com

EXHIBIT

C

508 W. Lookout, Ste 14 - 74 • Richardson, Texas 75080 • Phone: 972-746-9656 • Fax: 888-388-0561 • vance@mcmurrylegal.com

**RANDY P. MARX**

**From:** Tim Barton <tbarton@jmjdevelopment.com>
**Sent:** Friday, July 3, 2020 2:45 PM
**To:** Mike Anderson; Mike Anderson
**Cc:** RANDY P. MARX; Vance McMurry
**Subject:** Loan files

Mike

You were sent a letter from our lawyer requesting a copy of all files that are connected to the loans you made to any entity I had borrow from you.

It's a simple request as your records and our records don't match

I again ask that you send those files as we have a audit under way of all activities that a previous employer did you with.

As you can imagine it's highly concerning fact that this previous employee has now been given a lucrative agreement with you personally . Due to this highly irregular and many would consider unprofessional activity we now are forced to audit all activies and confirm to our partners no issue has occured other than honest mistakes.

I am sure you could understand the need for this information and that said information comes directly from your firm. Referring to files that this employee left or did not leave is not a answer professional parties would accept

Please confirm when you will Send them.

Regards
Tim Barton

Sent from my BlackBerry 10 smartphone.

**Beau Powell**

| | |
|---|---|
| **From:** | Van Shaw |
| **Sent:** | Monday, July 20, 2020 5:45 PM |
| **To:** | bob@attorneybob.com |
| **Cc:** | TBARTON@JMJDEVELOPMENT.COM; vance@mcmurrylegal.com; randy@themarxfirm.com; David Welch; Beau Powell; Kurt Hurley; Van Shaw |
| **Subject:** | 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure / 5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure / 7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure |

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 20, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

I am in receipt of your letters dated July 6, 2020 directed to JMR 100, LLC, BM318, LLC & LDG001, LLC referred to above. In follow-up:

1) Please send to me via email and fax (van@shawlaw.net / 214-754-7115) the "complete statement of the balance owed on the debt to the Noteholder" referred to in your July 6, 2020 letters

2) Advise of facts that support your statement that "Default has occurred under the terms of the Deed of Trust" for each loan referred to above

3) If you will not honor 1 & 2 above let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
VS.rv

Cc: Mr. Tim Barton TBARTON@JMJDEVELOPMENT.COM
Mr. Vance McMurry vance@mcmurrylegal.com
Mr. Randy P Marx randy@themarxfirm.com

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

BOARD CERTIFIED®
Texas Board of Legal Specialization

<Click and Follow us
www.shawlawoffice.com

**Beau Powell**

| | |
|---|---|
| **From:** | Van Shaw |
| **Sent:** | Tuesday, July 21, 2020 2:51 PM |
| **To:** | bob@attorneybob.com; john@attorneybob.com |
| **Cc:** | TBARTON@JMJDEVELOPMENT.COM; Mr. Vance McMurry; Mr. Randy P Marx; David Welch; Beau Powell; Kurt Hurley; Van Shaw |
| **Subject:** | FW: SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC |
| **Attachments:** | Response letter to Attorney Van Shaw 7-21-2020.pdf |

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 21, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com
john@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMJ 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

Thank you for your email letter and enclosures of today. In follow-up, please provide asap via fax and email copies of:

1) The Original Notes for each of the three (3) loans

2) The Deed of Trusts for each of the three (3) loans

3) The Original signed Loan Documents for each of the three (3) loans

4) Notice of Default & proof of delivery for each of the three (3) loans sent to my clients on behalf of the Note Holder

5) Please send to me via email and fax (van@shawlaw.net / 214-754-7115)

6) If you will not honor 1 - 5 above, let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

BOARD CERTIFIED
Texas Board of Legal Specialization

<Click and Follow us
www.shawlawoffice.com

**From:** The Law Office of Robert W. Buchholz, PC <john@attorneybob.com>
**Sent:** Tuesday, July 21, 2020 2:07 PM
**To:** Van Shaw <van@shawlaw.net>
**Subject:** SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC

Dear Mr. Shaw;

Please find attached Mr. Buchholz response to your correspondence dated July 20, 2020.

Should you have any question please let me know.

John / Paralegal
The Law Office of Robert W. Buchholz, PC
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas 75201
(p) 214-754-5500 (f) 214-754-9100

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person as any such actions may be unlawful.