DC-C202000421 - Johnson County - 249th District Court

Filed: 7/24/2020 2:25 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC,<br>*Plaintiff,*<br><br>VS.<br><br>SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>OF JOHNSON COUNTY, TEXAS<br><br>Johnson County - 249th District Court<br>_____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now LDG001, LLC ("Plaintiff") and files this its *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Discovery Control Plan Level 3 as set forth in the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff is a domestic limited liability company doing business in Johnson County.
3. Defendant SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY ("Reliance Mortgage") is a domestic limited liability company doing business in Johnson County and may be served with process through its registered agent, Mike Anderson, at 5220 Spring Valley Road, Suite 602, Dallas, Texas 75254.



EXHIBIT
Southern Star
9
tabbies

4. Defendant Mike Anderson ("Anderson") is an individual residing in Dallas County who may be served with process at 6613 Forest Creek Drive, Dallas, Texas 75230.

5. Defendant Mark Adams ("Adams") is an individual residing in Dallas County who may be served with process at 6476 Ridgeview Circle, Dallas, Texas 75240.

6. Defendant Robert W. Buchholz is an individual conducting business in Dallas County who may be served with process at 420 S. Cesar Chavez Blvd., Suite 300, Dallas, Texas 75201.

## III.
## VENUE

7. Venue is proper in Johnson County, Texas pursuant to Section 15.002 of the Civil Practice & Remedies Code.

## IV.
## STATEMENT OF FACTS

8. Plaintiff is a single-purpose entity and an affiliate of JMJ Development, LLC. Plaintiff was formed for the purpose of acquiring two tracts of land in Johnson County, Texas. The two tracts of land are more fully described on Exhibit A attached hereto and referred to herein as the "Property."

9. Defendant Robert Buchholz is the named trustee (the "Trustee") on a deed of trust regarding the Property and filed at Clerk's File No. 2019-18287 in the real property records of Johnson County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.

10. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.

11. Anderson is the sole manager of Reliance Mortgage.

12. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiff) on the one hand and Reliance Mortgage on the other hand.

13. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiff).

14. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

15. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of a foreclosure sale on the Property. Plaintiff seeks injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.

16. Despite repeated requests by Plaintiff and Plaintiff's counsel, **Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreement** between Plaintiff and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement. Exhibit B attached hereto contains examples of the previous requests made.

17. **Reliance Mortgage is improperly seeking, and the Trustee is improperly attempting to foreclose the Property based on, MONIES NOT OWED by Plaintiff and based on an incorrect accounting.** The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiff. At a minimum, the demand for monies owed does not properly account for debt reduction

due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

18. The refusal to provide the documentation requested has precluded Plaintiff from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreement.

19. Following Adams' departure from JMJ, it was discovered that Adams:

    a. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;

    b. converted company assets;

    c. improperly took and used company contacts and files; and

    d. improperly used confidential information regarding company projects.

20. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS RELIANCE MORTGAGE, ANDERSON, AND ADAMS

### Count A – Fraud

21. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

22. Plaintiff would show that the foregoing allegations constitute fraud and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.

23. Plaintiff would show the following as to Defendants' common-law fraud:

a. Defendants made a representation to Plaintiff.

b. The representation was material.

c. The representation was false.

d. When Defendants made the representation, Defendants:

    i. Knew the representation was false; or

    ii. Made the representation recklessly, as a positive assertion, and without knowledge of its truth.

e. Defendants made the representation with the intent that the Plaintiff act on it.

f. Plaintiff relied on the representation.

g. The representation caused Plaintiff injury.

24. Plaintiff would show the following as to Defendants statutory fraud:

a. There was a transaction involving real estate or stock.

b. During the transaction, the Defendants:

    i. Made a false promise of fact;

    ii. Made a false promise; or

    iii. Benefitted by not disclosing that a third-party's representation or promise was false.

c. The false representation or promise was made for the purpose of inducing plaintiff to enter into a contract.

d. Plaintiff relied on the false representation or promise by entering into the contract.

e. The reliance caused Plaintiff's injury.

