Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N Stemmons Fwy, Suite 1000
Dallas, TX 75207
Phone: (214) 880-0089
Fax: (469) 221-5125
Attorneys for Parker CAD

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | **§** | **Chapter 11** |
| | **§** | |
| **BM318, LLC,** | **§** | **Case No. 20-42789-MXM** |
| | **§** | |
| **Debtor.** | **§** | |

**OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED**
**PLAN OF REORGANIZATION DATED NOVEMBER 19, 2020**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Parker CAD, creditor and party-in-interest, and files this, its objection to confirmation of Debtor's First Amended Plan of Reorganization Dated November 19, 2020 (the "Plan") and would respectfully show the Court as follows:

**Background**

1. Parker CAD, a duly organized governmental unit of the State of Texas, is the holder of a prepetition claim for unpaid year 2020 ad valorem property taxes in the amount of $652.45 and an administrative expense claim against the Debtor for year 2021 ad valorem real property taxes in the estimated amount of $652.45.[1]

2. Parker CAD's claims are secured by unavoidable, first priority, perfected liens on property of the Debtor's estate pursuant to sections 32.01 and 32.05 of the Texas Property Tax

[1] The amount of Parker CAD's prepetition claim does not include postpetition interest. The estimated amount of Parker CAD's administrative expense claim is calculated using the base amount owed for tax year 2020. The actual amount owed for tax year 2021 will be determined pursuant to Texas Law in October 2021.

Code and 11 U.S.C. Section 362(b)(18).[2] *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995).

3. Texas Tax Code Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> …
>
> (d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Tex. Tax Code § 32.01. Texas Tax Code Section 32.05(b) provides:

> (b) . . . a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

Tex. Tax Code § 32.05(b).

**Objection to Confirmation**

Parker CAD objects to confirmation of the plan for numerous reasons.

4. Parker CAD objects to confirmation of the plan because it does not provide that Parker CAD retains the liens that secure all amounts ultimately owed for tax year 2021.

5. Parker CAD objects to confirmation of the plan because it does not provide for the payment of penalties and interest that will accrue if the 2021 taxes are not paid in full prior to the state law delinquency date.

---

[2] 11 U.S.C. Section 362(b)(18) allows the creation or perfection of a statutory lien for an ad valorem property tax that comes due after the date of the filing of the petition.

6. Parker CAD objects to confirmation of the Plan because it fails to provide for the payment of postpetition interest at the state statutory rate on its claim pursuant to 11 U.S.C. Sections 506(b) and 511. As an oversecured creditor, Parker CAD is entitled to receive postpetition interest from the petition date through the effective date of the plan at the state statutory rate of 1% per month.

7. Parker CAD objects to confirmation of the Plan because it fails to provide for the payment of posteffective date interest in the event the Debtor does not pay its claim in full on the effective date. Parker CAD is entitled to receive interest from the effective date through the date of payment in full at the state statutory rate of 12% per annum pursuant to 11 U.S.C. Sections 511 and 1129.

8. Parker CAD objects to confirmation of the Plan because section 10.07 provides that no interest shall be paid on a claim unless the Plan provides for it. The Plan does not provide for the payment of interest on Parker CAD's claim, which it is entitled to pursuant to 11 U.S.C. Sections 506(b) and 1129.

Based on the foregoing, the Parker CAD requests that the Court enter an order denying confirmation of the Debtor's plan.

WHEREFORE, PREMISES CONSIDERED, Parker CAD requests that the Court enter an order denying confirmation of the Debtor's Plan.

Dated: March 12, 2021.

Respectfully submitted,

Linebarger Goggan Blair & Sampson, LLP
2777 N Stemmons Fwy, Suite 1000
Dallas, TX 75207
Ph. No. (214) 880-0089
Dir. No. (469) 221-5125
Fax No. (469) 221-5003
dallas.bankruptcy@publicans.com

By: /s/Laurie A. Spindler________________
Laurie A. Spindler SBN 24028720
Laurie.Spindler@lgbs.com

ATTORNEYS FOR PARKER CAD

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 12, 2021, a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system or *via* electronic mail upon those parties entitled to notice and via regular mail upon BM318, LLC, 13901 Midway Rd., Ste 102, Dallas, TX 75244: .

/s/Laurie A. Spindler___________________
Laurie A. Spindler