**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §363
FOR APPROVAL OF AGREEMENT TO SELL 118.34 ACRES IN
PARKER COUNTY, TEXAS FREE AND CLEAR OF LIENS**

Came on for hearing the *Motion Pursuant to 11 U.S.C. Section 363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* (the "Sale Motion") filed by BM318, LLC (the "Debtor"), and the Court having considered the pleadings, evidence and arguments of counsel, and finding that the Sale Motion is well-founded and in the best interests of the Debtor, creditors and the bankruptcy estate, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor adequately marketed the 118.34 acres of unimproved land to be sold pursuant to the Sale Motion (the "Property") to yield the highest and best offer under the circumstances.

3. The Debtor has demonstrated good and sound business reasons and judgment in seeking to sell the Property pursuant to the Unimproved Property Contract attached as an exhibit to the Sale Motion (the "Contract"), and the Court has determined that the offer of the proposed buyer, Centurion American Acquisitions, LLC (the "Buyer") presents the best opportunity for the bankruptcy estate to realize the highest value possible for the benefit of the Debtor, the estate and creditors.

4. The Debtor provided adequate notice of the Sale Motion, the terms of the Contract and the hearing on the Sale Motion to creditors, holders of liens against the Property, and parties-in-interest, pursuant to the Federal Rules of Bankruptcy Procedure and the local Rules of this Court.

5. The transaction contemplated in the Sale Motion, as approved and implemented herein, are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, including but not limited to Bankruptcy Code § 363(b), (f) and (o). The terms and conditions of the sale of the Property to the Buyer, as set out in the Contract, together with any other transactions described in the Contract, are approved by this Order as fair and reasonable.

6. The consideration offered by the Buyer constitutes full and adequate consideration and reasonably equivalent value for the Property. The transfer of the Assets to the Buyer represents

an arm's length transaction and has been negotiated in good faith between the parties. The Buyer, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m).

7. The Property is currently subject to the first-priority lien, claims and encumbrances of Southern Star Capital, LLC as described in Proof of Claim No. 2 filed herein (the "Southern Star Lien"), and other liens, claims and encumbrances scheduled by the Debtors herein or filed as proofs of claims.

8. The Debtors may sell the Property free and clear of the Southern Star Lien and all other liens, claims, encumbrances and other interests, pursuant to Bankruptcy Code § 363(f).

**BASED UPON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

A. The Sale Motion is hereby granted and the sale of the Property to the Buyer, on the terms and subject to the conditions set forth in the Contract hereby is **APPROVED** in its entirety.

B. The Debtor is authorized to fully perform all terms and conditions of the Contract, together with all additional instruments and documents which may be reasonably necessary, convenient or desirable in performing under the Contract, and to take any and all further actions as may be necessary or appropriate in performing the obligations as contemplated by the Contract.

C. Any objections to the Sale Motion that were not withdrawn or settled on the record are overruled.

D. All claims in or against the Property shall attach to the net proceeds arising from the sale of the Property to the Buyer, if any, with the same force, validity, effect, priority and enforceability as such claims had prior to such sale. Any issues regarding the extent, validity,

perfection, priority and enforceability of such claims with respect to any net sale proceeds shall be determined by the Court upon proper application at a later date.

E. All of the Debtor's interests in the Property shall be, as of the closing of the Contract, transferred to, and vested in, the Buyer. Subject to the fulfillment of the terms and conditions of the Contract, this Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance and transfer of the Property to the Buyer. All governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order as such an assignment and conveyance, and, if necessary, this Order shall be accepted for recordation after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the Property conveyed to the Buyer at the closing of the Contract.

F. This Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Order, including any disputes or controversies relating hereto or with respect to the sale, the proceeds of sale, the transfer and/or assignment and delivery of the Property to the Buyer.

G. The terms and provisions of this Order shall be binding in all respects upon the Debtor, its creditors, any parties having received notice of these proceedings (actual or constructive), any affected third parties and other parties in interest, any persons or entities asserting a claim against, or an interest in, the Debtor's estate or to the Property sold, conveyed and assigned pursuant to this Order, the Buyer, and all successors, transferees or assigns of the above-mentioned parties, including, but not limited to, a chapter 11 trustee or chapter 7 trustee.

H. The Buyer, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m).

I. Each and every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract. All county and state offices are further directed to accept any and all termination statements under the Uniform Commercial Code for release of any liens or encumbrances against the Property.

J. Any and all parties asserting liens or encumbrances against the Property shall, to the extent necessary, execute contemporaneously with closing on the Contract (or as soon as reasonably practical thereafter as requested by the Buyer), any and all documents, releases or instruments necessary to release, remove or terminate the lien, liens or encumbrances which have been asserted against the Property.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Attorneys for Debtor