RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
SCOTT A. RITCHESON
State Bar No. 16942500
ATTORNEYS FOR CITIZENS BANK

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC** | § | **CASE NO. 20-42789-mxm-11** |
| **TAX ID: 85-0835862** | § | **CHAPTER 11** |
| **13901 MIDWAY ROAD, STE. 102** | § | |
| **DALLAS, TEXAS 75244** | § | |
| | § | |
| **DEBTOR** | § | |

**CITIZENS BANK'S OBJECTION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §363 FOR APPROVAL OF AGREEMENT TO SELL 118.34 ACRES IN PARKER COUNTY, TEXAS FREE AND CLEAR OF LIENS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Citizens Bank filing its Objection to Debtor's Motion Pursuant to 11 U.S.C. §363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens (the "Sale Motion") filed April 6, 2021 (Doc 70) in the above-styled and-numbered cause and would respectfully show the Court the following:

JURISDICTION AND VENUE

1. Debtor filed a voluntary petition for relief on September 1, 2020 (the "Petition Date").

2. The Court has jurisdiction over the subject matter of the Sale Motion and this

objection under 28 U.S.C. §1334(b). This contested matter is a core proceeding. 28 U.S.C. §157(b)(2)(M). Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

BACKGROUND TO CITIZENS BANK'S LIMITED RESPONSE

3. On May 3, 2019, Southern Star Capital, LLC ("SSC") made a loan to BM318, LLC ("Debtor"). The loan was in the form of a promissory note signed by Debtor in the original principal amount of $1,650,000.00 (the "BM318 Note"). The BM318 Note is secured by (among other things) a valid, perfected and enforceable lien created by a Deed of Trust which was also signed by Debtor on May 3, 2019, and which is recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Deed of Trust"). The Deed of Trust covers the only asset of Debtor, a 118.34 acre tract of land (more or less) in Parker County, Texas (the "Real Property"). The Real Property is the subject of the Sale Motion.

4. Four (4) days after the loan by SSC to Debtor, on May 7, 2019, Citizens Bank loaned money to SSC. That loan is evidenced by a promissory note in the original principal amount of $1,650,000.00 (the "SSC Loan"). As security for the payment of the SSC Loan, SSC pledged the BM318 Note to Citizens Bank and collaterally assigned to Citizens Bank the Deed of Trust and all other supporting obligations related to Debtor's debt – the BM318 Note. The pledge and collateral assignment of the SSC Loan and the related liens and security interests was recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Collateral Transfer of Note and Lien").

5. In addition to its pledge of the BM318 Note as security for the payment of SSC's debt to Citizens Bank, SSC pledged a certificate of deposit owned by it and issued by Citizens Bank in the amount of $165,000.00 (the "SSC Certificate of Deposit"). The SSC Certificate of

Deposit was cashed-in by SSC in August, 2020. It no longer exists.

6. By virtue of these transactions, Citizens Bank became (1) the *holder*[1] of the BM318 Note, (2) the beneficiary of a perfected security interest under the Texas Business & Commerce Code in the BM318 Note and in the liens, enforcement rights, supporting obligations and general intangibles securing or relating to that note, and (3) the record lienholder (as collateral) under the Deed of Trust. The Collateral Transfer of Note and Lien, which is also a "security agreement" within the meaning of TEX. BUS. & COM. CODE §9.102(74), describes Citizens Bank's collateral in this way:[2]

> "**Collateral (including all accessions)**: All of Borrower's [SSC's] interest in the Collateral Note and the Collateral Note Security including without limitation [SSC's] rights under the Guaranty of Tim Barton to Southern Star Capital, LLC d/b/a Reliance Mortgage Company dated May 3, 2019, guarantying the Collateral Note described herein.
>
> "**Collateral Note and Lien**: Promissory Note dated May 3, 2019, in the original principal amount of $1,650,000.00 executed by BM318, LLC in favor of Southern Star Capital, LLC d/b/a Reliance Mortgage Company, and guaranteed by Guaranty of Timothy Barton to Southern Star Capital, LLC d/b/a Reliance Mortgage Company dated May 3, 2019, and secured by a Deed of Trust executed on May 3, 2019 to Robert W. Bucholz, Trustee for the benefit of Southern Star Capital LLC d/b/a Reliance Mortgage Company, and recorded at Clerk's File No. 201911244 Official Public Records of Parker County, Texas."

