CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 29, 2021**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BM318, LLC, | § | CASE NO. 20-42789-mxm-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**AGREED ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §363
FOR APPROVAL OF AGREEMENT TO SELL 118.34 ACRES IN
PARKER COUNTY, TEXAS FREE AND CLEAR OF LIENS**

Came on for hearing the *Motion Pursuant to 11 U.S.C. Section 363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* (the "Sale Motion") filed by BM318, LLC (the "Debtor"), and the Court having considered the pleadings, evidence and agreements of counsel, and finding that the Sale Motion is well-founded and in the best interests of the Debtor, creditors and the bankruptcy estate, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor has adequately marketed the 118.34 acres of unimproved land to be sold pursuant to the Sale Motion (the "Property") to yield the highest and best offer under the circumstances.

3. The Debtor has demonstrated good and sound business reasons and judgment in seeking to sell the Property pursuant to the Unimproved Property Contract attached as an exhibit to the Sale Motion, and the Court has determined that, after taking into consideration the other terms and provisions of this Agreed Order including the modifications to such contract terms set forth herein, the offer of the proposed buyer, Centurion American Acquisitions, LLC (the "Buyer") presents the best opportunity for the bankruptcy estate to realize the highest value possible for the benefit of the Debtor, the estate and creditors. All references in this Order to the "Contract" include the contract attached as an exhibit to the Sale Motion, as that agreement is modified under the terms of this Order.

4. The Debtor provided adequate notice of the Sale Motion, the terms of the Contract and the hearing on the Sale Motion to creditors, holders of liens against the Property, and parties-in-interest, pursuant to the Federal Rules of Bankruptcy Procedure and the local Rules of this Court. Citizens Bank filed a timely objection to the Sale Motion on April 22, 2021 (Doc. 74) (the "Citizens Bank Objection").

5. The transaction contemplated in the Sale Motion, as approved, modified and implemented herein, are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, including but not limited to Bankruptcy Code § 363(b), (f) and (o). The terms and conditions

of the sale of the Property to the Buyer, as set out in the Contract and in this Order, together with any other transactions described in the Contract and in this Order, are approved by this Order as fair and reasonable.

6. The Contract (by the agreement of Debtor and Buyer) is amended to delete any term or provision that permits, authorizes or enables the Buyer (or any assignee, successor or assign of Buyer) to assume all or any part of the unpaid balance of the debt evidenced by the promissory note dated May 3, 2019, signed by Debtor and payable to the order of Southern Star Capital, LLC ("SSC") (or SSC's assigns) in the original principal amount of $1,650,000.00 (the "BM318 Note"). The Contract is also amended by agreement to delete any term or provision that permits, authorizes or enables Buyer (or any assignee, successor or assign of Buyer) to purchase the Property subject to, or without paying in full, the lien securing payment of the BM318 Note, including the lien created by that certain deed of trust signed by Debtor on May 3, 2019, and recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Deed of Trust").

7. The Contract is also amended, by agreement, to reflect the following: (a) there is no Certificate of Deposit owned by Debtor and issued by Citizens Bank, and there is no other form of deposit account with Citizens Bank in which Debtor owned or owns an interest; (b) the credit to be applied against the unpaid balance of the BM318 Note for a fund of $165,000.00 delivered by Debtor to SSC for placement into a Certificate of Deposit shall be applied to that portion of the sale proceeds payable to SSC, and no part of such credit shall reduce the amount payable under the terms of this Order to Citizens Bank; and (c) any release of Debtor's liability for all or any part of the unpaid balance of the BM318 Note is contingent upon the payment in full of the amounts described in this Order to SSC and to Citizens Bank.

8. SSC has agreed to the delivery of the sales proceeds according to the terms of this Order.

9. The consideration offered by the Buyer constitutes full and adequate consideration and reasonably equivalent value for the Property. The transfer of the Assets to the Buyer represents an arm's length transaction and has been negotiated in good faith between the parties. The Buyer, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m).

