Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

# FIRST MODIFICATION TO SECOND AMENDED DISCLOSURE STATEMENT

Comes now BM318, LLC, Debtor herein ("Debtor"), and files this its First Modification to its *Second Amended Disclosure Statement for Debtor's Plan of Reorganization Dated November 19, 2020* filed on January 4, 2021 (the "Disclosure Statement", Doc. No. 56), and would show as follows:

1. Sections 1.08 and 1.09 of the Disclosure Statement are hereby replaced in their entirety with the following new Sections 1.08 and 1.09:

**1.08** **Unimpaired Class**. Classes 1, 2 and 4 are not Impaired under the Plan.

**1.09** **Impaired Classes**. The Class 3 Insider Claims are Impaired as defined by Section 1124 of the Code. Class 3 Claims are entitled to vote on the Plan, but their votes will not be counted for or against Confirmation pursuant to the Bankruptcy Code. One ballot will be sent to each Claimant or Equity Interest Holder eligible to vote on the Plan. For all Classes, the ballot must be returned to the Debtor's attorney, Joyce Lindauer, Attorney at Law, 1214 Main St., Suite 500, Dallas, Texas 75202. In order to be counted, ballots must be **RECEIVED** no later than at the time and on the date stated on the ballot.



**EXHIBIT "5"**

2. Sections 3.01, 3.02 and 3.03 of the Disclosure Statement are hereby replaced in their entirety with the following new sections:

> **3.01** The Plan is a plan of reorganization. The Debtor previously owned 118 acres of unimproved land located in Parker County near Aledo, Texas (the "Property"). The Debtor sold the Property pursuant to an *Agreed Order Granting Motion Pursuant to 11 U.S.C. Section 363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* entered by the Bankruptcy Court on April 29, 2021 (the Sale Order, Doc. No. 78). The Debtor used the proceeds of the sale to pay its Secured Creditors and will use the remaining proceeds of sale to pay all other Creditors in full under the Plan.
>
> **3.02** In the Schedules of Assets and Liabilities filed in the bankruptcy case, the Debtor listed assets with an aggregate value of $4,419,636.00 as of the Petition Date. This amount consisted of real property in the amount of $4,250,000.00 and a certificate of deposit in the amount in the amount of $169,636.00. However, due to the transaction pursuant to the Sale Order, the real property and certificate of deposit are no longer property owned by the Debtor.
>
> **3.03** The Debtor previously had disputes with Southern Star Capital, LLC and Citizens National Bank as disclosed in prior versions of the Plan. However, those disputes have been resolved and the Debtor has paid the Secured Claims of Southern Star Capital, LLC and Citizens National Bank in full prior to Confirmation from the proceeds of the sale conducted pursuant to the Sale Order.

3. Section 3.05 of the Plan is hereby replaced in its entirety with the following new section:

> **3.05** The Debtor used the proceeds of the sale conducted pursuant to the Sale Order to pay its Secured Creditors. The Debtor will use the remaining proceeds of sale to pay all other Creditors in full on or before the Effective Date of the Plan. Future management of the Debtor shall consist of the Debtor's Managing Member and staff.

4. Sections 4.01, 4.02 and 4.03 of the Disclosure Statement are hereby replaced in their entirety with the following new sections:

> **4.01 Real Property.**
>
> As of the Petition Date, the Debtor owned undeveloped real property consisting of the Property, the value of which is scheduled by the Debtor as

Case 20-42789-mxm11 Doc 301 Filed 05/05/21 Entered 05/05/21 13:18:23 Desc

$4,250,000.00. The Property was sold by the Debtor pursuant to the Sale Order and is no longer property of the Debtor's estate.

**4.02 Personal Property**

As of the Petition Date, the Debtor owned a certificate of deposit in the amount of $169,636.00. This certificate of deposit was credited to the Debtor as part of the transaction conducted pursuant to the Sale Order and is no longer property of the Debtor's estate.

**4.03 Liquidation Analysis**

As a result of the sale conducted pursuant to the Sale Order, the Debtor no longer owns Assets other than the net proceeds of the sale conducted pursuant to the Sale Order. These proceeds will be used to pay all remaining Allowed Claims in full. Therefore, all remaining Creditors are receiving at least as much under the Plan as they would receive in a Chapter 7 liquidation.

