RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
SCOTT A. RITCHESON
State Bar No. 16942500
ATTORNEYS FOR CITIZENS BANK

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC** | § | **CASE NO. 20-42789** |
| **TAX ID: 85-0835862** | § | **CHAPTER 11** |
| **13901 MIDWAY ROAD, STE. 102** | § | |
| **DALLAS, TEXAS 75244** | § | |
| | § | |
| **DEBTOR** | § | |

## CITIZENS BANK'S COMMENT REGARDING CONFIRMATION OF AMENDED CHAPTER 11 PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Citizens Bank filing its Comment Regarding Confirmation of Debtor's Amended Chapter 11 Plan of Reorganization (Doc No. 39), as modified by the First Modification to Debtor's First Amended Plan of Reorganization filed May 5, 2021 (Doc. 79) (together, the "Plan")[1] in the above-styled and-numbered cause and would respectfully show the Court the following:

1. Debtor filed a voluntary petition for relief on September 1, 2020 (the "Petition Date").

[1] By e-mail, counsel for Debtor, Citizens Bank and Southern Star Capital, LLC agreed to extend the deadline for filing any form of response to the Plan until the end of business on May 10, 2021.

2. The Court has jurisdiction over the subject matter of the Plan under 28 U.S.C. §1334(b). This contested matter is a core proceeding. 28 U.S.C. §157(b)(2). 11 U.S.C. §1129 and Bankruptcy Rule 3020(b) are applicable. Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

3. On May 3, 2019, Southern Star Capital, LLC ("SSC") made a loan to BM318, LLC ("Debtor"). The loan was in the form of a promissory note signed by Debtor in the original principal amount of $1,650,000.00 (the "BM318 Note"). The BM318 Note is secured by (among other things) a valid, perfected and enforceable lien created by a Deed of Trust which was also signed by Debtor on May 3, 2019, and which is recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Deed of Trust"). The Deed of Trust covers the only asset of Debtor, a 118.34 acre tract of land (more or less) in Parker County, Texas (the "Real Property").

4. Four (4) days after the loan by SSC to Debtor, on May 7, 2019, Citizens Bank loaned money to SSC. That loan is evidenced by a promissory note in the original principal amount of $1,650,000.00 (the "SSC Loan"). As security for the payment of the SSC Loan, SSC pledged the BM318 Note to Citizens Bank and collaterally assigned to Citizens Bank the Deed of Trust and all other supporting obligations related to Debtor's debt – the BM318 Note. The pledge and collateral assignment of the SSC Loan and the related liens and security interests was recorded under Clerk's File No. 2019-18475 in the Official Public Records of Parker County, Texas (the "Collateral Transfer of Note and Lien").

5. By virtue of these transactions, Citizens Bank became (1) the *holder*[2] of the BM318

[2] "Holder" is defined in TEX. BUS. & COM. CODE §1.201(21) to mean, among other things, "(A) the person in

Note, (2) the beneficiary of a perfected security interest under the Texas Business & Commerce Code in the BM318 Note and in the liens, enforcement rights, supporting obligations and general intangibles securing or relating to that note, and (3) the record lienholder (as collateral) under the Deed of Trust. The Collateral Transfer of Note and Lien is a "security agreement" within the meaning of TEX. BUS. & COM. CODE §9.102(74).

6. By means of the underlying loan documents between Citizens Bank and SSC, and because of the sequence of events just described, Citizens Bank is also a "creditor" of Debtor (as "creditor" is defined in 11 U.S.C. §101(10)) and a "party in interest" in this reorganization proceeding under 11 U.S.C. §1109(b).

7. On April 29, 2021, this Court entered its order granting Debtor's motion to sell the Real Property free and clear of liens. See, *Agreed Order Granting Motion Pursuant to 11 U.S.C. §363 For Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* (Doc. 78) (the "Sale Order"). At the time the Sale Order was entered, Debtor expected the transaction to close almost immediately. Accordingly, Debtor amended the proposed Plan to state that the Real Property has been sold and the claims of Citizens Bank and SSC have been paid in full.

8. ***If*** the sale of the Real Property actually closes by the time this Court considers confirmation of the Plan then, of course, the Plan (as amended) should be factually correct. With that in mind, Debtor's amended Plan specifically states that the claims of Citizens Bank and SSC are no longer addressed in the Plan.

possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; …"

9. To Citizens Bank's knowledge, Debtor has worked diligently to close on the sale of the Real Property – but that closing has not yet occurred. Therefore, any order confirming the Plan should be properly conditioned on the actual closing on the sale of the Real Property under the terms and conditions of the Sale Order.

WHEREFORE, PREMISES CONSIDERED, Citizens Bank respectfully requests that the Court take notice of the above comments and considerations.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
Email: scottr@rllawfirm.net
*/s/ Scott A. Ritcheson*
BY:________________________________
SCOTT A. RITCHESON
State Bar No. 16942500
ATTORNEYS FOR CITIZENS BANK

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served electronically through the Court's CM/ECF system on this the 10th day of May, 2021.

*/s/ Scott A. Ritcheson*
________________________________
SCOTT A. RITCHESON