Deborah M. Perry
Texas Bar No. 24002755
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7565
Facsimile: (214) 978-5335
Email: dperry@munsch.com

**ATTORNEYS FOR DIXON WATER FOUNDATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BM318, LLC, | § | Case No. 20-42789-mxm-11 |
| | § | |
| Debtor. | § | |

# DIXON WATER FOUNDATION'S OBJECTION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 19, 2020, AS MODIFIED BY FIRST MODIFICATION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Dixon Water Foundation, a Texas non-profit corporation ("Dixon") and party-in-interest in this Bankruptcy Case and files its *Objection* (the "Objection") to the *Debtors' First Amended Plan of Reorganization Dated November 19, 2020* [Docket No. 39] (the "First Amended Plan"), as modified by the *First Modification to Debtor's First Amended Plan of Reorganization* [Docket No. 79] (the "Plan Modification" and collectively referred to herein with the First Amended Plan as the "Plan"), and in support thereof respectfully states as follows:

## I. BACKGROUND

1. Dixon is a non-profit corporation. Its mission is to promote healthy watersheds and sequestration of carbon through regenerative land management, to ensure that present and future generations of Texans have the water resources they need.

2. On September 1, 2020 (the "Petition Date"), BM318, LLC (the "Debtor") filed its voluntary petition under chapter 11 of the Bankruptcy Code commencing this bankruptcy case (the "Bankruptcy Case").

3. On September 22, 2020, the Debtor filed its initial Schedules of Assets and Liabilities [Docket No. 20] (the "Original Schedules").

4. On November 19, 2020, the Debtor filed the First Amended Plan.

5. On January 4, 2021, the Debtor filed Amended Schedules A/B and G [Docket No. 54] (the "First Amended Schedules").

6. On May 5, 2021, the Debtor filed the Plan Modification.

7. On May 10, 2021, the Debtor filed Amended Schedules A/B and E/F [Docket No. 82] (the "Second Amended Schedules"). Included as part of the Second Amended Schedules is an Amended Verification of Creditor Matrix adding Dixon to the Creditor Matrix.

8. The Plan is set for confirmation on May 12, 2021 at 1:30 pm (CT) (the "Confirmation Hearing").

## II. OBJECTION

### A. The Debtor's Schedules of Assets and Liabilities

9. The Debtor has amended its Schedules of Assets and Liabilities several times over the course of the Bankruptcy Case. As set forth below, May 10, 2021 was the first date that the Debtor listed causes of action against Dixon as alleged assets of the bankruptcy estate.

10. In response to section 74 titled "Causes of action against third parties (whether or not a lawsuit has been filed)" in "Part 11: All other assets" of the Original Schedules, the Debtor did not schedule any causes of action. Original Schedules p. 6.

11. Similarly, in its First Amended Schedules, the Debtor did not schedule any causes of action in response to section 74 of Part 11. First Amended Schedules p. 6.

12. Two days before the Confirmation Hearing, the Debtor filed the Second Amended Schedules and in response to section 74 of Part 11 lists the following with an alleged value of $27 million – "Possible cause of action against Dixon Water Foundation for preferential transfer under 11 U.S.C. Section 547, fraudulent transfer under 11 U.S.C. Section 548, recovery of avoidable transfers under 11 U.S.C. Section 550, and disallowance of claims under 11 U.S.C. Section 502." Second Amended Schedules p. 6.

**B. The Plan**

13. On May 5, 2020, the Debtor filed the Plan Modification modifying the First Amended Plan, replacing, among other sections, section 8.01 of the First Amended Plan in its entirety, seeking to expressly reserve causes of action against Dixon.

14. Modified Section 8.01 now provides in pertinent part as follows:

> **Reservation of causes of action against Dixon Water Foundation**. The Debtor has causes of action against Dixon Water Foundation ("Dixon") related to a deed in lieu of foreclosure recorded by Dixon on or about July 2, 2020, pursuant to which Dixon took title to approximately 1,531.75 acres or land owned by the Debtor in Parker County, Texas. The Debtor's causes of action against Dixon related to this transaction are for preferential transfer under 11 U.S.C. Section 547, fraudulent transfer under 11 U.S.C. Section 548, recovery of avoidable transfers under 11 U.S.C. Section 550, and disallowance of claims under 11 U.S.C. Section 502. It is possible the Debtor has other causes of action against Dixon related to the same transaction. Without limiting the general reservation of all causes of action by the Debtor in the foregoing paragraph, the Debtor hereby specifically reserves and retains the aforementioned causes of action against Dixon. The Debtor intends to file an adversary complaint against Dixon based on these causes of action.

Plan Modification ¶ 6.

15. Dixon asserts that the above causes of action are without merit and that it has complete defenses to same. Dixon reserves all rights to assert defenses, affirmative defenses,

claims, rights, actions, counterclaims, rights of setoff and/or recoupment in connection with such causes of action.[1]

**C. The Plan Does Not Comply with the Provisions of the Bankruptcy Code**

16. While Dixon firmly believes that it is highly unlikely that the Debtor will succeed with regard to any of the causes of action it asserts it possesses against Dixon, litigation outcomes can be uncertain. In that regard, in what Dixon believes the unlikely event that the Debtor avoids the transfer of the real property and such real property becomes property of the estate, subject to Dixon's lien on the real property, the Plan provides no guidance for the treatment of secured claims such as the one Dixon would then have, i.e. there is no class of "Secured Claims" in the Plan. Nor does it establish the ability to pay such Secured Claims from a feasibility standpoint. Accordingly, the Plan does not comply with the requirements of the Bankruptcy Code § 1129 and should not be confirmed.

17. In addition, in the unlikely event that the Debtor avoids the transfer of the real property and Dixon is determined to have an unsecured claim, the Plan is not feasible as neither the Disclosure Statement nor the Plan demonstrate how the Debtor would be able to pay what would be a claim in excess of $20 million. The projections attached to the *Second Amended Disclosure Statement for Debtor's First Amended Plan of Reorganization Dated November 19, 2020* [Docket No. 56] (the "Second Amended Disclosure Statement") and the Second Amended Disclosure Statement contemplate that the Plan is feasible because "the funds necessary to fund the Plan will come from the ongoing sales of developed lots." Second Amended Disclosure

[1] By filing this Objection, Dixon does not consent to and does not waive the right to have final orders in non-core matters entered only after de novo review by the United States District Court, does not waive the right to trial by jury in any proceeding to which such right exists in the Bankruptcy Case or in any case, controversy, or proceeding related to the Bankruptcy Case, does not waive the right to have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, and does not waive the right to contest jurisdiction or appropriate venue in any related proceeding.

Statement § 8.01. These projections, however, were based on the Debtor retaining and developing certain real property (the "118 Acres") on which the Bankruptcy Court entered its *Agreed Order Granting Motion Pursuant to 11 U.S.C. §363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* [Docket No. 78] (the "Sale Order").

18. On May 10, 2021, Citizens Bank filed *Citizens Bank's Comment Regarding Confirmation of Amended Chapter 11 Plan* [Docket No. 85] whereby it states that the closing on the sale of the 118 Acres has not yet occurred. There is nothing in the Disclosure Statement or Plan that demonstrates the feasibility of the Plan should Dixon have allowed claims that arise if the Debtor succeeds in its pursuit of alleged avoidance actions against Dixon. Accordingly, the Plan does not comply with the requirements of 11 U.S.C. § 1129 and should not be confirmed.

19. The Plan purports to unimpair Allowed General Unsecured Claims, however, the treatment for Class 2: Allowed General Unsecured Claims is as follows: "Class 2 Claims shall be paid in full on or before the Effective Date." It will be unknown as of the Effective Date of the Plan whether Dixon has an Allowed General Unsecured Claim under the Plan. This also goes to feasibility given that there will be insufficient proceeds from the sale of the 118 Acres, if it closes, to escrow to satisfy any such claim of Dixon. There are also no provisions in the Plan to address reserving for disputed claims.

20. In addition, the Plan while purporting to leave Allowed General Unsecured Claims unimpaired, does not provide for the payment of post-petition interest on such Allowed General Unsecured Claims while all Equity Interests in the Debtor are being retained. Allowed General Unsecured Claim should be paid post-petition interest at their contract rate.

21. The Plan should be amended to provide that the Plan does not operate to strip any lien, claim, interest or encumbrance that Dixon may have should the Debtor avoid the transfer of the real property.

22. Dixon reserves the right to amend and/or supplement this Objection, including at the Confirmation Hearing or at any subsequently scheduled hearing to consider confirmation of the Plan or any amended Plan.

WHEREFORE, PREMISES CONSIDERED, Dixon respectfully requests that the Court (a) deny confirmation of the Plan; and (b) that the Court grant such other and further relief to which Dixon may be justly entitled at law or in equity.

Dated: May 11, 2021

**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7565
Facsimile: (214) 978-5335
Email: dperry@munsch.com

By: /s/ Deborah M. Perry
Deborah M. Perry
Texas Bar No. 24002755

**ATTORNEYS FOR DIXON WATER FOUNDATION**

CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of May, she caused the foregoing pleading to be served upon all parties receiving ecf notification in the Bankruptcy Case through the Court's ecf system including on counsel for the Debtor.

/s/ Deborah M. Perry
Deborah M. Perry