Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

# DEBTOR'S OBJECTION TO EMERGENCY MOTION OF DIXON WATER FOUNDATION FOR CONTINUANCE OF PLAN CONFIRMATION HEARING

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW BM318, LLC, Debtor in the above entitled and numbered case ("Debtor"), and files this its *Debtor's Objection to Emergency Motion of Dixon Water Foundation for Continuance of Plan Confirmation Hearing* and would respectfully show the Court as follows:

1. The Plan and Disclosure Statement pending before the Court prior to any modifications stated as follows:

> **D/S 8.01** All causes of action shall remain fully vested in the Reorganized Debtor. The failure to identify a claim or cause of action is not specifically a waiver of such claim or cause of action. To the extent of any recovery on claims and causes of action that belong to the Reorganized Debtor as disclosed herein, if any, such funds will be contributed by the Reorganized Debtor (less costs and expenses associated with any litigation) to pay the Class 7 creditors with allowed claims.

> **Plan 8.01** **The Debtor's Causes of Action**. Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all

> Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or Reorganized Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Reorganized Debtor for the benefit of the Creditors subsequent to the Effective Date. This Plan shall not estop the Debtor or Reorganized Debtor from asserting any claim or cause of action whether disclosed or not. Debtor has a claim against Southern Star Capital, LLC as there was a pending state court lawsuit on file prior to the filing of the Chapter 11 case. The Debtor preserves all claims and causes of action against Southern Star Capital, LLC and Citizens National Bank as set forth in that lawsuit or as may otherwise be asserted against them including as resulting from improper handling of this account and/or for failure to provide a proper accounting of amounts due and owing.

Concerned about the specificity of the statements in the Plan and Disclosure Statement, the Debtor has amended its Schedules to be sure that any claims against Dixon Water Foundation were preserved, even though arguably were already preserved as set forth above. No lawsuit has been filed against Dixon Water Foundation. But the Debtor desires to preserve such claims and causes of action against Dixon Water Foundation and all related persons.

2. There is no reason to delay confirmation for Dixon Water Foundation, a possible future creditor of the Debtor. The language included in the Second Modification is adequate to cover what is required for Disclosure and the Bankruptcy Code affixes the rights of the recipient of a possible creditor that received a fraudulent transfer, preference or other cause of action.

3. The Second Modification reads as follows:

**Contingent Claims of Dixon Water Foundation**

The Contingent Claims of Dixon Water Foundation ("Dixon") that may arise in the event the Debtor prevails on the causes of action against Dixon described in Section 8.01 of the Plan. Should this occur, the real property transferred by the Debtor to Dixon prior to the Petition Date may be returned to the Debtor subject to the rights and claims of Dixon. In this event, the Debtor will immediately list all or part of said real property for sale in an amount at least sufficient to satisfy the claims of Dixon and shall pay the Claims, if any, in full upon the closing of said sale. Dixon was a prior lender of the Debtor and if the property is returned its claims will bear interest as provided in its loan documents as well as fees and costs as permitted by it loan documents and the Court. Dixon shall retain all valid liens it may have until its claims are paid in full.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court enter its order denying the relief requested in the Motion, and that the Court grant the Debtor such other and further relief as it may deem just and proper.

Dated: May 12, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below:

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Joyce W. Lindauer on behalf of Debtor BM318, LLC
joyce@joycelindauer.com; dian@joycelindauer.com; gina@joycelindauer.com

Deborah M. Perry on behalf of Interested Party Dixon Water Foundation
dperry@munsch.com

Scott A. Ritcheson on behalf of Creditor Citizens Bank
scottr@rllawfirm.net; mistyb@rllawfirm.net

Laurie A. Spindler on behalf of Creditor Parker CAD
Laurie.Spindler@lgbs.com; Dora.Casiano-Perez@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer