Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**THIRD MODIFICATION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

COMES NOW BM318, LLC, the debtor herein ("Debtor"), and files this its Third Modification to the *Debtor's First Amended Plan of Reorganization* filed on November 19, 2020 (Doc. No. 39, the "Plan"), as modified by *the First Modification to the Debtor's First Amended Plan of Reorganization* (Doc. No. 79, the "First Modification") is modified as follows:

**Contingent Claims of Dixon Water Foundation**

On or about February 27, 2020, The Dixon Water Foundation f/k/a The Dixon Foundation, a Texas non-profit corporation ("Dixon"), in its capacity as Lender, the Debtor, in its capacity as Borrower and American Escrow Company as escrow agent entered into that certain Deed in Escrow Agreement (the "Deed in Escrow Agreement"). The property the subject of the Deed in Escrow Agreement is defined as follows: approximately 1,531.75 acres located in Parker County, Texas, as more particularly described in Exhibit A attached to the Special Warranty Deed between the Debtor as Grantor and Dixon as Grantee (the "Special Warranty Deed"), filed under Document

Number 202019524 with the Official Public Records of Parker County, Texas (the "Property"). The following is described as the "Transfer".

If the Transfer of the Property from the Debtor to Dixon is voided, avoided, or set aside for any reason whatsoever, in whole, or in part, then (a) all of the liens and security interests (the "Liens") that evidenced or secured the payment of the indebtedness owned and held by Dixon, said indebtedness being described in Exhibit C attached to the Special Warranty Deed (the "Indebtedness"), including, without implied limitation, (i) the liens and security interests described in Exhibit C attached to the Special Warranty Deed, and (ii) other liens and security interests related thereto, shall be automatically revived and reinstated as part of such action; (b) Dixon shall have the right to exercise all of its rights and remedies under the Loan Documents; (c) as determined by a court of competent jurisdiction, the Property shall be subject to the legal, equitable and contractual rights and claims of Dixon pursuant to the Loan Documents between the Debtor and Dixon; and (d) all costs incurred by Dixon in connection with enforcement of the Liens may be deemed to be a part of the Indebtedness secured by the Liens.

Nothing in the Debtor's First Amended Plan of Reorganization Dated November 19, 2020, as amended or modified (the "Plan") or in the order confirming the Plan shall operate to nullify, strip, remove, cancel or otherwise release any lien, claim, interest or encumbrance that Dixon may possess should the Debtor or any assignee of the Debtor avoid the Transfer of the Property, in whole or in part.

Nothing in the Plan or in the order confirming the Plan shall operate to release or waive any of Dixon's defenses, affirmative defenses, claims, rights, actions, counterclaims, or rights of setoff or recoupment in connection with the causes of action the Debtor purports to reserve pursuant to the Plan.

"Loan Documents" are defined to include that certain (i) Promissory Note (as amended or modified, the "Note"), dated November 26, 2018, executed by the Debtor payable to the order of

Dixon in the original principal amount of $32,946,900.00 (the "Loan"), (ii) Deed of Trust, Security Agreement and Financing Statement dated as of November 26, 2018 and filed under Document Number 201829927 with the Official Public Records of Parker County, Texas (the "Deed of Trust"), (iii) Loan Modification and Forbearance Agreement dated July 26, 2019, executed by the Debtor and Dixon (the "First Modification"), (iv) Second Loan Modification Agreement dated October 1, 2019, executed by the Debtor and Dixon (the "Second Modification"), (v) Third Loan Modification Agreement dated December 17, 2019, executed by the Debtor and Dixon (the "Third Modification"), (vi) Fourth Loan Modification Agreement dated January 8, 2020, executed by the Debtor and Dixon (the "Fourth Modification"), (vii) Fifth Loan Modification Agreement dated January 31, 2020, executed by the Debtor and Dixon (the "Fifth Modification"), and (viii) Deed in Escrow Agreement dated February 27, 2020, executed by the Debtor, Dixon and American Escrow Company (the "Deed in Escrow Agreement").

**Class 2: Allowed General Unsecured Claims**

Class 2 shall consist of Allowed Unsecured Claims, other than the Claims of Class 3 Insiders. Each Class 2 Claim shall be paid in full on or before the Effective Date, or if a Class 2 Claim has not been Allowed as of the Effective Date, such Class 2 Claim shall be paid in full within five (5) days of the date on which such Class 2 Claim becomes Allowed. It is the Debtor's position that this Class is not Impaired.

Dated: May 25, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 25, 2021, a true and correct copy of the foregoing document was served via email through the Court's CM/ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer