United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1247

Elizabeth Ziegler Young,
for the United States Trustee
elizabeth.a.young@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | | |
| | § | |
| | § | |
| **BM318, LLC** | § | **Case No. 20-42789-mxm-11** |
| | § | **(Chapter 11)** |
| | § | |
| **Reorganized Debtor.** | § | |

**Supplement to the United States Trustee's Objection to First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel** [docket no. 113]

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), files this Supplement to the *United States Trustee's First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel* ("Application"). [docket no. 113]. The United States Trustee would respectfully show:

## Overview

In addition to the grounds set forth in his Objection for the denial or reduction in fees, the United States Trustee also requests that to the extent the court denies all or any portion of the Applicant's fees, that Applicant's pre-petition retainer be refunded under Section 329.

## Facts

1. On September 1, 2020 ("Petition Date"), BM318 LLC ("Debtor") filed a voluntary chapter 11 petition, commencing case no. 20-42789-mxm-11.

2. This Supplement incorporates by reference the facts, allegations and arguments set forth in the *United States Trustee's Objection to First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel* [docket no. 113].

3. On September 17, 2020, Applicant filed an application seeking employment as of the Petition Date ("Employment Application") [docket no. 15].

4. The Employment Application provided that Applicant would request the allowance of fees and expenses in accordance with both Fed. R. Bankr. P. 2016(b) and section 330(a) of the Bankruptcy Code.

7. Joyce W. Lindauer Attorney, PLLC has been paid a retainer of $11,717.00, which included the filing fee of $1,717.00, in connection with this proceeding. The Statement required to be filed pursuant to Bankruptcy Rule 2016 is on file in this proceeding.

6. On October 8, 2020, the Rule 2016 Statement was filed which states the following:

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | **$25,000.00** |
| Prior to the filing of this statement I have received | **$11,717.00** |
| Balance Due | **$13,283.00** |

2. The source of the compensation paid to me was:

☐ Debtor ☑ Other (specify)
**Carnegie Development LLC -- included filing fee of $1,717.00**

[docket no. 20]

7. Statement of Financial Affairs question 11 states:

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe the property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Joyce W. Lindauer Attorney, PLLC | Included the filing fee of $1,717.00 | 9/1/20 | $11,717.00 |

**Address**

1412 Main Street
Street
Suite 500

Dallas TX 75202
City State ZIP Code

**Email or website address**

**Who made the payment, if not debtor?**
Carnegie Development LLC

[docket no. 21]

8. Applicant did not file any interim fee applications or requests to drawn down on the retainer during the administration of this case.

## Objection

To the extent Applicant's fees are denied, the retainer should be returned under Section 329

9. If an attorney's compensation exceeds the reasonable value of the services provided, § 329(b) provides that the Court may "order the return of any such payment" if such "compensation exceeds the reasonable value of any such services." 11 U.S.C. § 329(b)(1) and (2). Federal Rule of Bankruptcy Procedure 2017(a) gives the Bankruptcy Court jurisdiction to review any fees paid "before entry of the order for relief." Fed. R. Bankr. P. 2017(a). Section 329 applies to services rendered in connection with the bankruptcy and attorneys are "entitled to be paid for such services only to the extent that the bankruptcy court determines its fees to be reasonable." *Matter of Hargis*, 895 F.2d 1025, 1026 (5th Cir. 1990). According to Applicant's Rule 2016 statement, Applicant received a pre-petition retainer of $10,000.00 and filing fee of $1,717. [docket no. 20]. To the extent the Court denies Applicant's fees, any portion of the

retainer should be returned to Carnegie Development, LLC.

**Conclusion**

The United States Trustee respectfully requests that the Court sustain his objections. The United States Trustee requests any additional relief to which he may be entitled.

DATED: February 10, 2022

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also NY)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1247
elizabeth.a.young@usdoj.gov

**Certificate of Service**

I certify that on February 10, 2022, all parties entitled to receive ECF notice received a copy of this document.

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young