Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**RESPONSE TO U.S. TRUSTEE'S OBJECTION TO MOTION TO EXTEND TIME FOR FILING FEE APPLICATION OF DEBTOR'S COUNSEL**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT**:

COMES NOW Joyce W. Lindauer Attorney, PLLC, counsel for Debtor in the above entitled and numbered case ("Counsel"), and filed this its Response to the U.S. Trustee's Objection to Counsel's Motion to Extend Time for Filing Fee Application (Doc. No. 119, the "Objection"), and would show the Court as follows:

1. In its Objection the U.S. Trustee (the "Trustee") relies in great part on the U.S. Supreme Court's opinion in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993), a case in which a creditor inadvertently missed the deadline for filing a proof of claim. The Trustee cites this case for the proposition that the Supreme Court favors a rigid, no-forgiveness approach to missing a procedural deadline through inadvertence. The Trustee states that "[t]he Supreme Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable neglect.' " (paragraph 22 of the Objection , citing *Pioneer* at 392, 113 S.Ct. 1489). However, this is not the complete quote.

To be fair, the movant herein quoted the passage in the same way, as did two court opinions cited by the Trustee.[1] But the *actual* language is far more forgiving:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, *it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.* [emphasis added]

*Pioneer*, at 392.

2. In fact, the *Pioneer* court ruled in favor of the creditor and allowed the late-filed proof of claim, as did the Sixth Circuit Court of Appeals below it, a fact omitted from the Trustee's Objection. The Supreme Court's opinion stresses the equitable nature of the issue and does not present the kind of hard-line approach advocated by the Trustee. For example:

> Petitioner suggests that exacting enforcement of filing deadlines is essential to the Bankruptcy Code's goals of certainty and finality in resolving disputed claims. Under petitioner's view, any showing of fault on the part of the late filer would defeat a claim of "excusable neglect". … We think that petitioner's interpretation is not consonant with either the language of the Rule or the evident purposes underlying it. First, the Rule grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to *esp[ecially] through carelessness*." Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.

*Pioneer*, at 388.

> Our view that the phrase "excusable neglect" found in Bankruptcy Rule 9006(b)(1) is not limited as petitioner would have it is also strongly supported by the Federal Rules of Civil Procedure, which use that phrase in several places. Indeed, Rule 9006(b)(1) was patterned after Rule 6(b) of those Rules. Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." As with Rule 9006(b)(1), there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to

[1] Motion to Extend Time for Filing Fee Application of Debtor's Counsel (Doc. No. 114, page 2); *In re Alda*, No. 10-8037, 2010 Bankr. LEXIS 4098, at *18 (B.A.P. 6th Cir. 2010); *In re Anderson*, 253 B.R. 14, 19 (Bankr. E.D. Mich. 2000).

> inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer*, at 391.

> This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. See 943 F.2d at 677.

*Pioneer,* at 395.

> [R]eading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word "neglect" and would be at odds with the accepted meaning of that word in analogous contexts.

*Pioneer,* at 396.

> As the Court of Appeals found, the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim.

*Pioneer,* at 397.

3. In this case the equities weigh heavily in favor of extending the deadline to file the fee application. This is discussed in the Motion to Extend Time, but to summarize:

- Debtor's counsel's mistake in missing the deadline for filing the fee application was not in bad faith. The Trustee has made no allegation of bad faith and there is no evidence of any.

- The late filed fee application does not prejudice the Debtor as the Debtor was aware of the pending fee application and the payment of the fees will not affect Debtor's ability to pay its claims under the plan of reorganization. The fees will be paid by a non-debtor entity.

- The president of the Debtor is filing a declaration in which he waives the 60-day deadline to file the fee application.

- Because a plan of reorganization already has been confirmed, to a great extent through the efforts of Debtor's counsel in this difficult case, the judicial administration of the case will not be affected by allowing the late filing.

4. This is not to suggest that missing the deadline should be without consequences. Debtor's counsel made an error, which it regrets. Counsel hereby voluntarily offers to reduce its allowed fees by 10% to help alleviate any concerns that it does not treat such deadlines with the seriousness they deserve.

WHEREFORE, PREMISES CONSIDERED, the Movant requests the Court to enter an order granting the Motion to Extend Time, and granting such other and further relief as to which it may be justly entitled.

Dated: February 18, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR BM318, LLC, DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 18, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case listed below.

Robert W. Buchholz
bob@attorneybob.com

Kimberly Paige Harris
kharris@qslwm.com, kvargas@qslwm.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry
dperry@munsch.com

Scott A. Ritcheson
scottr@rllawfirm.net, mistyb@rllawfirm.net

Joshua Lee Shepherd
jshepherd@qslwm.com, dcruz@qslwm.com

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Elizabeth Ziegler Young
elizabeth.a.young@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer