Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO FIRST AND FINAL APPLICATION TO APPROVE PAYMENT OF FEES AND EXPENSES OF DEBTOR'S COUNSEL AND SUPPLEMENT THERETO**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Joyce W. Lindauer Attorney, PLLC, counsel for Debtor in the above-styled and numbered case, and files this *Response to United States Trustee's Objection to First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel* ("Response," "Objection," and "Application," respectively) and to the United States Trustee's Supplement supporting such Objection, and in support thereof respectfully shows the Court the following:

**Retention of Counsel by the Debtor**

1. On September 17, 2020, Debtor filed its application to employ the firm of Joyce W. Lindauer, Attorney PLLC (the "Firm" or "Applicant" as appropriate) to represent the Debtor in these bankruptcy proceedings. In that application, the firm owner, Joyce W. Lindauer, along with two associate attorneys employed by the firm provided affidavits in which they attested that

they did not have any interests adverse to those of the Debtor and were thus "disinterested" as that term is defined in 11 U.S.C. § 101(14).

2. This Court entered its Order authorizing the employment of Debtor's counsel on October 13, 2020. Here is what the Affidavit attached to the Application stated when the employment was approved:

> 3. Neither I, nor any member of the Firm nor **contract attorney**, is a creditor, equity security holder, or an insider of the Debtor. Neither I, nor any member of the Firm nor **contract attorney**, are and have not been within two (2) years prior to the filing of the petition, a director, officer or employee of the Debtor.
>
> 4. Neither I, nor any member of the Firm nor **contract attorney**, hold any interest adverse to the estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor in the above-styled bankruptcy case and in the matters upon which the Firm is to be engaged as attorney for Debtor.
>
> 5. Neither I, Joyce W. Lindauer Attorney, PLLC, nor any partner, counsel, associate or **contract attorney** thereof, insofar as I have been able to ascertain, have any connection with the Debtor or its creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys.
>
> 6. Additionally, the proposed employment of the Firm is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no attorney at the Firm nor **contract attorney** is related, to any United States Bankruptcy Judge or District Court Judge for the Northern District of Texas or the United States Trustee for such district or any employee in the office thereof.
>
> 7. To the best of my knowledge, I and each member of the Firm and **contract attorney** is presently a disinterested person as defined in Section 101(14) of the Bankruptcy Code.
>
> 8. No promises have been received by the Firm, nor any partner, counsel, associate, nor **contract attorney** thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this case. (emphasis added)

3. At the time the Firm was retained and its employment approved it was expressly stated that **contract attorneys** would be utilized and that the Firm did and would vet them for any possible conflicts and disinterestedness. This is exactly what happened in this case. So the Court

is aware, the Firm has used contract attorneys throughout its life in Chapter 11 cases. This situation in this case is not a one-off situation as will be pointed out further herein.

**Fees Requested and Involvement of Paul Geilich**

4. At the time the Application was filed covering the period from September 1, 2020, through August 2, 2021, plus limited time spent in preparation of the application, the Firm provided legal services to the Debtor and incurred expenses since its employment totaling $53,158.41. All such fees and expenses incurred for the Firm's services represent actual, necessary services rendered by the Firm for the benefit of the Debtor's estate and its creditors.

5. Notably, during the time in which it provided the aforementioned services, Ms. Lindauer found it necessary to use the legal services of attorney Paul Geilich. Mr. Geilich works for the Firm. Ms. Lindauer made certain that Mr. Geilich (like all members of the Firm) had not, or did not, work on any projects or cases for any person or entity that would have created a conflict of interest with this case. Furthermore, Ms. Lindauer provided supervision over Mr. Geilich in terms of what tasks he was to perform, when they were to be performed, and how they were to be performed. All items produced were reviewed by Ms. Lindauer prior to filing with this Court to ensure they comported with her demands for quality and content. Essentially, she had control over his work product and nothing was filed except by Ms. Lindauer.

6. Ms. Lindauer did not amend her application to include Mr. Geilich since the Application disclosed the use of contract attorneys by the Firm and because he was only acting under Ms. Lindauer's direct supervision at all times as a part of the Firm. Applicant has found no case law that would require an amendment to an application for employment under these circumstances. But to the extent necessary Mr. Geilich has provided his affidavit in this matter which is attached hereto as **Exhibit "A."**

7. Regarding the additional assertions related to the legal services provided by Mr. Geilich amounting to $18,831.50 in fees, there is nothing improper in using him and billing for his time, particularly since the purpose of doing so was to provide competent legal help at a reduced cost to the client. Case law is clear on the point that when a law firm hires an associate attorney on a temporary or contract basis, there would be no question that the firm could bill the estate for their time and receive compensation for it. *In re Worldwide Direct, Inc.*, 316 B.R. 637, 648 (Bankr. D. Del. 2004). The Affidavit of Tim Barton, attached hereto as **Exhibit "B,"** confirms the need for the attorney's services for the successful conduct of this case, which included the services of Mr. Geilich.

8. Where a "temporary lawyer is working under the direct supervision of a lawyer in a firm, the fact that the temporary lawyer will work on the client's matter will not ordinarily have to be disclosed to the client." *Id.* at 651; see also *In re Wright*, 290 B.R. 145, 153 (Bankr. C.D. Cal. 2003). Here, Mr. Geilich, who Ms. Lindauer vetted to ensure that he had no conflicts in this case and who was thus "disinterested" in accordance with the provisions of 11 U.S.C. § 327(a), and whose work Ms. Lindauer supervised, was indeed a temporary lawyer of the Firm working on this case. Bankruptcy courts have also concluded that when a firm is employed by a client where the temporary attorneys it hired were closely supervised by another firm attorney, as in the instant case, a separate retention application for that temporary attorney is not necessary. *In re Worldwide Direct, Inc.* at 651.

9. As to the U.S. Trustee's implication that Mr. Geilich held or represented "an interest adverse to the estate" and was somehow not a "disinterested person" as required by 11 U.S.C. § 327(a) which would permit the Court to deny compensation for services he rendered pursuant to the terms of 11 U.S.C. § 328(c), the U.S. Trustee merely presumes such adverse interest

to support the narrative of the U.S. Trustee's punitive requests. To ensure that the Court is aware that Mr. Geilich neither possessed an adverse interest at the time he worked on Debtor's case, and still has no interest adverse to those of the Debtor, Applicant offers the affidavit of Mr. Geilich attesting to those facts attached hereto as **Exhibit "A."**

10. Further, Applicant would bring to the Court's attention that since June 2020, Mr. Geilich has provided legal services for the Firm in approximately fourteen (14) Chapter 11 bankruptcy cases, nine (9) of which have been heard in the U.S. Bankruptcy Court for the Northern District of Texas, with six (6) of those being heard in the Dallas Division. In only one (1) of the fourteen (14) cases was Mr. Geilich ever mentioned in the Firm's Application to Employ Counsel. In thirteen (13) of the fourteen (14) cases, the Firm's fees and expenses were approved without objection despite there being no mention of Mr. Geilich in the Applications to Employ Counsel. The last of these cases was dismissed and thus no fee application was filed. A review of the Fee Applications filed at the culmination of each case has revealed that the verbiage contained in each corresponding to each attorney's entries (including those of Mr. Geilich) was nearly identical to that contained in the one filed in the instant case in terms of both task descriptions and accounting for time.

**The Plan Approved by the Court and Timing of the Fee Request**

11. As for the Amended Plan drafted by the Firm [Dkt No. 39], it states that "[e]ach Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtor's counsel and the U.S. Trustee, a Fee Application within sixty (60) days after the Effective Date." Notably, however, in the Plan itself nor any other order of the Court is there a mention of any penalty or waiver of fees if said Fee Application is not filed within this time period. Further, the Court never issued any

post-confirmation order requiring that the Firm file its Fee Application within the 60-day period after the plan Effective Date. Because there has been ongoing litigation in this case the time to file for fees in the Plan was missed as there has been ongoing work on this case for every month since the case was filed.

12. The client's representative, Tim Barton (President of BM318, LLC), has provided his affidavit wherein he indicates that he is familiar with the provisions of the confirmed plan (which incidentally provides that each creditor shall receive payment in full [i.e. 100%] of the debt obligations owed to them), including the deadline for filing professional fee applications, and that the Firm filed its Application after that deadline, but noted that the Debtor nor any creditor has complained about the timing of the filing of the Application, and that the only objecting party-in-interest to said Application is the U.S. Trustee. Mr. Barton waived the 60-day deadline mentioned in the Plan and has requested that the Court approve the Application since the Debtor has the ongoing need for counsel in this case. The greater harm certainly would be for counsel to go unpaid and withdraw from the case over these matters.

13. Notably, the U.S. Trustee says nothing about the actual work done by Debtor's counsel or the fact that they obtained a successful result in the underlying case. This is very much a form over substance approach to a problem that can be fixed which they are refusing to allow to be fixed. It is clear they are being punitive to Debtor's counsel in this matter.

**<u>Descriptions of Time Expended on This Case</u>**

14. Regarding the conclusory assertion that the Application contains "vague and clumped" time entries (and specifically 26 separate entries), Standing Order 2000-7 issued by the United States Bankruptcy Court for the Northern District of Texas, and which incorporates the *Guidelines for Compensation and Expense Reimbursement of Professionals* ("Guidelines") does

indeed state that "[i]f a number of separate tasks are performed on a single day, the fee application should disclose the time spent for each task, i.e. no 'grouping' or 'clumping.'" *Guidelines* at § II.D. The Guidelines go on to state that "a rule of reason applies as to how specific and detailed the breakdown needs to be. For grouped entries, the applicant must accept the Court inferences therefrom." *Id*. The last of these statements clearly envisions the possibility of grouped, i.e. "clumped," entries.

15. Here, the Application has been amended to more fully address the concerns about "vague" and "clumped" time entries.

16. To provide the U.S. Trustee and the Court with more description concerning its entries for reimbursable time spent, the Applicant has attached hereto a modified and more expansive version of the Fee Exhibit previously attached to Applicant's fee application addressing the U.S. Trustee's concerns about description of tasks and the time spent. See **Exhibit "C."**

**Request for Refund**

17. Finally, in connection with the United States Trustee's Supplement supporting its Objection, Applicant argues that should the Court deny all or even part of the Applicant's fees, the Court should order a full refund of the pre-petition retainer. However, a full refund is not what is implicated by the section of the Bankruptcy Code (the "Code") referenced by the U.S. Trustee, namely 11 U.S.C. § 329. That section of the code merely provides for a return of any payment for services to the extent that it is "excessive." The relief requested by the U.S. Trustee presupposes that the extensive legal services provided by Applicant to Debtor amounting to the sum of all fees and expenses, which included an $11,717.00 retainer that incorporated the bankruptcy filing fee paid by Debtor, would be excessive in their entirety so much so that those services would have no reasonable value as that term is used in 11 U.S.C. § 329. Further, the retainer was paid by a non-

debtor as disclosed to the Court on the filing of the case and that non-debtor should have the right to pay for the services provided by the Firm and has not sought a refund.

WHEREFORE, PREMISES CONSIDERED, the Applicant, Joyce W. Lindauer Attorney, PLLC, respectfully requests this Honorable Court overrule the Objections of the United States Trustee, or in the alternative, permit the Applicant to provide more detailed description of tasks and time spent on such tasks in support of its *First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel*, and upon provision of such information, to approve said Application for payment of its professional fees and expenses in the amount of $53,158.41 in connection with these proceedings in accordance with the provisions of 11 U.S.C. § 503(b)(1)(A) and §507(a), less the retainer received, for a net allowance of $41,441.41. Finally, Applicant prays that this Court grant such other and further relief, in law or equity, to which it may show itself justly entitled.

Dated: February 18, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 18, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case listed below.

Robert W. Buchholz
bob@attorneybob.com

Kimberly Paige Harris
kharris@qslwm.com, kvargas@qslwm.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry
dperry@munsch.com

Scott A. Ritcheson
scottr@rllawfirm.net, mistyb@rllawfirm.net

Joshua Lee Shepherd
jshepherd@qslwm.com, dcruz@qslwm.com

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Elizabeth Ziegler Young
elizabeth.a.young@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**SWORN DECLARATION OF PAUL B. GEILICH**

STATE OF TEXAS )
)
COUNTY OF DALLAS )

1. "My name is Paul B. Geilich and I am over eighteen (18) years of age. I am duly admitted to practice law in the State of Texas and the United States Bankruptcy Court for the Northern District of Texas. I am an attorney providing services to the law firm Joyce W. Lindauer Attorney, PLLC (the "Firm") and its clients. I have worked for the Firm remotely on an as-needed basis since June 2020. Although I work on select cases, I am covered by legal malpractice insurance purchased by the Firm. I am compensated for my work by the Firm on an hourly basis and receive an IRS Form 1099 from the Firm as evidence of my income for tax purposes.

2. I have never been convicted of a crime and am fully competent to make this Declaration. I have personal knowledge of the facts stated herein and they are all true and correct. I make this Declaration in support of the Debtor's Application to Employ Counsel.

3. I am not and have never been a creditor, equity security holder, or an insider of the Debtor. I am not and have never been, a director, officer or employee of the Debtor.

4. I do not hold any interest adverse to the estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in,

EXHIBIT
tabbies
A

the Debtor in the above-styled bankruptcy case and in the matters upon which the Firm is engaged as attorney for Debtor.

5. I do not have any connection with the Debtor or its creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys.

6. I am not related to any United States Bankruptcy Judge or District Court Judge for the Northern District of Texas or the United States Trustee for such district or any employee in the office thereof.

7. I am a disinterested person as defined in Section 101(14) of the Bankruptcy Code.

8. I have been requested and have provided services for the Firm in support of its legal services provided to the Debtor, BM318, LLC. My employment is not prohibited by or improper under Bankruptcy Rule 5002. The Debtor and/or its representatives are fully aware and approve of my involvement in this case as an attorney hired by the Firm to provide services related to the matter or matters underlying these proceedings.

9. The disclosures identified above are based upon all information reasonably available to the Firm at the time of submission of this Declaration. To the extent necessary, I will supplement this Declaration as may be required by the Bankruptcy Code and Bankruptcy Rules if and when any other relationships exist or are modified such that further disclosure is required.

10. The Firm charges for my time at the rate of $325 to $395 per hour, and has done so throughout this case, subject to Court approval. I believe that the charges for such services are fair and reasonable and within the normal range for services rendered in similar cases within the Northern District of Texas.

11. No promises have been received by me as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. I have no agreement with any other entity to share with such entity any compensation received by the Firm or me in connection with this case.

12. All of my statements above are and have been true and correct throughout this case from its inception.

13. I declare under penalty of perjury that the foregoing statements are within my personal knowledge and are true and correct.

EXECUTED this 16th day of February, 2022.

Paul B. Geilich

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BM318, LLC, | § | CASE NO. 20-42789-mxm-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**AFFIDAVIT OF TIMOTHY BARTON IN SUPPORT OF DEBTOR'S FIRST AND FINAL APPLICATION TO APPROVE PAYMENT OF FEES AND EXPENSES TO DEBTOR'S COUNSEL**

STATE OF TEXAS )
)
COUNTY OF DALLAS )

BEFORE ME the undersigned authority, on this day personally appeared the undersigned affiant, who by me sworn, upon oath stated:

1. "My name is Timothy Barton and I am over eighteen (18) years of age. I have never been convicted of a crime and am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein and they are all true and correct. I make this Affidavit in support of the Debtor's First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel ("Application"). [Docket No. 110].

2. I am the president of BM318, LLC, the debtor in the above-referenced case. During the case I have acted as the debtor's primary decision maker and manager of operations, including almost all communications and liaison with Joyce Lindauer and other attorneys at the firm of Joyce Lindauer Attorney, PLLC.

3. I am familiar with the confirmed plan of reorganization in this case (Doc. No. 36, as modified). I have reviewed Ms. Lindauer's Application and the objection to the Application filed by the U.S. Trustee's office on February 4, 2022 (Doc. No. 113). I understand that the plan



EXHIBIT
B

set a deadline of 60 days after the effective date of the plan for the filing of professional fee applications, and that Ms. Lindauer's firm filed its Application after the deadline. However, neither the debtor nor any other party has been harmed by the late filing, and no party-in-interest has objected to the late filing other than the U.S. Trustee. Ms. Lindauer's firm provided valuable services to the debtor during this case and the plan of reorganization could not have been confirmed with^out the efforts of the firm and its attorneys.

4. I agree with the terms of the Application and believe it should be granted. On behalf of myself and BM318, LLC, I hereby waive the 60-day deadline for filing the Application and request the Court to approve the Application.

EXECUTED this 8 day of February, 2022.

Timothy Barton

Subscribed and sworn to before me this this 8 day of February, 2022.

Notary Public in and for the State of Texas
Notary ID No. 131734480
Printed Name: Bella D. Khusal
My Commission Expires: 09-24-2022

NOTARY PUBLIC STATE OF TEXAS
Bella D Khusal
My Commission Expires
09/24/2022
ID No. 131734480

## REVISED EXHIBIT "A"
FEE APPLICATION DATA AND SUMMARIES
11/18/2021

| I. GENERAL INFORMATION | |
|---|---|
| Debtor/Client | BM318, LLC |
| Case Number | 20-42789 |
| District / Division | Northern / Fort Worth |
| Fee Application Type (interim/final) | Final |
| Interim Fee Application Number (if applicable) | n/a |
| Date of Retention | 9/1/2020 |
| Date of Order Granting Application to Employ | 10/13/2020 |
| Time Period Covered | 9/1/2020 through 8/2/2021 |
| Applicant | Joyce W. Lindauer Attorney, PLLC |
| Capacity | Debtor's Attorney |

| II. CASE HISTORY | |
|---|---|
| Date Filed | 9/1/2020 |
| Chapter Under Which Case Was Commenced | 11 |
| Date Confirmed | 8/2/2021 |
| Effective Date | 9/1/2021 |
| Anticipated Distribution to Creditors: | |
| A. Administrative Expenses | 100% |
| B. Secured Creditors | none |
| C. Priority Creditors | 100% |
| D. General Unsecured Creditors | 100% |

| III. FEE SUMMARY | | |
|---|---|---|
| Gross Time | $50,701.25 | |
| Gross Expenses | $2,457.16 | |
| Subtotal - Gross Fees | $53,158.41 | |
| Less Voluntary Fee Reductions | | $0.00 |
| Less Voluntary Expense Reductions | | $0.00 |
| Less Total Fees Allowed to Date | | $0.00 |
| Less Total Retainer (if applicable) | | $11,717.00 |
| Less Total Holdback (if applicable) | | $0.00 |
| Less Other Amount Received by Applicant | | $0.00 |
| **Net Amount Requested** | **$41,441.41** | |

| IV. EXPENSE SUMMARY | Rate | Charge |
|---|---|---|
| Expense Reimbursement | Actual Cost | $6.48 |
| Fees, Filing | Actual Cost | $1,937.00 |
| Fees, Other | Actual Cost | $1.00 |
| Pacer | Actual Cost | $16.40 |
| Photocopies - Fee per Page | $0.20 | $405.00 |
| Postage | Actual Cost | $91.28 |
| | **Total:** | **$2,457.16** |

EXHIBIT C

| V. AVERAGE HOURLY RATES | Attorney / Accountant | Paralegal / Clerical |
|---|---|---|
| Highest Rate | $450 | $125 |
| Lowest Rate | $205 | $85 |
| Gross Fees Charges | $45,610.75 | $5,090.50 |
| Gross Hours Billed | 123.9 | 41.3 |
| Average Rate | $368.27 | $123.26 |

| VI. PERSONS PROVIDING SERVICE | | Attorney Rate | Non-Attorney Rate |
|---|---|---|---|
| Joyce W. Lindauer | Attorney | $395-450 | |
| Paul Geilich | Sr. Associate Attorney | $325-395 | |
| Kerry Alleyne | Associate Attorney | $250-300 | |
| Guy Holman | Associate Attorney | $205 | |
| Lawrence Boyd | Law Clerk | | $125 |
| Dian Gwinnup | Paralegal | | $125 |
| Gina Shipman | Paralegal | | $85 |
| David Lindauer | Analyst | | $95 |

| VII. ACTIVITY SUMMARY | Time (Hours) |
|---|---|
| 2004 Exam / Deposition | 5.9 |
| Appeal | 1.0 |
| Case Administration | 14.1 |
| Claim Issues | 12.4 |
| Confirmation Activities | 9.9 |
| Creditors Meeting | 3.6 |
| Debtor Interview | 1.0 |
| Discovery | 3.9 |
| Employment Matters | 1.7 |
| Joint Administration | 0.4 |
| Mediation | 0.2 |
| Monthly Operating Reports | 2.2 |
| Petition / Initial Filing | 1.2 |
| Plan and Disclosure Statement | 72.7 |
| Real Estate Mataters | 4.4 |
| Sale | 8.3 |
| Schedules and Statement of Affairs | 8.5 |
| Settlement Activities | 3.4 |
| Stay Issues | 10.5 |
| Total: | 165.2 |

**VIII. EXPENSE DETAIL**

| | Quantity | Price | Charge | Discount | Trans Date | Activity | Description |
|---|---|---|---|---|---|---|---|
| | 1 | $1,717.00 | $1,717.00 | | 9/1/2020 | Filing Fee | Chapter 11 voluntary petition. |
| | 16 | $0.20 | $3.20 | | 9/11/2020 | Photocopies | |
| | 16 | $0.50 | $8.00 | | 9/11/2020 | Postage | |
| | 64 | $0.20 | $12.80 | | 9/17/2020 | Photocopies | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 8 | $0.65 | $5.20 | | 9/17/2020 | Postage | |
| | 1 | $1.00 | $1.00 | | 9/22/2020 | Fees, Other | Texas Secretary of State Fees |
| | 1 | $0.40 | $0.40 | | 9/30/2020 | Pacer | |
| | 27 | $0.20 | $5.40 | | 10/16/2020 | Photocopies | |
| | 8 | $0.20 | $1.60 | | 10/20/2020 | Photocopies | |
| | 79 | $0.20 | $15.80 | | 10/20/2020 | Photocopies | |
| | 153 | $0.20 | $30.60 | | 11/25/2020 | Photocopies | |
| | 7 | $1.60 | $11.20 | | 11/25/2020 | Postage | |
| | 13 | $0.50 | $6.50 | | 11/25/2020 | Postage | |
| | 1 | $1.60 | $1.60 | | 11/30/2020 | Pacer | |
| | 9 | $0.20 | $1.80 | | 12/28/2020 | Photocopies | |
| | 192 | $0.20 | $38.40 | | 12/28/2020 | Photocopies | |
| | 312 | $0.20 | $62.40 | | 12/28/2020 | Photocopies | |
| | 21 | $0.20 | $4.20 | | 12/28/2020 | Photocopies | |
| | 60 | $0.20 | $12.00 | | 12/28/2020 | Photocopies | |
| | 44 | $0.20 | $8.80 | | 12/29/2020 | Photocopies | |
| | 1 | $9.00 | $9.00 | | 12/31/2020 | Pacer | |
| | 340 | $0.20 | $68.00 | | 1/8/2021 | Photocopies | |
| | 17 | $1.60 | $27.20 | | 1/8/2021 | Postage | |
| | 222 | $0.20 | $44.40 | | 1/14/2021 | Photocopies | |
| | 20 | $0.20 | $4.00 | | 2/3/2021 | Photocopies | |
| | 20 | $0.51 | $10.20 | | 2/4/2021 | Postage | |
| | 1 | $6.48 | $6.48 | | 3/3/2021 | Expense Reimbursement | Index divider tabs. |
| | 179 | $0.20 | $35.80 | | 3/3/2021 | Photocopies | |
| | 20 | $0.20 | $4.00 | | 3/11/2021 | Photocopies | |
| | 20 | $0.51 | $10.20 | | 3/11/2021 | Postage | |
| | 1 | $188.00 | $188.00 | | 4/6/2021 | Filing Fee | Motion to sell. |
| | 126 | $0.20 | $25.20 | | 4/6/2021 | Photocopies | |
| | 18 | $0.71 | $12.78 | | 4/6/2021 | Postage | |
| | 1 | $1.20 | $1.20 | | 4/30/2021 | Pacer | |
| | 1 | $3.30 | $3.30 | | 4/30/2021 | Pacer | |
| | 15 | $0.20 | $3.00 | | 5/5/2021 | Photocopies | |
| | 1 | $32.00 | $32.00 | | 5/10/2021 | Filing Fee | Schedules |
| | 115 | $0.20 | $23.00 | | 5/10/2021 | Photocopies | |
| | 3 | $0.20 | $0.60 | | 5/10/2021 | Photocopies | |
| | 1 | $0.90 | $0.90 | | 5/31/2021 | Pacer | |
| **Subtotal - Expenses** | | | **$2,457.16** | **$0.00** | | | |

## IX. ACTIVITY DETAIL

| Timekeeper | Hours | Rate | | | Charge | Discount | Trans Date | Activity | Description |
|---|---|---|---|---|---|---|---|---|---|
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 9/1/2020 | Petition - Initial Filing | Finalize and file petition and forward notice of bankruptcy case filing to Robert Buchholz (0.3) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 9/1/2020 | Petition - Initial Filing | Preparation of new filing. (0.5) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 9/1/2020 | Schedules & SoFA | Prepare creditor matrix and email to client for review (0.3) |
| Joyce W. Lindauer | 0.40 | $395.00 | | | $158.00 | | 9/2/2020 | Case Administration | Work on pending matters and deadlines (0.2); telephone conversation with Mike Anderson. (0.2) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 9/2/2020 | Creditors Meeting | Prepare and file motion to extend deadline to file creditor matrix and 20 largest unsecured (0.2) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 9/4/2020 | Case Administration | Work on Mike Anderson matters regarding lien claimed on property and default claimed by reviewing loan documents (0.3) |
| Joyce W. Lindauer | 0.15 | $395.00 | | | $59.25 | | 9/4/2020 | Case Administration | Work with client on draft of schedules (0.15) |
| Joyce W. Lindauer | 0.15 | $395.00 | | | $59.25 | | 9/4/2020 | Case Administration | Review Mike Anderson offer letter and accounting to see if matter can be settled (0.15) |
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 9/4/2020 | Creditors Meeting | Finalize and file creditor matrix (0.2); finalize and file list of 20 largest unsecured creditors (0.2) |
| Joyce W. Lindauer | 0.25 | $395.00 | | | $98.75 | | 9/8/2020 | Case Administration | Work on Anderson offer and matters to see if settlement offer can be worked out (0.25) |
| Joyce W. Lindauer | 0.15 | $395.00 | | | $59.25 | | 9/8/2020 | Petition - Initial Filing | Work on new case filing. (0.15) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 9/10/2020 | Creditors Meeting | File declaration for electronic filing of petition and matrix (0.2) |
| Dian Gwinnup | 0.50 | $125.00 | | | $62.50 | | 9/11/2020 | Creditors Meeting | Serve 341 notice (0.3); prepare and file certificate of service regarding same (0.2) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 9/11/2020 | Schedules & SoFA | Work on schedules (0.1) and SOFA (0.1) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 9/14/2020 | Case Administration | Review Mike Anderson offer letter and accounting (0.3) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 9/14/2020 | Debtor Interview | Email to client regarding documents and information needed for Initial Debtor Interview (0.3) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 9/15/2020 | Schedules & SoFA | Revise schedules and statement of financial affairs and email to client regarding same (0.2); prepare and file motion to extend deadline to file same (0.4) |
| Joyce W. Lindauer | 0.25 | $395.00 | | | $98.75 | | 9/15/2020 | Schedules & SoFA | Work on schedules and statement of financial affairs (0.5) ( split time .25) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 9/16/2020 | Debtor Interview | Emails with US Trustee to reschedule initial debtor interview (0.1) |
| Dian Gwinnup | 0.70 | $125.00 | | | $87.50 | | 9/16/2020 | Employment Activities | Prepare application to employ counsel (0.4), affidavits in support (0.2), and order granting same (0.1) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 9/16/2020 | Schedules & SoFA | Prepare and file amended certificate of conference regarding motion to extend deadline to file schedules (0.3) |
| Dian Gwinnup | 0.70 | $125.00 | | | $87.50 | | 9/17/2020 | Employment Activities | Finalize and file application to employ counsel |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 9/17/2020 | Petition - Initial Filing | Review draft of schedules. (0.2) |
| Guy Holman | 0.50 | $205.00 | | | $102.50 | | 9/22/2020 | Debtor Interview | Attend Initial debtor interview (IDI) (0.5). |
| Dian Gwinnup | 1.00 | $125.00 | | | $125.00 | | 9/22/2020 | Schedules & SoFA | Revise schedules and statement of financial affairs (0.8), email to client for review and signature (0.1), and file same (0.1) |
| Joyce W. Lindauer | 0.40 | $395.00 | | | $158.00 | | 9/22/2020 | Schedules & SoFA | Work on schedules (0.2) and statement of financial affairs (0.2) |
| Larry Boyd | 0.50 | $125.00 | | | $62.50 | | 9/22/2020 | Stay Issues | Review motion for relief from stay w/ bullet point highlights (0.5) |
| Joyce W. Lindauer | 0.15 | $395.00 | | | $59.25 | | 9/24/2020 | Case Administration | Work on employment application and hearing. (0.15) |
| Larry Boyd | 3.60 | $125.00 | | | $450.00 | | 9/24/2020 | Claim Issues | Email V. McMurry for documents (0.1); draft response and objection to Southern Star Capital motion for relief of stay (3.5) |
| Joyce W. Lindauer | 0.15 | $395.00 | | | $59.25 | | 9/25/2020 | Case Administration | Work on scheduling of deadlines in case (0.15) |
| Larry Boyd | 2.00 | $125.00 | | | $250.00 | | 9/25/2020 | Deposition / 2004 Exam | Drafted Notice of Deposition (2.0) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 9/25/2020 | Joint Administration | Prepare motion to jointly administer case with JMR100 (0.3) and order granting same (0.1) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 9/25/2020 | Stay Issues | Call with Bob Buchholz re: stay hearing (0.2) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 9/25/2020 | Stay Issues | Call with Bob Kemp re: pending matters (0.2) |
| Joyce W. Lindauer | 0.10 | $395.00 | | | $39.50 | | 9/28/2020 | Debtor Interview | Conducted Initial Debtor Interview (IDI) follow up.(0.1) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 9/28/2020 | Deposition / 2004 Exam | Prepare subpoena for Citizens Bank to testify at deposition (0.2) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 9/28/2020 | Stay Issues | Work on lift stay hearing date and time. (0.3) |
| Kerry Alleyne | 0.50 | $250.00 | | | $125.00 | | 9/29/2020 | Deposition / 2004 Exam | Review lift stay motion (0.3); telephone conversation with Citizens Bank regarding scheduling deposition of corporate rep (0.1) and follow up by email regarding the same (0.1) |
| Guy Holman | 0.80 | $205.00 | | | $164.00 | | 10/2/2020 | Creditors Meeting | 341 prep (0.4); 341 meeting ( time split ) (0.4) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 10/2/2020 | Stay Issues | Finalize (0.2) and file objection (0.1) to motion for relief filed by Southern Star Capital |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 10/5/2020 | Stay Issues | Work on scheduling lift stay hearing (0.3) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 10/9/2020 | Employment Activities | Prepare and file certificate of no objection regarding application to employ Joyce W. Lindauer (0.2) and upload order granting same (0.1) |
| Paul Geilich | 3.10 | $325.00 | | | $1,007.50 | | 10/20/2020 | Plan and Disclosure Statement | Draft plan of reorganization form for raw land developer (3.1) |
| Joyce W. Lindauer | 0.10 | $395.00 | | | $39.50 | | 10/20/2020 | Plan and Disclosure Statement | Work on plan. (0.1) |
| Paul Geilich | 2.50 | $325.00 | | | $812.50 | | 10/21/2020 | Plan and Disclosure Statement | Draft disclosure statement form for raw land developer (2.5) |
| Larry Boyd | 0.30 | $125.00 | | | $37.50 | | 10/22/2020 | Discovery | Developed and sent draft of RFP Response Template to client (0.3) |
| Paul Geilich | 1.60 | $325.00 | | | $520.00 | | 10/22/2020 | Plan and Disclosure Statement | Draft plan and disclosure statement form for raw land developer (1.6) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 10/22/2020 | Schedules & SoFA | Email to client regarding revisions to schedules and documents to be provided to US Trustee (0.1) |
| Larry Boyd | 0.70 | $125.00 | | | $87.50 | | 10/23/2020 | Discovery | Initial draft of RFP (0.7) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 10/30/2020 | Claim Issues | Serve objections and responses to request for production of Southern Star Capital (0.2) |
| Larry Boyd | 0.40 | $125.00 | | | $50.00 | | 10/30/2020 | Discovery | Modified RFP Response and sent to Dian Gwinnup for service (0.4) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 10/30/2020 | Discovery | Work on discovery and responses (0.2) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 10/31/2020 | Discovery | Work on discovery and responses (0.5) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 11/3/2020 | Sale/Purchase | Review appraisal from Larry Martin (0.2) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 11/4/2020 | Stay Issues | Finalize and file objection to amended motion for relief from stay filed by Southern Star Capital (0.3) |
| Larry Boyd | 1.70 | $125.00 | | | $212.50 | | 11/4/2020 | Stay Issues | Reviewed Southern Star Capital motion for relief from stay for changes from original (0.2); drafted response to same (1.5) |
| Paul Geilich | 3.30 | $325.00 | | | $1,072.50 | | 11/6/2020 | Case Administration | Review client information (0.1) and draft plan of reorganization (3.2) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 11/6/2020 | Plan and Disclosure Statement | Gather documents and information needed to begin preparation of plan (0.3) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 11/6/2020 | Plan and Disclosure Statement | Preparation of plan of reorganization. (0.5) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Paul Geilich | 1.60 | $325.00 | | | $520.00 | | 11/6/2020 | Schedules & SoFA | Review claims, schedules and statement of financial affairs (0.3); draft disclosure statement (1.3) |
| Paul Geilich | 2.50 | $325.00 | | | $812.50 | | 11/6/2020 | Schedules & SoFA | Review pleadings and schedules (0.3) and continue drafting plan and disclosure statement (2.2) |
| Paul Geilich | 0.50 | $325.00 | | | $162.50 | | 11/7/2020 | Plan and Disclosure Statement | Emails with Joyce Lindauer regarding plan funding |
| Paul Geilich | 0.60 | $325.00 | | | $195.00 | | 11/9/2020 | Plan and Disclosure Statement | Review and revise plan and disclosure statement |
| Paul Geilich | 1.30 | $325.00 | | | $422.50 | | 11/9/2020 | Plan and Disclosure Statement | Prepare for call with client (0.6); Conference call with Larry Martin, Michael Matthews & Joyce Lindauer regarding plan (0.7) |
| Joyce W. Lindauer | 1.80 | $395.00 | | | $711.00 | | 11/9/2020 | Plan and Disclosure Statement | Work on draft of plan (1.0) and disclosure statement (0.8) |
| Paul Geilich | 0.40 | $325.00 | | | $130.00 | | 11/10/2020 | Stay Issues | Check schedules and Southern Star stay motion regarding accrued interest (0.2); emails with M. Mathews regarding same (0.2) |
| Paul Geilich | 4.40 | $325.00 | | | $1,430.00 | | 11/11/2020 | Plan and Disclosure Statement | Review client projections (0.8) and revise plan of reorganization (2.5) and disclosure statement (1.1) |
| Paul Geilich | 1.70 | $325.00 | | | $552.50 | | 11/11/2020 | Plan and Disclosure Statement | Emails with Tim Barton and Joyce Lindauer regarding changes to plan (0.2); Revise plan and disclosure statement (1.5) |
| Joyce W. Lindauer | 1.50 | $395.00 | | | $592.50 | | 11/11/2020 | Plan and Disclosure Statement | Additional Work on plan (1.5) |
| Dian Gwinnup | 1.00 | $125.00 | | | $125.00 | | 11/11/2020 | Stay Issues | Prepare witness and exhibit list for November 16 hearing (0.3), gather exhibits for same (0.6) and file same (0.1) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 11/11/2020 | Stay Issues | Modifications and additions to exhibit and witness list (0.3) |
| Paul Geilich | 3.30 | $325.00 | | | $1,072.50 | | 11/12/2020 | Plan and Disclosure Statement | Revise plan and disclosure statement (3.0); communications with client regarding same (0.3) |
| Paul Geilich | 1.50 | $325.00 | | | $487.50 | | 11/12/2020 | Plan and Disclosure Statement | Prepare exhibits for disclosure statement (1.5) |
| Joyce W. Lindauer | 1.80 | $395.00 | | | $711.00 | | 11/12/2020 | Plan and Disclosure Statement | Continued work on plan (0.9) and disclosure statement (0.9) |
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 11/12/2020 | Stay Issues | Prepare and serve subpoena for Chris Chevreaux, appraiser, to appear at November 16 hearing (0.4) |
| Dian Gwinnup | 1.00 | $125.00 | | | $125.00 | | 11/13/2020 | Plan and Disclosure Statement | Finalize and file plan and disclosure statement (0.6); forward courtesy copies to Court (0.2); update hearing notebook (0.2) |
| Paul Geilich | 0.80 | $325.00 | | | $260.00 | | 11/13/2020 | Plan and Disclosure Statement | Prepare exhibits for disclosure statement (0.6); emails with Larry Martin regarding letter of intent (0.2) |
| Joyce W. Lindauer | 1.50 | $395.00 | | | $592.50 | | 11/13/2020 | Plan and Disclosure Statement | Finalize plan and disclosure statement (1.4) and file (0.1) |
| Joyce W. Lindauer | 1.50 | $395.00 | | | $592.50 | | 11/13/2020 | Stay Issues | Prepare for hearing on Monday (1.5) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 11/13/2020 | Stay Issues | Prepare binder for November 16 hearing (0.2) |
| Joyce W. Lindauer | 1.00 | $395.00 | | | $395.00 | | 11/16/2020 | Stay Issues | Prepare for lift stay hearing today (1.0) |
| Joyce W. Lindauer | 1.50 | $395.00 | | | $592.50 | | 11/16/2020 | Stay Issues | Attend lift stay hearing today (1.5) |
| Paul Geilich | 1.60 | $325.00 | | | $520.00 | | 11/17/2020 | Plan and Disclosure Statement | Draft amendments to plan of reorganization and disclosure statement (0.8) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 11/17/2020 | Plan and Disclosure Statement | Review plan and disclosure statement (0.5) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Paul Geilich | 0.80 | $325.00 | | | $260.00 | | 11/18/2020 | Plan and Disclosure Statement | Continue drafting amendments to plan of reorganization (0.4) and disclosure statement (0.4) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 11/18/2020 | Plan and Disclosure Statement | Work on revised plan (0.3) and disclosure statement (0.2) |
| Dian Gwinnup | 1.10 | $125.00 | | | $137.50 | | 11/19/2020 | Plan and Disclosure Statement | Revise and file first amended plan and first amended disclosure statement (1.0); email Court regarding disclosure statement hearing (0.1) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 11/20/2020 | Plan and Disclosure Statement | Emails with Court regarding hearing on disclosure statement (0.1); prepare and submit order setting hearing (0.2) |
| Paul Geilich | 0.30 | $325.00 | | | $97.50 | | 11/20/2020 | Plan and Disclosure Statement | Emails with Tim Barton and Joyce Lindauer regarding amendment of plan treatment of tax claims (0.3) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 11/23/2020 | MOR & Other Operating Reports | File operating report for October 2020 (0.2) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 11/23/2020 | Stay Issues | Prepared stay order (0.2) |
| Dian Gwinnup | 1.30 | $125.00 | | | $162.50 | | 11/25/2020 | Plan and Disclosure Statement | Prepare service list (0.3); prepare and file notice of disclosure statement hearing (0.3); serve plan, disclosure statement, order setting disclosure statement hearing and notice of hearing (0.7) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 11/25/2020 | Stay Issues | Additional preparation of lift stay order (0.2) |
| Dian Gwinnup | 0.40 | $395.00 | | | $158.00 | | 12/3/2020 | Plan and Disclosure Statement | Prepare and file certificate of service regarding plan, disclosure statement, order setting hearing, and notice of hearing (0.4) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 12/9/2020 | Case Administration | Telephone conversation with Mike Anderson regarding financing (0.2) |
| Kerry Alleyne | 1.50 | $250.00 | | | $375.00 | | 12/16/2020 | Discovery | Compiled and reviewed discovery production (1.5) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 12/16/2020 | Discovery | Compiled and reviewed production (0.3) |
| Gina Shipman | 0.30 | $85.00 | | | $25.50 | | 12/22/2020 | MOR & Other Operating Reports | Monthly operating report reviewed and filed (0.3) |
| Kerry Alleyne | 2.50 | $250.00 | | | $625.00 | | 12/23/2020 | Plan and Disclosure Statement | Prepare and file witness and exhibit list (2.0) and pull bank's exhibits (0.5) |
| Kerry Alleyne | 5.60 | $250.00 | | | $1,400.00 | | 12/28/2020 | Plan and Disclosure Statement | Review objection to disclosure statement (0.4); modify disclosure statement (5.2) |
| Joyce W. Lindauer | 1.00 | $395.00 | | | $395.00 | | 12/28/2020 | Plan and Disclosure Statement | Develop disclosure statement supplement (1.0) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 12/28/2020 | Plan and Disclosure Statement | Develop supplement to disclosure statement (0.5) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 12/28/2020 | Plan and Disclosure Statement | Develop disclosure amendments (0.3) |
| Joyce W. Lindauer | 0.30 | $395.00 | | | $118.50 | | 12/28/2020 | Plan and Disclosure Statement | Develop amendment to disclosure statement (0.3) |
| Kerry Alleyne | 0.50 | $250.00 | | | $125.00 | | 12/29/2020 | Case Administration | Researched status of Remington Bank claim in this case and what claim they may have (0.5) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 12/29/2020 | Case Administration | Prepared escrow agreement. (0.2) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 12/29/2020 | Plan and Disclosure Statement | Update binder for December 29 hearing (0.2) |
| Kerry Alleyne | 2.80 | $250.00 | | | $700.00 | | 12/29/2020 | Plan and Disclosure Statement | Prepare for and attend disclosure statement hearing (2.3); telephone conversation with Larry Levick (0.2); review escrow agreement (0.2) ; redact and send to opposing counsel (0.1) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 12/29/2020 | Plan and Disclosure Statement | Work on items of discussion re telephone conversation with Larry Levick (0.2) |
| Joyce W. Lindauer | 1.00 | $395.00 | | | $395.00 | | 12/29/2020 | Plan and Disclosure Statement | Prepare for hearing on disclosure statement (1.0) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 12/29/2020 | Plan and Disclosure Statement | Attend disclosure statement hearing (0.5) |
| Larry Boyd | 0.50 | $125.00 | | | $62.50 | | 12/29/2020 | Real Estate Matters | Redact Deed in Escrow Agreement (0.5) |
| Paul Geilich | 0.50 | $325.00 | | | $162.50 | | 12/30/2020 | Plan and Disclosure Statement | Review Southern Star objections to disclosure statement (0.2) and 1st modification to disclosure statement (0.3) |
| Joyce W. Lindauer | 1.30 | $395.00 | | | $513.50 | | 12/30/2020 | Plan and Disclosure Statement | Draft amendments to disclosure statement (1.3) |
| Kerry Alleyne | 1.70 | $250.00 | | | $425.00 | | 12/31/2020 | Plan and Disclosure Statement | Work on disclosure statement modification (0.4); amend schedules (0.4) and statement of financial affairs (0.6) and schedule G (0.3) |
| Kerry Alleyne | 0.20 | $300.00 | | | $60.00 | | 1/2/2021 | Plan and Disclosure Statement | Modifications to disclosure statement - add final language (0.2) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 1/4/2021 | Confirmation | Prepare notice of confirmation hearing (0.3) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 1/4/2021 | Plan and Disclosure Statement | Finalize and file 2nd amended disclosure statement and email to Court to set confirmation hearing (0.3); prepare and submit order approving disclosure statement (0.3), |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 1/4/2021 | Schedules & SoFA | File amended schedules A/B, G (0.2) and amended statement of financial affairs (0.1) |
| Dian Gwinnup | 1.20 | $125.00 | | | $150.00 | | 1/8/2021 | Confirmation | Prepare and file notice of confirmation hearing (0.3); prepare ballot (0.2); serve plan, disclosure statement, order approving disclosure statement, notice of hearing and ballot (0.5); prepare and file certificate of serviced regarding same (0.2) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 1/11/2021 | Mediation | Prepare for mediation (0.2) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 1/13/2021 | Case Administration | Review case and update calendar for outstanding actions needed (0.3) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 1/14/2021 | Deposition / 2004 Exam | Prepare exhibit binder for January 15 deposition (0.3) |
| Joyce W. Lindauer | 0.50 | $395.00 | | | $197.50 | | 1/15/2021 | Deposition / 2004 Exam | Work on settlement (0.2) and continue depositions (0.3) |
| Joyce W. Lindauer | 0.20 | $395.00 | | | $79.00 | | 1/15/2021 | Sale/Purchase | Work on sale (motion) (0.2) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 1/20/2021 | MOR & Other Operating Reports | File operating report for December 2020 (0.2) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 1/25/2021 | Sale/Purchase | Work on sale issues (0.3) |
| Dian Gwinnup | 0.50 | $125.00 | | | $62.50 | | 2/1/2021 | Confirmation | Prepare and file motion to continue confirmation hearing (0.3) and order granting same (0.1), and email to Court regarding same (0.1) |
| Joyce W. Lindauer | 0.60 | $450.00 | | | $270.00 | | 2/1/2021 | Settlement Agreement/Activity | Work on settlement agreement (0.3); work on continuing hearings (0.3) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 2/2/2021 | Confirmation | Emails to Court to reschedule confirmation hearing (0.2) and submit order continuing hearing (0.1) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 2/19/2021 | Case Administration | Work on pending matters with Bob Buchholz (0.3) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 2/22/2021 | MOR & Other Operating Reports | File operating report for January 2021 (0.2) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 2/28/2021 | Confirmation | Prepare and file certificate of service regarding order continuing confirmation hearing (0.2) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 3/3/2021 | Case Administration | Work on pending matters with Larry Levick. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 3/3/2021 | Deposition / 2004 Exam | Download exhibits (0.1) and prepare binders of same for March 4 depositions (0.3) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 3/3/2021 | Deposition / 2004 Exam | Work on depositions. (0.5) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 3/3/2021 | Settlement Agreement/Activity | Work on proposal (settlement agreement) (0.5) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 3/4/2021 | Deposition / 2004 Exam | Work on deposition of Tim Barton (1.5) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 3/8/2021 | Case Administration | Anderson matters: Attend meeting with client and Anderson to discuss plan terms and possible agreement (1.5) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 3/8/2021 | Settlement Agreement/Activity | Revise agreement of settlement and release (0.3) |
| Joyce W. Lindauer | 1.00 | $450.00 | | | $450.00 | | 3/8/2021 | Settlement Agreement/Activity | Work on settlement and foreclosure document. (1.0) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 3/9/2021 | Confirmation | Emails with Court regarding continuing confirmation hearing (0.2) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 3/10/2021 | Case Administration | Work on payoff of loan (0.3) and telephone calls to Mike Anderson (0.2) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 3/11/2021 | Confirmation | Prepare, file and serve notice of continued confirmation hearing (0.6) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 3/12/2021 | Case Administration | Work on pending matters and settlement agreement (0.3) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 3/15/2021 | Settlement Agreement/Activity | Work on settlement agreement (0.5) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 3/18/2021 | Settlement Agreement/Activity | Work on Anderson settlement. (0.5) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 3/23/2021 | MOR & Other Operating Reports | File operating report for February 2021 (0.2) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 3/31/2021 | MOR & Other Operating Reports | Email to client regarding missing pages from February monthly operating report (0.1) |
| Paul Geilich | 0.30 | $395.00 | | | $118.50 | | 4/2/2021 | Sale/Purchase | Draft motion to sell (0.3) |
| Paul Geilich | 3.90 | $395.00 | | | $1,540.50 | | 4/5/2021 | Real Estate Matters | Review sales contract, settlement agreement with Southern Star and lien positions (0.9) and draft motion to sell property (3.0) |
| Paul Geilich | 4.10 | $395.00 | | | $1,619.50 | | 4/6/2021 | Claim Issues | Review loan agreements and correspondence with lender and draft fraudulent transfer complaint (1.5); legal research and fact investigation re: same (2.6) |
| Dian Gwinnup | 1.00 | $125.00 | | | $125.00 | | 4/6/2021 | Sale/Purchase | Finalize and file motion to sell (0.6); Prepare and file notice of hearing on same (0.4) |
| Paul Geilich | 3.60 | $395.00 | | | $1,422.00 | | 4/7/2021 | Claim Issues | Review loan agreements and correspondence with lender (0.4) and draft fraudulent transfer complaint (2.6); legal research re: same (0.6) |
| Joyce W. Lindauer | 0.20 | $450.00 | | | $90.00 | | 4/12/2021 | Case Administration | Work on rescheduling hearings (0.2) |
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 4/12/2021 | Confirmation | Emails with Court to reschedule confirmation hearing (0.2); Prepare and file notice of continued hearing (0.2) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 4/14/2021 | Sale/Purchase | Work on pending matters and sale motion (0.3) |
| Paul Geilich | 0.90 | $395.00 | | | $355.50 | | 4/21/2021 | Claim Issues | Review and draft comments on V. McMurray revisions to fraudulent transfer complaint (0.9) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 4/22/2021 | Sale/Purchase | Work on pending sale (1.0), and sale order (.5) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 4/23/2021 | Creditors Meeting | Work on sale and creditor issues (1.5) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 4/23/2021 | Sale/Purchase | Preparation of sale order (0.3) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 4/24/2021 | Sale/Purchase | Preparation of sale order (0.3) |
| Dian Gwinnup | 0.50 | $125.00 | | | $62.50 | | 4/26/2021 | Case Administration | Prepare and file witness and exhibit list for April 29 hearing (0.5) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joyce W. Lindauer | 0.20 | $450.00 | | | $90.00 | | 4/26/2021 | Case Administration | Telephone conversation with Mike Anderson (0.2) |
| Dian Gwinnup | 0.40 | $125.00 | | | $50.00 | | 4/26/2021 | Sale/Purchase | Redline revisions to proposed agreed sale order (0.2); finalize and submit to Court for entry the proposed order approving sale (0.2) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 4/26/2021 | Sale/Purchase | Preparation of sale order (0.5) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 4/27/2021 | Sale/Purchase | Work on sale order (1.0) and revisions to same (0.5) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 4/28/2021 | Case Administration | Work on setting up meeting with counsel (0.3) |
| Joyce W. Lindauer | 1.00 | $450.00 | | | $450.00 | | 4/28/2021 | Confirmation | Work on plan confirmation (1.0) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 4/28/2021 | MOR & Other Operating Reports | File operating report for March 2021 (0.2) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 4/28/2021 | Sale/Purchase | Circulate sale order for review and comment (0.1) |
| Paul Geilich | 2.10 | $395.00 | | | $829.50 | | 4/29/2021 | Plan and Disclosure Statement | Review disclosure statement for disclosure of fraudulent transfer action v. Dixon Water Foundation (0.2); draft supplement to disclosure statement (1.9) |
| Paul Geilich | 4.20 | $395.00 | | | $1,659.00 | | 4/29/2021 | Plan and Disclosure Statement | Draft amendments to plan and disclosure statement reflecting sale of property and payment of secured claims |
| Joyce W. Lindauer | 2.10 | $450.00 | | | $945.00 | | 4/29/2021 | Plan and Disclosure Statement | Work on plan changes (1.0), amending plan and disclosure statement (1.1) |
| Joyce W. Lindauer | 0.60 | $450.00 | | | $270.00 | | 4/29/2021 | Sale/Purchase | Preparation of sale closing and title documentation (1.7) |
| Joyce W. Lindauer | 1.70 | $450.00 | | | $765.00 | | 5/4/2021 | Plan and Disclosure Statement | Draft plan modification (1.2) and disclosure statement modification (0.5) |
| Dian Gwinnup | 0.70 | $125.00 | | | $87.50 | | 5/5/2021 | Plan and Disclosure Statement | Finalize, file and serve first modification to first amended plan (0.5) and first modification to second amended disclosure statement (0.2) |
| Joyce W. Lindauer | 1.30 | $450.00 | | | $585.00 | | 5/5/2021 | Plan and Disclosure Statement | Work on plan (0.9) and confirmation hearing (0.4) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 5/5/2021 | Schedules & SoFA | Prepare amended Schedules A/B and E/F and forward to client for review and signature (0.3) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 5/7/2021 | Plan and Disclosure Statement | Prepare and file witness and exhibit list and related exhibits for May 12 confirmation hearing (0.6) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 5/10/2021 | Schedules & SoFA | File Amended Schedules A/B and E/F (0.3) |
| Dian Gwinnup | 1.10 | $125.00 | | | $137.50 | | 5/11/2021 | Plan and Disclosure Statement | Finalize and file 2nd modification to 1st amended plan (0.3); prepare and file ballot tally (0.4); work on confirmation order (0.2); update hearing binder (0.2) |
| Paul Geilich | 2.00 | $395.00 | | | $790.00 | | 5/11/2021 | Plan and Disclosure Statement | Draft second modification to plan (2.0) |
| Kerry Alleyne | 1.00 | $300.00 | | | $300.00 | | 5/12/2021 | Appeal / Reconsideration | Research disclosure requirements for Court of Appeals and subsequent possible future creditor in plan (1.0) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 5/12/2021 | Confirmation | Finalize and file objection to emergency motion to continue confirmation hearing (0.2) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 5/12/2021 | Confirmation | Preparations for plan confirmation. (1.5) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 5/12/2021 | Schedules & SoFA | Prepare and file amended Schedule A/B (0.3) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 5/17/2021 | Sale/Purchase | Work on sale. (0.3) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 5/19/2021 | Sale/Purchase | Work on closing sale. (0.5) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 5/21/2021 | Confirmation | Review docket (0.1) and prepare amended witness and exhibit list for May 26 confirmation hearing (0.3) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joyce W. Lindauer | 0.20 | $450.00 | | | $90.00 | | 5/23/2021 | Confirmation | Work on disclosure statement (0.1) and confirmation (0.1) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 5/25/2021 | Plan and Disclosure Statement | Prepare and file withdrawal of 2nd modification to Plan (0.3); finalize and file 3rd modification to plan (0.3) |
| Joyce W. Lindauer | 0.50 | $450.00 | | | $225.00 | | 5/25/2021 | Plan and Disclosure Statement | Work on disclosure statement modification. (0.5) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 5/26/2021 | Confirmation | Revise confirmation order (0.1) |
| Joyce W. Lindauer | 1.50 | $450.00 | | | $675.00 | | 5/26/2021 | Confirmation | Attend confirmation hearing (1.5) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 5/28/2021 | MOR & Other Operating Reports | File operating report for April 2021 (0.2) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 6/21/2021 | MOR & Other Operating Reports | Email to client regarding status report of May 2021 monthly operating report (0.2) and file same (0.1) |
| Dian Gwinnup | 0.10 | $125.00 | | | $12.50 | | 7/11/2021 | MOR & Other Operating Reports | Email to client forwarding new monthly operating report form and instructions on how to complete same (0.1) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 7/21/2021 | Confirmation | Work on confirmation order (0.3) |
| Dian Gwinnup | 0.30 | $125.00 | | | $37.50 | | 7/26/2021 | Confirmation | Revisions to confirmation order (0.2) and circulate via email for review and comments (0.1) |
| Joyce W. Lindauer | 0.60 | $450.00 | | | $270.00 | | 7/26/2021 | Confirmation | Preparation of confirmation order (0.6) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 7/30/2021 | MOR & Other Operating Reports | File operating report for June 2021 (0.2) |
| Dian Gwinnup | 0.20 | $125.00 | | | $25.00 | | 8/2/2021 | Confirmation | Finalize and submit proposed confirmation order for entry by Court (0.2) |
| Dave Lindauer | 0.30 | $95.00 | | | $28.50 | | 11/18/2021 | Case Administration | Compile data for fee exhibit (0.3) |
| Dave Lindauer | 1.50 | $95.00 | | | $142.50 | | 11/18/2021 | Case Administration | Prepare fee exhibit A (1.5) |
| Dave Lindauer | 0.20 | $95.00 | | | $19.00 | | 11/18/2021 | Case Administration | Prepare Northern District Cover Sheet (0.2) |
| Dian Gwinnup | 0.60 | $125.00 | | | $75.00 | | 11/18/2021 | Case Administration | Draft fee motion and related documents (0.6) |
| Joyce W. Lindauer | 0.30 | $450.00 | | | $135.00 | | 11/18/2021 | Case Administration | Review and revise draft fee application (0.3) |
| Dian Gwinnup | 0.70 | $125.00 | | | $87.50 | | 1/18/2022 | Case Administration | Finalize, file and serve fee application and related documents (0.7) |
| **Subtotal - Time** | **165.2** | | | | **$ 50,701.25** | **$ -** | | | |