Case 20-42789-mxm11 Doc 125 Filed 06/02/22 Entered 06/02/22 17:01:45 Desc

**EXHIBIT**
**6**

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**FIRST MODIFICATION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

Comes now BM318, LLC, the debtor herein ("Debtor"), and files this its First Modification to the *Debtor's First Amended Plan of Reorganization* filed on November 19, 2020 (Doc. No. 39, the "Plan"), and would show as follows:

1. Page 1 of the Plan is modified to replace the entire first paragraph of the Plan with the following new paragraph:

> COMES NOW BM318, LLC, ("Debtor"), the Debtor in the above-styled and numbered case, and files this its First Amended Plan of Reorganization (the "Plan"). The Debtor previously owned 118 acres of unimproved land located in Parker County, Texas, near the City of Aledo, Texas (the "Property"). The Debtor sold the Property pursuant to the *Agreed Order Granting Motion Pursuant to 11 U.S.C. Section 363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* entered by the Bankruptcy Court on April 29, 2021. The Debtor used the proceeds of sale to pay its Secured Creditors and will use the remaining proceeds of the sale to pay all other Creditors in full under the Plan.

Case 20-42789-mxm11 Doc 125 Filed 05/02/22 Entered 05/02/22 17:01:45 Desc

2. Sections 2.01, 2.02 and 2.03 of the Plan are hereby replaced in their entirety with the following new sections:

**2.01** The Plan is a plan of reorganization. The Debtor previously owned 118 acres of unimproved land located in Parker County near Aledo, Texas (the "Property"). The Debtor sold the Property pursuant to an *Agreed Order Granting Motion Pursuant to 11 U.S.C. Section 363 for Approval of Agreement to Sell 118.34 Acres in Parker County, Texas Free and Clear of Liens* entered by the Bankruptcy Court on April 29, 2021 (the Sale Order, Doc. No. 78). The Debtor used the proceeds of the sale to pay its Secured Creditors and will use the remaining proceeds of sale to pay all other Creditors in full under the Plan.

**2.02 The Plan will pay all Allowed Claimants 100% of their Claims**. The payments will be funded by the Debtor from the sale of the Property pursuant to the Sale Order.

**2.03** The Debtor previously had disputes with Southern Star Capital, LLC and Citizens National Bank as disclosed in prior versions of the Plan. However, those disputes have been resolved and the Debtor paid the Secured Claims of Southern Star Capital, LLC and Citizens National Bank in full prior to Confirmation from the proceeds of the sale conducted pursuant to the Sale Order.

3. The table titled "CLASSIFICATION OF CLAIMS" in Article IV of the Plan is hereby replaced in its entirety with the following new table:

| **CLASSIFICATION OF CLAIMS** |
|---|
| Class 1: Priority Unsecured Claims other than Priority Tax Claims |
| Class 2: General Unsecured Claims |
| Class 3: Insider Claims |
| Class 4: Equity Interests |

4. Article V of the Plan is replaced in its entirety with the following new Article V:

**ARTICLE V**
**PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS**

***A. NON-CLASSIFIED CLAIMS.*** The following Claims are not classified, pursuant to Bankruptcy Code Section 1123:

**Treatment of Administrative Claims**. Each holder of an Administrative Claim other than Professional Fee Administrative Claims shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other

Case 20-42789-mxm11 Doc 125 Filed 06/21/22 Entered 06/21/22 16:01:45 Desc

treatment as to which the Debtor and such holder shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto. On or before the Effective Date, the Debtor or Reorganized Debtor shall pay or have paid in full all Allowed Administrative Claims. All Allowed Administrative Claims shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion. Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law.

**Treatment of Professional Fee Administrative Claims.** All persons who are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**Treatment of Priority Tax Claims.** Priority Tax Claims shall be paid in full on the Effective Date.

**Title 28 U.S.C. Section 1930 Fees.** The Reorganized Debtor shall pay all post-Confirmation fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Reorganized Debtor is otherwise released from such obligations by the Court.

***B. CLASSIFIED CLAIMS.*** The following Claims are classified pursuant to Bankruptcy Code Section 1123, and are treated as follows:

**Class 1: Allowed Unsecured Priority Claims Other Than Priority Tax Claims**

Class 1 Claims shall consist of Unsecured Priority Claims other than Priority Tax Claims. The Debtor does not believe any such Claims exist. Class 1 Claims, if any, shall be paid in full on or before the Effective Date. This Class is not Impaired.

Case 20-42789-mxm11 Doc 79 Filed 05/05/21 Entered 05/05/21 15:52:01 Page 4 of 6

**<u>Class 2: Allowed General Unsecured Claims</u>**

Class 2 shall consist of Allowed Unsecured Claims, other than the Claims of Class 3 Insiders. Class 2 Claims shall be paid in full on or before the Effective Date. This Class is not Impaired.

**<u>Class 3: Allowed Insider Claims</u>**

Class 3 shall consist of the Allowed Claims of Insiders of the Debtor. Class 3 Claims shall be paid in full without interest, <u>but only after all other Claimants in the Case have been paid in full as set out above</u>. Class 3 Claimants are Impaired and are entitled to vote on the Plan, but their claims will not be counted for or against Confirmation.

**<u>Class 4 - Equity Interests</u>**

All Equity Interests in the Debtor shall be retained and are not Impaired.

5. Section 6.01 of the Plan is replaced in its entirety with the following new Section 6.01:

**6.01 <u>Implementation of Plan</u>**. This Plan will be implemented, pursuant to Section 1123(a)(5) of the Code, by the payments as called for above. Upon the Effective Date, any property of the Debtor and its Estate remaining after the sale of the Property pursuant to the Sale Order shall vest in the Reorganized Debtor.

6. Section 8.01 of the Plan is replaced in its entirety with the following new Section 8.01:

**8.01 <u>The Debtor's Causes of Action</u>**. Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or Reorganized Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Reorganized Debtor for the benefit of the Creditors subsequent to the Effective Date. This Plan shall not estop the Debtor or Reorganized Debtor from asserting any claim or cause of action whether disclosed or not.

**<u>Reservation of causes of action against Dixon Water Foundation.</u>** The Debtor has causes of action against Dixon Water Foundation ("Dixon") related to a deed in lieu of foreclosure recorded by Dixon on or about July 2, 2020, pursuant to which Dixon took title to approximately 1,531.75 acres

of land owned by the Debtor in Parker County, Texas. The Debtor's causes of action against Dixon related to this transaction are for preferential transfer under 11 U.S.C. Section 547, fraudulent transfer under 11 U.S.C. Section 548, recovery of avoidable transfers under 11 U.S.C. Section 550, and disallowance of claims under 11 U.S.C. Section 502. It is possible the Debtor has other causes of action against Dixon related to the same transaction. Without limiting the general reservation of all causes of action by the Debtor in the foregoing paragraph, the Debtor hereby specifically reserves and retains the aforementioned causes of action against Dixon. The Debtor intends to file an adversary complaint against Dixon based on these causes of action.

7. Section 10.08 of the Plan is hereby modified to replace "State of Arkansas" with "State of Texas".

Dated: May 5, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2021, a true and correct copy of the foregoing document was served via email through the Court's ECF system and/or by first class U.S. Mail, return receipt requested, as indicated on the below listed parties:

**VIA ECF**

Robert W. Buchholz
bob@attorneybob.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Scott A. Ritcheson
scottr@rllawfirm.net, mistyb@rllawfirm.net

Laurie A. Spindler
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**VIA FIRST CLASS MAIL**
**RETURN RECEIPT REQUESTED**

Dixon Water Foundation
c/o Josh Botts
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201

Robert Potts, President
Dixon Water Foundation
528 County Road 398
Decatur, Texas 76234

Robert Potts, President
Dixon Water Foundation
P.O. Box 177
Marfa, Texas 79843

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer