**EXHIBIT**
**7**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 2, 2021**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 19, 2020, AS MODIFIED**

CAME ON FOR CONSIDERATION BY THE COURT the *Debtor's First Amended Plan of Reorganization Dated November 19, 2020* [Docket No. 39], as modified by the *First Modification to Debtor's First Amended Plan of Reorganization* [Docket No. 79] and the *Third Modification to Debtor's First Amended Plan of Reorganization* [Docket No. 100] (together, the "Plan"), filed by BM318, LLC ("Debtor"), Debtor in the above-styled and numbered case.

ORDERED, ADJUDGED AND DECREED that the Plan complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

a. Section 1129(a)(1). The Plan complies with the applicable provisions of Title 11.

b. Section 1129(a)(2). The proponent of the Plan has complied with the applicable provisions of Title 11.

c. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

d. Section 1129(a)(4). Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. Section 1129(a)(5). The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtor, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f. Section 1129(a)(6). This provision is not applicable.

g. Section 1129(a)(7). With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

h. Section 1129(a)(8). The impaired class of unsecured creditors has voted for the Plan.

i. Section 1129(a)(9). The Plan provisions include the following:

1. Holders of Allowed Administrative Claims will be paid in full.

2. Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

j. Section 1129(a)(10). At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

k. Section 1129(a)(11). The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor.

l. Section 1129(a)(12). All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

m. Section 1129(a)(13). This subsection does not apply to the Debtor.

n. Section 1129(a)(14). This subsection does not apply to the Debtor.

o. Section 1129(a)(15) . This subsection does not apply to the Debtor since no unsecured creditors objected to confirmation of the Plan.

p. Section 1129(a)(16). This subsection does not apply to the Debtor.

ORDERED, ADJUDGED AND DECREED that the Plan is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is close; and it is further

ORDERED, AJUDGED AND DECREED that the liens that secure year 2021 ad valorem property taxes remain attached to the property with any taxes owed to be paid in the ordinary course of business prior to the state law delinquency date.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR