EXHIBIT
12

United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1247

Elizabeth Ziegler Young,
for the United States Trustee
elizabeth.a.young@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | | |
| | § | |
| | § | |
| **BM318, LLC** | § | **Case No. 20-42789-mxm-11** |
| | § | **(Chapter 11)** |
| | § | |
| **Reorganized Debtor.** | § | |

**United States Trustee's Objection to Motion to Extend Time for Filing Fee Application of Debtor's Counsel** [docket no. 114]

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), objects to the *Motion to Extend Time for Filing Fee Application of Debtor's Counsel* ("Motion"). [docket no. 114]. The United States Trustee would respectfully show:

## Overview

After the United States Trustee filed his Objection to Final Fees for Joyce W. Lindauer Attorney, PLLC ("Applicant"), Applicant now moves to extend the deadline to file the final fee application. However, as the deadline expired by its own terms and Applicant's Motion fails to meet the high standard to demonstrate excusable neglect, the Motion should be denied.

**<u>Background</u>**

1. On September 1, 2020 ("Petition Date"), BM318 LLC ("Debtor") filed a voluntary chapter 11 petition, commencing case no. 20-42789-mxm-11.

2. On September 17, 2020, Applicant filed an application seeking employment as of the Petition Date ("Employment Application"). [docket no. 15]

3. The Employment Application provided that Applicant would request the allowance of fees and expenses in accordance with both Fed. R. Bankr. P. 2016(b) and section 330(a) of the Bankruptcy Code.

4. The Court subsequently approved Applicant's employment, effective as of the Petition Date, as counsel for Debtor. [docket no. 28]

5. On November 19, 2020, Debtor filed its Amended Plan of Reorganization. [docket no. 39]

6. Applicant drafted the Amended Plan.

7. The Amended Plan provides:

> **3.02** **<u>Time for Filing Claims</u>**. The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.
>
> Each Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtor's counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.
>
> A person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.
>
> Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

Amended plan at ¶ 3.2.

8. The Amended Plan further provides the Effective Date is the "the thirtieth (30th) day after the Confirmation Date." Amended Plan at Page 4.

9. On August 2, 2021, the Court confirmed the Debtor's Amended Plan of Reorganization. [docket no. 106]

10. On September 1, 2021, the Amended Plan went effective by its own terms, making November 1, 2021[1] the deadline to file fee claims in this case.

11. On January 18, 2022, Applicant filed its final fee application seeking approval of $50,701.25 in fees and $2,457.16 in expenses for the period September 1, 2020 to August 2, 2021. [docket no. 110]

12. The Application does not explain why it was filed more than two and a half months after the November 1, 2021 deadline.

13. The last entry on the Application is dated November 18, 2021 and provides that Ms. Gwinnup, paralegal, charged the estate $87.50 to "Finalize, file and serve fee application and related documents."

14. On February 4, 2022, the United States Trustee filed his *Objection to First and Final Application to Approve Payment of Fees and Expenses to Debtor's Counsel* ("Objection"), citing the untimeliness of the Application, lack of disclosure of a contract attorney's potential conflicts, and clumped time entries as grounds for denial or reduction in Applicant's fees. [docket no. 113]

15. On February 10, 2022, the United States Trustee filed his *Supplement* to the Objection arguing that, to the extent fees are denied, the retainers should be refunded under section 329. [docket no. 118]

---

[1] The United States Trustee originally calculated the deadline as October 31, 2021. However, in reviewing the calendar again, October 31, 2021, fell on a Sunday. Under Bankr. R. 9006(a)(1), the deadline technically fell to the following Monday, November 1, 2021.

16. On February 7, 2022, Applicant filed this Motion. [docket no. 114]

17. The Motion provides 1) there is no danger of prejudice as a non-debtor third party will pay the fees, and not the estate; and 2) there is no impact on case administration as the bankruptcy remains in an open for an adversary proceeding. [docket no. 114, ¶ 7, 9]

18. The Motion further provides:

> 10. The third factor involves the reason for delay and whether it was in control of the moving party. The Court did not enter a Chapter 11 Post-Confirmation Order in this case and counsel inadvertently overlooked placing the deadline to file its fee application on its calendar due to this being an on-going case. The procedure of this case has been atypical since there are pending actions that have brought a level of complication to this matter. This case did not conclude as would be the case in most Chapter 11 cases.

19. The Motion finally provides:

> 11. The final issue is whether counsel acted in good faith. Counsel has at all times acted in good faith. As mentioned above the Debtor's Counsel inadvertently failed to schedule the deadline for a final fee application. Normally such calendaring is further triggered by the Post-Confirmation Order which there is not one in this case.

## Objection

Applicant has failed to meet the high standard to demonstrate excusable neglect

20. Deadlines in bankruptcy are strict and are designed to move a case through the court system quickly and efficiently. *In re Robintech, Inc.*, 863 F.2d 393, 398 (5th Cir. 1989). "Under the Bankruptcy Code and rules, creditors play a zero-sum game in which a failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions

cannot be made every time a creditor claims hardship." *Id.* at 398. Correspondingly, all parties in interest, including those requesting fees, must also effectively manage the administration of the case and be aware of all deadlines.

21. Extensions of deadlines in a court order is governed by Rule 9006(b)(1), which provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request thereof is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1).

22. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court addressed the "excusable neglect" standard under Rule 9006(b)(1), finding that the rule grants a party "a reprieve to out-of-time filings that were delayed by 'neglect', which encompasses both simple, faultless omissions to act, and omissions caused by carelessness". *Id.* at 388. To determine whether neglect is "excusable," the Supreme Court stated, "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 394. The Supreme Court identified several factors including: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the control of the moving party; and (4) whether the moving party acted in good faith. *Id.* The Supreme Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable neglect.' " *Id.* at 392, 113 S.Ct. 1489.

23. Courts have denied compensation for failure to timely file fee applications where the

parties could not demonstrate excusable neglect. *See In re Alda*, 464 B.R. 61 (B.A.P. 6th Cir. 2010) (affirming the bankruptcy court's denial of a fee application as untimely and holding "oversight" and "inadvertence," as insufficient reasons to meet the excusable neglect standard); *In re Anderson*, 253 B.R. 14, 18–19 (Bankr. E.D. Mich. 2000) (finding no excusable neglect and denying attorney compensation in 17 cases where the attorney failed to file a fee application by the deadline in the court's show cause order), *Beirne, Maynard & Parson, L.L.P. v. Cypresswood Land Partners, I,* No. CV H-09-2620, 2011 WL 13324169, at *10 (S.D. Tex. Mar. 31, 2011) (affirming the bankruptcy court's decision to deny the final fee application as untimely).

24. Although the Motion provides several grounds to establish excusable neglect, none are sufficient to meet this high standard. The deadline to file the final fee application expired November 1, 2021. Applicant, who drafted the Plan, chose this deadline. However, Applicant blames the Court for missing this deadline because the Court did not issue a Post-Confirmation Order. In addition, Applicant prepared the Application on November 18, 2021, but does not explain why it was not filed at this time.

25. Although Applicant asserts there is no harm in extending the deadline after it expired, extending deadlines without cause impacts the integrity of the process. Parties are most familiar with the facts of the case near confirmation. A delayed fee order can preclude the ability to file an application for final decree, which – in turn – may result in additional quarterly reporting costs and United States Trustee fees. Parties should not create their own deadline, miss that deadline, then argue excusable neglect for their own failure to calendar the deadline they created. Applicant's mistake is insufficient to rise to the level of excusable neglect.

**Conclusion**

The United States Trustee respectfully requests that the Court sustain his objections and

Case 20-42789-mxm11 Doc 119 Filed 02/16/22 Entered 02/16/22 09:33:16 Page 7 of 7 Desc

deny the Motion. The United States Trustee requests any additional relief to which he may be entitled.

DATED: February 16, 2022

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also NY)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1247
elizabeth.a.young@usdoj.gov

**Certificate of Service**

I certify that on February 16, 2022, all parties entitled to receive ECF notice received a copy of this document.

*/s/ Elizabeth Ziegler Young*
Elizabeth Ziegler Young