25. Defendants knew the statements were false when made, and intended Plaintiff to rely

upon these representations, on which Plaintiff did detrimentally rely. Plaintiff relied upon the misrepresentations of Defendants to its detriment. Defendants knew the representations were false or such representations were made recklessly without any knowledge as to the truth and the representations were made knowing Plaintiff would rely upon them. As a result of the fraud of Defendants, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court. Defendants' conduct constitutes fraud under common and statutory law, including Tex. Bus. & Comm. Code §27.01. Accordingly, Plaintiff also seeks exemplary damages sufficient to punish Defendants for said conduct.

**Count B – Conspiracy**

26. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.
27. Defendants all combined to accomplish the unlawful purpose of committing fraud against Plaintiff in connection with the real estate financing at issue. Defendants had a meeting of the minds regarding their fraudulent course of action. All actions taken by Defendants were taken in furtherance of the conspiracy. At least one member of the conspiracy committed an unlawful, overt act of committing fraud against Plaintiff.
28. The conspiracy has damaged Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

**Count C – Negligent Misrepresentation**

29. Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would show Defendants made negligent misrepresentations to Plaintiff in the course of Defendants' business and in a transaction in which Defendants' had a pecuniary interest. Plaintiff relied upon the representations of Defendants and has

suffered damages in excess of the minimum jurisdictional limits of the Court as a result of the negligent misrepresentations.

**Count D – Tortious Interference with Existing Contracts**

30. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

31. Plaintiff would further show that the foregoing allegations constitute tortious interference with an existing contract and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.

32. Plaintiff would further show that:

    a. Plaintiff had a valid contract;

    b. Defendants willfully and intentionally interfered with the contract;

    c. The interference proximately caused Plaintiff's injury; and

    d. Plaintiff incurred actual damage and loss.

**Count E – Tortious Interference with Prospective Contracts**

33. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

34. Plaintiff would further show that the foregoing allegations constitute tortious interference with prospective contracts and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.

35. Plaintiff would further show:

    a. There was a reasonable probability that Plaintiff would have entered into a business relationship with a third person;

    b. Defendant intentionally interfered with the relationship;

    c. Defendant's conduct was independently tortious or unlawful;

    d. The interference proximately caused Plaintiff's injury; and

e. Plaintiff suffered actual damage and loss.

## VI.
## ADDITIONAL CAUSES OF ACTION AGAINST DEFENDANT ADAMS

### Count A – Breach of Fiduciary Duty

36. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

37. Plaintiff would show that the foregoing allegations constitute breach of fiduciary duties by Defendant Adams and such breach was the proximate cause of Plaintiff's damages in an amount in excess of the minimum jurisdictional limits of this Court.

38. Plaintiff would further show:

   a. Plaintiff and Defendant had a fiduciary relationship;

   b. Defendant breached its fiduciary duties owed to Plaintiff;

   c. Defendant's breach:

      i. Proximately caused injury to Plaintiff; and

      ii. Resulted in a benefit to Defendant.

### Count B – Conversion

39. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

40. Plaintiff would show that the foregoing allegations constitute conversion and have caused Plaintiff damages as a direct, proximate, producing cause and responsibility thereof in an amount in excess of the minimum jurisdictional limits of this Court.

41. Plaintiff would show that:

   a. Plaintiff owned, possessed, or had the right to immediate possession of the property at issue.

   b. The property was personal property.

   c. Defendant wrongfully exercised dominion or control over the property.

d. Plaintiff suffered injury.

## VII.
## DAMAGES

42. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show that Plaintiff seeks monetary relief of more than $1,000,000.00. Plaintiff also seeks non-monetary injunctive relief.

## VIII.
## PRE-JUDGMENT/POST-JUDGMENT INTEREST

43. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show that many of Plaintiff's damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendants received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## IX.
## NOTICE/CONDITIONS PRECEDENT

44. All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendants have wholly waived and are estopped from asserting all rights to any condition(s) precedent.

## X.
## ALTERNATIVE PLEADING

45. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show the Court that all pleadings herein, if deemed inconsistent, are made and should be construed in accordance with Rule 48 of the Texas Rules of Civil

Procedure.

## XI.
## NOTICE OF INTENT

46. Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XII.
## JURY DEMAND

47. Plaintiff hereby demands a trial by jury.

## XIII.
## TEMPORARY AND PERMANENT INJUNCTION AGAINST DEFENDANT BUCHHOLZ

48. Plaintiff requests a Writ of Temporary Injunction pursuant to Section 65.011 of the Civil Practice and Remedies Code in order to maintain the status quo. As shown above, Reliance Mortgage, through the Trustee, is attempting to improperly foreclose on the Property at issue in this suit based on an improper demand for monies not owed by Plaintiff.

49. Plaintiff requests that it be granted a temporary injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

50. Following the granting of the temporary relief requested herein, Plaintiff requests that it be granted a permanent injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

51. Plaintiff is likely to ultimately prevail on Plaintiff's claims against Defendants.

52. Absent the injunction sought, Plaintiff will suffer injury that is imminent and irreparable.

53. There is no adequate remedy at law to otherwise grant the relief sought by Plaintiff.

54. Plaintiff is willing to post a reasonable bond but requests the same be waived as:

    a. The relief sought is not damaging to Defendant in any way;

    b. The relief sought is sought solely to ensure Plaintiff does not suffer irreparable injury; and

    c. Defendant faces no unreasonable burden in complying with the injunction sought.

55. As alleged herein, there is a clear and present danger of a loss of rights to the Property, which will cause Plaintiff immediate and irreparable injury for which there is no adequate remedy at law. Plaintiff asks this Court to issue a Temporary Injunction immediately and without bond.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested above, and that upon final trial hereof, Plaintiff recover judgment against the Defendants for the following:

a. Judgment against Defendants for actual and exemplary damages;

b. Costs of Court; and

c. Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFF

DC-C202000421
CAUSE NO. ________________

| | | |
|---|---|---|
| LDG001, LLC,<br>*Plaintiff,*<br><br>VS.<br><br><br>SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br>OF JOHNSON COUNTY, TEXAS<br><br><br>Johnson County - 249th District Court<br>_____ JUDICIAL DISTRICT |

**DECLARATION OF TIM BARTON**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1. My name is Tim Barton, I am over the age of twenty-one, of sound mind and capable of making this declaration.
2. I am authorized to make this declaration on behalf of LDG001, LLC.
3. I have read the foregoing *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* (the "Petition").
4. The facts stated in Section IV "STATEMENT OF FACTS" are all true and correct. Specifically:
    a. Plaintiff is a single-purpose entity and an affiliate of JMJ Development, LLC. Plaintiff was formed for the purpose of acquiring two tracts of land in Johnson County, Texas (the "Property").
    b. Defendant Robert Buchholz is the named trustee (the "Trustee") on a deed of trust regarding the Property and filed at Clerk's File No. 2019-18287 in the real property records of Johnson County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.
    c. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.
    d. Anderson is the sole manager of Reliance Mortgage.
    e. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiff) on the one hand and Reliance Mortgage on the other hand.
    f. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiff).
    g. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

h. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of a foreclosure sale on the Property. Plaintiff seeks injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.
i. Despite repeated requests by Plaintiff and Plaintiff's counsel, Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreement between Plaintiff and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement.
j. The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiff. At a minimum, the demand for monies owed does not properly account for debt reduction due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.
k. The refusal to provide the documentation requested has precluded Plaintiff from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreement.
l. Following Adams' departure from JMJ, it was discovered that Adams:
    i. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;
    ii. converted company assets;
    iii. improperly took and used company contacts and files; and
    iv. improperly used confidential information regarding company projects.
    v. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

My name is Tim Barton, my date of birth is August 17, 1963, and my address is 1755 Whittington Place, Suite 340, Dallas, Texas 75244, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on July 23, 2020.

Tim Barton, Declarant

Doc43257

# EXHIBIT "A"

**TRACT 1:**

**Being a 153.9273 acre tract of land situated in the B.B.B. & C.R.R. Co. Survey, Abstract No. 93, being part of that certain called 156 acre tract of land described in from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 153.9273 acre tract to be more particularly described by meets and bounds as follows:**

**BEGINNING at a 1/2" iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of the Jackson Smith Survey, Abstract No. 758 and being in the East line of Philip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records and also being in the East line of that certain called 94.26 Acre tact of land form Edco Farms, Inc. and Fairview Farms, Inc. to Harper Cattle, LLC and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);**

**THENCE North 30°31'39" West with said County Road 213, the West line of said 156 acre tract and the East line of said 94.26 acre tract a distance of 2,640.00 feet to a point for corner at the Northwest corner of said 156 acre tract, the Southwest corner of that certain called 1.074 acre tract described in deed from called 1.074 acre tract from J.W. Martin to H.C. Griffin and recorded in Volume 1583, Page 241of said Deed Records;**

**THENCE North 59°28'21" East with the North line of said 156 acre tract and the South line of said 1.074 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference corner in said Right-of-Way and continuing a total distance of 869.98 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the North line of said 156 acre tract, the East corner of said 1.074 acre tract and also being in the South line of G.C. & S.F. Railroad (100 foot wide Right-of-Way);**

**THENCE North 66°32'57" East with the South line of said Railroad a distance of 682.02 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in said South line at the beginning of a curve to the right;**

**THENCE in a Northeasterly direction with said curve to the right having a radius of 2595.97 feet, whose chord bears North 70°50'32" East - 388.67 feet for an arc length of 389.03 feet to 1/2" iron rod with plastic marked "SANDS" set for corner in South line of said Railroad;**

**THENCE North 75°08'08" East with said South line a distance of 756.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the East line of said 156 acre tract and being in the West line of that certain called 184.887 acre tract of land conveyed to Billy C. Roten by deed recorded in Volume 1248, Page 742 of said Deed Records;**

A-1

EXHIBIT
A

Bao10297

THENCE South 30°31'39" East with the East line of said 156 acre tract and the West line of said 184.887 acre tract at a distance of 2,245.02 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the North Right-of-Way of said County Road No. 110 and continuing a total distance of 2,275.02 feet a point for corner at the Southeast corner of said 156 acre tract and being in the Southerly edge of County Road 110 (60' right-of-way);

THENCE South 59°28'21" West with said road and the South line of said 156 acre tract a distance of 860.80 feet a point for corner in said road and being at the Southeast corner of that certain called 1.003 acre tract of land described in deed from Patrick M. Griffin to Kaleb L. Hazard and recorded in Instrument No. 201000025372 of said Deed Records;

THENCE North 30°31'39" West across said 156 acre tract and with the East line of said 1.003 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the East line of said 1.003 acre tract and continuing a total distance of 226.67 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;

THENCE South 59°32'03" West across said 156 acre tract and the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northwest corner of said 1.003 acre tract;

THENCE South 30°31'39" East across said 156 acre tract and the West line of said 1.003 acre tract at a distance of 196.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for reference in the West line of said 1.003 acre tract and continuing a total distance of 226.88 a point for corner at the Southwest corner of said 1.003 acre tract and in the Southerly line of County Road 110;

THENCE South 59°28'21" West with said County Road 110 and the South line of said 156 acre tract a distance of 1603.10 feet back to the Point of Beginning and Containing 6,705,073 Square feet and 153.9273 acres of land of which 3.4944 acres lie within County Roads, leaving a net acreage of 150.4329 acres of land, more or less.

TRACT 2:

Being a 47.8572 acre tract of land situated in the Jackson Smith Survey, Abstract No. 758, Johnson County, Texas, being all of that certain called 47-1/2 acre tract of land described in deed from Henry C. Griffin, Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of the Deed Records of Johnson County, Texas, said 46.9003 acre tract to be more particularly described by meets and bounds as follows:

COMMENCING at a 1/2" iron rod found for corner at the Northwest corner of said Jackson Smith Survey, same being the Southwest corner of the B.B.B. & C.R.R. Co. Survey, Abstract No. 93 and being at the intersection of County Road No. 213 (60' right-of-way) with County Road No. 110 (60' right-of-way);

Doc43237

THENCE with the North line of said Jackson Smith Survey and the South line of said B.B.B. & C.R.R. Co. Survey and with County Road No. 110 a distance of 2,656.62 feet to a point for corner in the Southerly line of said County Road 110, same being the Northwest corner of said 47-1/2 acre tract, the Northeast corner of that certain called 50 acre tract described in deed from Elzy Ray Brown to Judith Louise Brown and recorded in Volume 3119, Page 27 of said Deed Records, the Southeast corner of that certain called 156 acre tract described in deed from Henry C. Griffin Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of said Deed Records and the Southwest corner of that certain called 184.887 acre tract described in deed to Bill C. Roten and recorded in Volume 1248, Page 472 of said Deed Records and being at the POINT OF BEGINNING;

THENCE North 59°28'21" East with the North line of said 47-1/2 acre tract and with said County Road 110 a distance of 843.25 feet to a point for corner at the Northeast corner of said 47-1/2 acre tract, the Northwest corner of that certain called 70.74 acres tract of land described in deed from Schifano-Reagan, JV to Duane Schifano and recorded in Instrument No. 201200024756 of said Deed Records and also being in the South line of said 184.887 acre tract;

THENCE South 30°31'39" East with the East line of said 47-1/2 acre tract and the West line of said 70.74 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and counting at a distance of 1,721.56 feet passing a 1" iron found for corner at the Southwest corner of said 70.74 acre tract, same being the Northwest corner of that certain called 15.004 acre tract of land described in Deed from Walter Glenn Carlsle to RES Land Holding and recorded in Volume 3507, Page 398 of said Deed Records and continuing at a distance of 2,098.49 feet passing a 1" iron bar found for corner at the Southwest corner of said 15.004 acre tract, same being the Northwest corner of that certain called 0.78 acre tract of land described in deed from Erica Denise Vesper to Daniel H. Vesper, Sr. and recorded in Instrument No. 201000011279 of said Deed Records and counting at a distance of 2442.17 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and continuing a total distance of 2,472.17 feet to a point for corner at the Southeast corner of said 47.5 acre tract, the Southwest corner of said 0.78 acre tract, and being in County Road 109 (60' right-of-way) and also being in the North line of Southern Acres, Phase I, an addition to Johnson County, Texas;

THENCE South 59°28'21" West with the South line of said 47.5 acre tract and the North line of said Southern Acres a distance of 843.25 feet to a point for corner in said County Road 109 and being in the North line of that certain called Lot 2R-1, Block 1 of Harden Estates, an addition to Johnson County, Texas, according to the Plat thereof recorded in Volume 10, Page 463 of said Deed Records, same being the Southeast corner of said above mentioned 50 acre tract;

THENCE North 30°31'39" West with the West line of said 47-1/2 acre tract and the West line of said 50 acre tract a distance of 30.00 feet passing to a 1/2' iron rod with plastic marked "SANDS" set for reference and counting a total distance of 2472.17 feet back to the Point of Beginning and Containing 2,084,662 Square feet or 47.8572 acres of which 1.1616 acre lie within County Road leaving a net acreage of 46.6956 acres of land, more or less.

A-3

# McMurry Law, PLLC

**Attorney and Mediation Services**

June 26, 2020

*via email* markadams3@mac.com *and CMRRR*
Mark Adams
Southern Star Capital LLC dba
Reliance Mortgage Company
5220 Spring Valley Rd, Suite 602
Dallas, TX 75254

RE: Loan Documents

Mark,

Please accept this letter as a formal request to you and Southern Star Capital for all loan documents including notes, deeds of trusts, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and related documents for all current and past loans (such as Camillo Lakes) between Southern Star Capital, LLC (or any related entity or person) and any entity related to JMJ or Tim regardless of who was the borrower or who was the lender. Also, please include any transaction reports, statements, and similar documents. We are in the process of reconciling the financials and need to ensure that we have all relevant documents. Thanks.

Sincerely,

Vance McMurry

CC: Mike Anderson Mike@RMCDFW.com and Al Keller via Al@RMCDFW.com

EXHIBIT
B

508 W. Lookout, Ste 14 - 74 • Richardson, Texas 75080 • Phone: 972-746-9656 • Fax: 888-388-0561 • vance@mcmurrylegal.com

**RANDY P. MARX**

**From:** Tim Barton <tbarton@jmjdevelopment.com>
**Sent:** Friday, July 3, 2020 2:45 PM
**To:** Mike Anderson; Mike Anderson
**Cc:** RANDY P. MARX; Vance McMurry
**Subject:** Loan files

Mike

You were sent a letter from our lawyer requesting a copy of all files that are connected to the loans you made to any entity I had borrow from you.

It's a simple request as your records and our records don't match

I again ask that you send those files as we have a audit under way of all activities that a previous employer did you with.

As you can imagine it's highly concerning fact that this previous employee has now been given a lucrative agreement with you personally . Due to this highly irregular and many would consider unprofessional activity we now are forced to audit all activies and confirm to our partners no issue has occured other than honest mistakes.

I am sure you could understand the need for this information and that said information comes directly from your firm. Referring to files that this employee left or did not leave is not a answer professional parties would accept

Please confirm when you will Send them.

Regards
Tim Barton

Sent from my BlackBerry 10 smartphone.

**Beau Powell**

| | |
|---|---|
| **From:** | Van Shaw |
| **Sent:** | Monday, July 20, 2020 5:45 PM |
| **To:** | bob@attorneybob.com |
| **Cc:** | TBARTON@JMJDEVELOPMENT.COM; vance@mcmurrylegal.com; randy@themarxfirm.com; David Welch; Beau Powell; Kurt Hurley; Van Shaw |
| **Subject:** | 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure / 5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure / 7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure |

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 20, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

I am in receipt of your letters dated July 6, 2020 directed to JMR 100, LLC, BM318, LLC & LDG001, LLC referred to above. In follow-up:

1) Please send to me via email and fax (van@shawlaw.net / 214-754-7115) the "complete statement of the balance owed on the debt to the Noteholder" referred to in your July 6, 2020 letters

2) Advise of facts that support your statement that "Default has occurred under the terms of the Deed of Trust" for each loan referred to above

3) If you will not honor 1 & 2 above let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
VS.rv

Cc: Mr. Tim Barton TBARTON@JMJDEVELOPMENT.COM
Mr. Vance McMurry vance@mcmurrylegal.com
Mr. Randy P Marx randy@themarxfirm.com

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

BOARD CERTIFIED
Texas Board of Legal Specialization

<Click and Follow us
www.shawlawoffice.com

**Beau Powell**

**From:** Van Shaw
**Sent:** Tuesday, July 21, 2020 2:51 PM
**To:** bob@attorneybob.com; john@attorneybob.com
**Cc:** TBARTON@JMJDEVELOPMENT.COM; Mr. Vance McMurry; Mr. Randy P Marx; David Welch; Beau Powell; Kurt Hurley; Van Shaw
**Subject:** FW: SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC
**Attachments:** Response letter to Attorney Van Shaw 7-21-2020.pdf

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 21, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com
john@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMJ 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

Thank you for your email letter and enclosures of today. In follow-up, please provide asap via fax and email copies of:

1) The Original Notes for each of the three (3) loans

2) The Deed of Trusts for each of the three (3) loans

3) The Original signed Loan Documents for each of the three (3) loans

4) Notice of Default & proof of delivery for each of the three (3) loans sent to my clients on behalf of the Note Holder

5) Please send to me via email and fax (van@shawlaw.net / 214-754-7115)

6) If you will not honor 1 - 5 above, let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

**BOARD CERTIFIED**
**Texas Board of Legal Specialization**

**<Click and Follow us**
[www.shawlawoffice.com](http://www.shawlawoffice.com)

**From:** The Law Office of Robert W. Buchholz, PC <john@attorneybob.com>
**Sent:** Tuesday, July 21, 2020 2:07 PM
**To:** Van Shaw <van@shawlaw.net>
**Subject:** SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC

Dear Mr. Shaw;

Please find attached Mr. Buchholz response to your correspondence dated July 20, 2020.

Should you have any question please let me know.

John / Paralegal
The Law Office of Robert W. Buchholz, PC
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas 75201
(p) 214-754-5500 (f) 214-754-9100

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person as any such actions may be unlawful.