7. By means of the underlying loan documents between Citizens Bank and SSC, and because of the sequence of events just described, Citizens Bank is also a "creditor" of Debtor (as "creditor" is defined in 11 U.S.C. §101(10)) and a "party in interest" in this reorganization

[1] "Holder" is defined in TEX. BUS. & COM. CODE §1.201(21) to mean, among other things, "(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; …"

[2] Between Citizens Bank and SSC, Citizens Bank is the "secured party" under TEX. BUS. & COM. CODE §9.102(73), and SSC is the "debtor" within the meaning of the UCC. TEX. BUS. & COM. CODE §9.102(28). Citizens Bank has possession of the original BM318 Note. It also filed a UCC-1 financing statement on SSC and describing the pledged note receivable.

proceeding under 11 U.S.C. §1109(b).

8. SSC filed its proof of claim in this case (Claim No. 2). The SSC claim is a fully secured claim of $1,916,832.54 as of the Petition Date. No objection to the SSC claim has been filed. Citizens Bank also filed a proof of claim (Claim No. 3) for the same amount ($1,916,832.54), although the balance owed by SSC to Citizens Bank is less than the balance owed by Debtor to SSC on the underlying BM318 Note. Citizens Bank's claim is, of course, derived from (and not in addition to) the SSC Claim.[3]

9. The BM318 Note matured and became fully due and payable on May 1, 2020. Its entire unpaid balance was due and owing before, and as of, the Petition Date.

10. The BM318 Note is not assumable without the consent of the holder of the note.

11. The Deed of Trust includes a due on sale clause.

12. In the debtor/secured party relationship between SSC and Citizens Bank, SSC was authorized to undertake certain collection and enforcement actions against Debtor and the Real Property under the terms of the Collateral Transfer of Note and Lien, and under the terms of a separate Loan Servicing Agreement dated October 29, 2020 (the "Servicing Agreement"). Importantly, those documents between SSC and Citizens Bank limit, restrict and impose boundaries on what SSC *can* do with the BM318 Note and the supporting lien against the Real Property. For that reason, and based on the information included in the Sale Motion, Citizens Bank hereby notes its objections to the relief requested by Debtor. Any consent to the Sale Motion stated by SSC which is inconsistent with the objections stated herein, is not enforceable against Citizens

[3] Citizens Bank's security interest in the BM318 Note and the resulting SSC claim in this case is described in Citizens Bank's proof of claim. No objection to that proof of claim has been filed.

Bank.

13. Citizens Bank has no objection to Debtor's sale of the Real Property. It does not object to the purchase price. It does not object to a sale that results in the "pay off" of the BM318 Note at closing.[4] Citizens Bank does, however, have objections to some of the relief requested in the Sale Motion and this limited response addresses those objections only.[5]

## Responses and Objections to the Sale Motion

14. The Unimproved Property Contract (the "Sales Contract") between Debtor and Centurion American Acquisitions, LLC ("Buyer") states the sales price for the Real Property is $2,700,000.00. It also provides that the sales price will be paid at closing in this fashion: (a) $992,119.00, in cash, to Debtor, and (b) the "assumption of or pay off of the" BM318 Note.

15. The Sale Motion asks the Court to approve the sale of the Real Property free and clear of liens *and* to permit the Buyer to "payoff or assume the first lien debt owed by the Debtor to Southern Star Capital, LLC." To be clear, Citizens Bank (which has an interest in the debt and the lien at issue and, therefore, the Real Property) objects to any form of relief sought in the Sale Motion which does not result in the payment in full to Citizens Bank of its interest in the property. Some of the reasons for this objection (but not necessarily all) are stated below.

16. To the extent specific responses to the averments contained in the Sale Motion are

[4] For the avoidance of any doubt or confusion, because Citizens Bank has a perfected and enforceable security interest in the BM318 Note, all parties-in-interest are notified that the payoff of the BM318 Note must be delivered to Citizens Bank and not to its borrower, SSC. This requirement is also evidenced by the Servicing Agreement. To the extent the payoff of the BM318 Note exceeds the balance owed by SSC to Citizens Bank, the difference would be returned to SSC according to the terms of the SSC/Citizens Bank loan documents.

[5] This objection does not purport to represent the interests of SSC, or to put Citizens Bank in the position of acting on SSC's behalf. It is expected that SSC will file its own objection to the Sale Motion and, if it does, Citizens Bank reserves the right to incorporate those objections into this response, in an amended response, or at any hearing.

necessary, Citizens Bank makes the following:

a. Citizens Bank admits the allegations in paragraphs 1, 2, 3, 4, 5 and 7 of the Sale Motion.

b. Citizens Bank admits Debtor owns the Real Property but denies the remaining allegations stated in paragraph 6 of the Sale Motion.

c. Citizens Bank admits the Deed of Trust is a first lien, but denies all other allegations stated in paragraph 8 of the Sale Motion.

d. Citizens Bank denies the allegations made in paragraph 11 of the Sale Motion.

**A. The Code does not authorize a sale of property of the estate that permits the buyer to assume an existing secured claim without the secured creditor's consent. Even if authorized, Citizens Bank does not consent to the release of Debtor.**

17. The BM318 Note is a loan to Debtor. It is debt financing and it is a form of financial accommodation. It cannot, therefore, be assumed by the Debtor or its assignee under 11 U.S.C. §365(c)(2). *Citizens Southern Nat'l Bank v. Thomas B. Hamilton Co., (In re Thomas B. Hamilton Co.), 969 F.2d 1013 (11th Cir. 1992); TransAmerica Commercial Fin. V. Citibank, N.A. (In re Sun Runner Marine, Inc.), 945 F.2d 1089 (9th Cir. 1991).* Furthermore, nothing in the language of §363 of the Code authorizes the Debtor, by motion, to require a secured creditor to accept the assumption of the debt by a third-party buyer. The same is also true under applicable state law (Texas). *See, e.g., Slusky v. Coley, 668 S.W.2d 930 (Tex. App. – Houston [14th Dist.] 1984, no writ)* (due on sale clauses are enforceable under Texas law). Debtor cannot satisfy the interest of Citizens Bank in the Real Property and the Deed of Trust by forcing the bank (or SSC, for that matter) to accept an assumption of the debt and lien by the Buyer.

18. Even if the Code permitted Debtor to force Citizens Bank to accept the Buyer's assumption of the underlying debt, state law and the Code have no mechanism for making a non-consensual assumption also act as a release of Debtor's liability. *See, e.g., Shockey v. Page, 354*

*S.W.2d 698, 700 (Tex. Civ. App. – Eastland 1962, writ ref'd n.r.e.)*. Thus, one stated purpose for the Sale Motion is that it would reduce Debtor's liabilities. (Sale Motion ¶6). No, it does not and Citizens Bank specifically objects to any implied release of Debtor from its obligations under the BM318 Note, the Deed of Trust or any of the related loan agreements.

**B. <u>The Sale Motion asks the Court to approve a sale of the Real Property free and clear of liens, but Debtor cannot satisfy any of the requirements of §363 of Code.</u>**

19. None of the bases for approving a sale of the Real Property under §363(f) of the Code are satisfied. None are plead in the Sale Motion. Applicable non-bankruptcy law does not permit the sale free of the Deed of Trust. (§363(f)(1)). Citizens Bank does not consent to the sale on such terms. (§363(f)(2)). The price at which the Real Property is to be sold (not including the impermissible assumption of the Deed of Trust and BM318 Note) is only $992,119.00 – and all of that goes to the Debtor. Thus, §363(f)(3) is not satisfied. The Deed of Trust is not the subject of a bona fide dispute. (§363(f)(4)). Finally, the Sale Motion does not propose to satisfy the interests/liens of Citizens Bank or SSC, in cash, at closing. (§363(f)(5)). Therefore, there is no statutory basis for approving this sale on these terms.

**C. <u>The Code does not permit Debtor to sell the Real Property and keep $992,119.00 of the sales proceeds without paying the secured creditor(s) in full.</u>**

20. The Sale Motion asks the Court to approve the sale of the Real Property and the delivery to Debtor (evidently free and clear of any lien) of $992,119.00 in cash. The justification for doing so is simply stated that the cash would "reduce its [Debtor's] total indebtedness and help fund payments under its plan of reorganization." (Sale Motion, ¶6). There is, however, nothing left to reorganize. The Real Property is the Debtor's only asset. If or to the extent the Sale Motion requests Court approval of Debtor's retention of all of the cash proceeds received from the sale,

without also paying the claims of secured creditor(s) in full, there is no justification for doing so under the Code.

**D. <u>The interests of Citizens Bank in the cash proceeds of the sale and the Real Property are not adequately protected.</u>**

21. To the extent Debtor attempts to sell the Real Property *subject to* the Deed of Trust (and not free and clear of the lien), and even if such a transfer is not prohibited by §365(c)(2) of the Code, then Debtor must meet the burden of proving that Citizens Bank's interest will be adequately protected. 11 U.S.C. §363(e).

22. Nothing in the Sale Motion suggests or even attempts to address the adequate protection issue. The burden of proving adequate protection is on Debtor and the Sale Motion (by itself) provides no notice of how that burden will be satisfied. 11 U.S.C. §363(p)(1). Clearly, the transfer of Debtor's only asset (the Real Property) to a third-party of whom nothing is known *and* the delivery to Debtor of the only cash proceeds of the sale ($992,119.00) does not meet any of the enumerated examples of adequate protection under §361. Citizens Bank contends, in this instance, that cash payment to the bank is the only form of adequate protection that rises to the level of providing it with the indubitable equivalent of its interest in the Real Property.

**E. <u>The Sale Motion is the equivalent of a *sub rosa* plan and is not permitted by the Code</u>.**

23. The transaction proposed by the Sale Motion is so extensive that, if implemented, it would dictate the terms of the ultimate reorganization plan. The Real Property is Debtor's only asset. The debts to be assumed by the Buyer are all or virtually all of the Debtor's liabilities. With the debts supposedly transferred to the Buyer, the Real Property gone and nothing that remains other than $992,119.00 in Debtor's coffers, what is left for a reorganization plan to accomplish?

The Sale Motion is a prohibited *sub rosa* plan. *In re Braniff Airways, Inc., 700 F.2d 935 (5th Cir. 1983)*.

WHEREFORE, PREMISES CONSIDERED, Citizens Bank respectfully requests that the Court deny the Sale Motion or, in the alternative, grant the Sale Motion on the condition that the claim of Citizens Bank and its borrower, SSC, be paid in full immediately at closing. Citizens Bank further requests such other and further relief to which it is justly entitled to receive.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
Email: scottr@rllawfirm.net
*/s/ Scott A. Ritcheson*
BY:______________________________
SCOTT A. RITCHESON
State Bar No. 16942500
ATTORNEYS FOR CITIZENS BANK

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served electronically through the Court's CM/ECF system and on all other persons listed on the attached mailing matrix on this the 22nd day of April, 2021.

*/s/ Scott A. Ritcheson*

______________________________
SCOTT A. RITCHESON