10. The Property is currently subject to the first-priority lien, claims and encumbrances of SSC as described in Proof of Claim No. 2 filed herein, which lien and debt are reflected in the BM318 Note and the Deed of Trust as well as the senior priority liens of Parker CAD.

11. On May 7, 2019, SSC pledged its interests in the BM318 Note and the Deed of Trust as security for the payment of SSC's loan from Citizens Bank, which loan was evidenced by SSC's promissory note payable to Citizens Bank in the original principal amount of $1,650,000.00, and which loan, together with any renewals and extensions thereof, is referred to in this Order as the "SSC Loan." The collateral pledge and assignment of the BM318 Note and the Deed of Trust is evidenced by, among other things, that certain Collateral Transfer of Note and Lien dated May 7, 2019, from SSC to Citizens Bank and recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Collateral Transfer of Note and Lien").

12. The parties agree that the unpaid balance of the BM318 Note, after application of all credits, debits and offsets (including the $165,000.00 fund described above as delivered by Debtor to SSC) is (a) $1,830,089.66 as of May 7, 2021, plus (b) interest accruing after such date at the rate of $497.26 per day to and including the payoff date (together, the "BM318 Note Payoff").

13. The parties also agree that at closing and from the BM318 Note Payoff the sum of (a) $1,618,602.06, as of May 7, 2021, plus (b) interest accruing on the SSC Loan after such date at the rate of $266.46 per day to and including the payoff date (together, the "SSC Loan Payoff")[1] shall be paid and delivered by the closing agent directly to Citizens Bank in full satisfaction of its security interests in the BM318 Note and Deed of Trust.

14. The Deed of Trust created a valid, perfected, enforceable and unavoidable lien against the Property and Debtor has no objection to the claim of SSC.

15. The Collateral Transfer of Note and Lien created a valid, perfected, enforceable and unavoidable security interest for the benefit of Citizens Bank in and to the BM318 Note and its accompanying liens, and Debtor has no objection to such Collateral Transfer of Note and Lien.

16. The Debtors may sell the Property under the terms of the Contract, according to the terms of this Order and free and clear of the Deed of Trust, the Collateral Transfer of Note and Lien and all other liens, claims, encumbrances and other interests, pursuant to Bankruptcy Code § 363(f) except as otherwise provided herein.

**BASED UPON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

A. The Sale Motion is hereby granted and the sale of the Property to the Buyer, on the terms and subject to the conditions set forth in the Contract hereby is **APPROVED** in its entirety.

B. The Debtor is authorized to fully perform all terms and conditions of the Contract, together with all additional instruments and documents which may be reasonably necessary,

---

[1] If the payoff occurs prior to May 7, 2021, the sum of $266.46 per day between the payoff date and May 7, 2021 shall be deducted from the SSC Loan Payoff.

convenient or desirable in performing under the Contract, and to take any and all further actions as may be necessary or appropriate in performing the obligations as contemplated by the Contract.

C. Any objections to the Sale Motion that were not withdrawn, resolved by the terms of this Order or settled on the record are overruled.

D. All claims in or against the Property shall attach to the net proceeds arising from the sale of the Property to the Buyer, with the same force, validity, effect, priority and enforceability as such claims had prior to such sale. All issues regarding the extent, validity, perfection, priority and enforceability of the Deed of Trust, the BM318 Note and/or the collateral assignment of those claims and liens to Citizens Bank have been fully and finally resolved by the parties according to the terms of this Order. Any other issues regarding the extent, validity, perfection, priority and enforceability of any remaining claims with respect to any net sale proceeds shall be determined by the Court upon proper application at a later date.

E. All of the Debtor's interests in the Property shall be, as of the closing of the Contract, transferred to, and vested in, the Buyer. Subject to the fulfillment of the terms and conditions of the Contract, this Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance and transfer of the Property to the Buyer. All governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order as such an assignment and conveyance, and, if necessary, this Order shall be accepted for recordation after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the Property conveyed to the Buyer at the closing of the Contract.

F. No release of the Deed of Trust or of the Collateral Transfer of Note and Lien, and no release by any creditor of a claim against Debtor under the terms of this Order shall be effective unless the closing on the sale of the Property under the terms of the Contract occurs and the

payments to such creditors required by this Order are fully and finally made. At the closing on the sale of the Property to Buyer, the title company and/or closing agent are ordered to pay the following sums and amounts directly to the parties indicated below and according to the wiring instructions or other delivery instructions provided by such parties (or their counsel) to the title company or closing agent:

(1) all amounts owed to Parker CAD for 2020 ad valorem real property taxes;

(2) To Citizens Bank, the full and complete SSC Loan Payoff shall be paid as instructed; and

(3) To SSC, the remaining balance owed on the BM318 Note Payoff (after deducting what is paid to Citizens Bank for the SSC Loan Payoff) shall be paid as instructed.

All of the remaining net proceeds of sale shall be paid and delivered to Debtor through its counsel, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas, Texas 75202.

G. This Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Order, including any disputes or controversies relating hereto or with respect to the sale, the proceeds of sale, the transfer and/or assignment and delivery of the Property to the Buyer.

H. The terms and provisions of this Order shall be binding in all respects upon the Debtor, its creditors, any parties having received notice of these proceedings (actual or constructive), any affected third parties and other parties in interest, any persons or entities asserting a claim against, or an interest in, the Debtor's estate or to the Property sold, conveyed and assigned pursuant to this Order, the Buyer, and all successors, transferees or assigns of the above-mentioned parties, including, but not limited to, a chapter 11 trustee or chapter 7 trustee.

I. The Buyer, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m).

J. Each and every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract. All county and state offices are further directed to accept any and all termination statements under the Uniform Commercial Code for release of any liens or encumbrances against the Property.

K. Any and all parties asserting liens or encumbrances against the Property shall, to the extent necessary, execute contemporaneously with closing on the Contract (or as soon as reasonably practical thereafter as requested by the Buyer), any and all documents, releases or instruments necessary to release, remove or terminate the lien, liens or encumbrances which have been asserted against the Property, which releases shall be held in trust by the title company or closing agent until such time as the amounts payable under the terms of this Order are fully and finally paid with the exception of Parker CAD whose liens that secure all amounts ultimately owed for year 2021 ad valorem property taxes shall remain attached to the Property and become the responsibility of the Buyer. To the extent that the terms of this order conflict with the terms of the Contract, the terms of this order shall control.

# # # END OF ORDER # # #

Agreed:

______________________________
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 502-4033
Attorneys for Debtor

______________________________
Scott A. Ritcheson
State Bar No. 16942500
Ritcheson, Lauffer & Vincent, P.C.
821 ESE Loop 323, Suite 530
Tyler, TX 75701
Telephone: (903) 535-2900
Attorneys for Citizens Bank

______________________________
Robert W. Buchholz
State Bar No. 03290600
555 Republic Drive, Suite 490
Plano, TX 75074
Telephone: (214) 754-5500
Attorneys for Southern Star Capital, LLC
d/b/a Reliance Mortgage Company

______________________________
Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, Texas 75207
Telephone: (469)221-5125
Attorneys for Parker CAD

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Attorneys for Debtor

Sale Order v.6 – 4.27.2021 redlined

______________________________
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 502-4033
Attorneys for Debtor

______________________________
Scott A. Ritcheson
State Bar No. 16942500
Ritcheson, Lauffer & Vincent, P.C.
821 ESE Loop 323, Suite 530
Tyler, TX 75701
Telephone: (903) 535-2900
Attorneys for Citizens Bank

______________________________
Robert W. Buchholz
State Bar No. 03290600
555 Republic Drive, Suite 490
Plano, TX 75074
Telephone: (214) 754-5500
Attorneys for Southern Star Capital, LLC
d/b/a Reliance Mortgage Company

______________________________
Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, Texas 75207
Telephone: (469)221-5125
Attorneys for Parker CAD

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Attorneys for Debtor