5. The table titled "CLASSIFICATION OF CLAIMS" in Article V of the Disclosure Statement is hereby replaced in its entirety with the following new table:

| **CLASSIFICATION OF CLAIMS** |
|---|
| Class 1: Priority Unsecured Claims other than Priority Tax Claims |
| Class 2: General Unsecured Claims |
| Class 3: Insider Claims |
| Class 4: Equity Interests |

6. Article V of the Disclosure Statement is replaced in its entirety with the following new Article V:

**ARTICLE V**
**PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS**

***A. NON-CLASSIFIED CLAIMS.*** The following Claims are not classified, pursuant to Bankruptcy Code Section 1123:

**Treatment of Administrative Claims**. Each holder of an Administrative Claim other than Professional Fee Administrative Claims shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the

unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which the Debtor and such holder shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto. On or before the Effective Date, the Debtor or Reorganized Debtor shall pay or have paid in full all Allowed Administrative Claims. All Allowed Administrative Claims shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion. Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law.

**Treatment of Professional Fee Administrative Claims.** All persons who are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**Treatment of Priority Tax Claims.** Priority Tax Claims shall be paid in full on the Effective Date.

**Title 28 U.S.C. Section 1930 Fees.** The Reorganized Debtor shall pay all post-Confirmation fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Reorganized Debtor is otherwise released from such obligations by the Court.

***B. CLASSIFIED CLAIMS.*** The following Claims are classified pursuant to Bankruptcy Code Section 1123, and are treated as follows:

**Class 1: Allowed Unsecured Priority Claims Other Than Priority Tax Claims**

Class 1 Claims shall consist of Unsecured Priority Claims other than Priority Tax Claims. The Debtor does not believe any such Claims exist. Class 1 Claims, if any, shall be paid in full on or before the Effective Date. This Class is not Impaired.

**<u>Class 2: Allowed General Unsecured Claims</u>**

Class 2 shall consist of Allowed Unsecured Claims, other than the Claims of Class 3 Insiders. Class 2 Claims shall be paid in full on or before the Effective Date. This Class is not Impaired.

**<u>Class 3: Allowed Insider Claims</u>**

Class 3 shall consist of the Allowed Claims of Insiders of the Debtor. Class 3 Claims shall be paid in full without interest, <u>but only after all other Claimants in the Case have been paid in full as set out above</u>. Class 3 Claimants are Impaired and are entitled to vote on the Plan, but their claims will not be counted for or against Confirmation.

**<u>Class 4 - Equity Interests</u>**

All Equity Interests in the Debtor shall be retained and are not Impaired.

7. Section 6.01 of the Disclosure Statement is replaced in its entirety with the following new section:

**6.01 <u>Implementation of Plan</u>**. This Plan will be implemented, pursuant to Section 1123(a)(5) of the Code, by the payments as called for above. Upon the Effective Date, any property of the Debtor and its Estate remaining after the sale of the Property pursuant to the Sale Order shall vest in the Reorganized Debtor.

8. Section 8.01 of the Disclosure Statement is hereby supplemented by adding the following paragraph to the end of the section:

**<u>Reservation of causes of action against Dixon Water Foundation.</u>** The Debtor has causes of action against Dixon Water Foundation ("Dixon") related to a deed in lieu of foreclosure recorded by Dixon on or about July 2, 2020, pursuant to which Dixon took title to approximately 1,531.75 acres of land owned by the Debtor in Parker County, Texas. The Debtor's causes of action against Dixon related to this transaction are for preferential transfer under 11 U.S.C. Section 547, fraudulent transfer under 11 U.S.C. Section 548, recovery of avoidable transfers under 11 U.S.C. Section 550, and disallowance of claims under 11 U.S.C. Section 502. It is possible the Debtor has other causes of action against Dixon related to the same transaction. Without limiting the general reservation of all causes of action by the Debtor in the foregoing paragraph, the Debtor hereby specifically reserves and retains the aforementioned causes of action against Dixon. The Debtor intends to file an adversary complaint against Dixon based on these causes of action.

9. Section 10.08 of the Disclosure Statement is hereby modified to replace "State of Arkansas" with "State of Texas".

Dated: May 5, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2021, a true and correct copy of the foregoing document was served via email through the Court's ECF system and/or by first class U.S. Mail, return receipt requested, as indicated on the below listed parties:

**VIA ECF**

Robert W. Buchholz
bob@attorneybob.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Scott A. Ritcheson
scottr@rllawfirm.net, mistyb@rllawfirm.net

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**VIA FIRST CLASS MAIL**
**RETURN RECEIPT REQUESTED**

Dixon Water Foundation
c/o Josh Botts
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201

Robert Potts, President
Dixon Water Foundation
528 County Road 398
Decatur, Texas 76234

Robert Potts, President
Dixon Water Foundation
P.O. Box 177
Marfa, Texas 79843

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer