**File a Motion:**

20-42789-mxm11 BM318, LLC

| | | | |
|---|---|---|---|
| Type: bk | Chapter: 11 v | Office: 4 (Ft. Worth) | |
| Assets: y | Judge: mxm | Case Flag: REFORM, EXHIBITS | |

Filed: 09/01/2020 Closed:
Reopen: Dismissed:
Dismissed(jdb):
Converted: Discharged:
Discharged(jdb):

Summary History Parties Filers Docket Sheet Deadlines/Hearings Status Pending Motions Creditors Claims Register

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 2/7/2022 at 3:30 PM CST and filed on 2/7/2022

**Case Name:** BM318, LLC
**Case Number:** 20-42789-mxm11
**Document Number:** 114

**Docket Text:**
Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)[110] Application for compensation) Filed by Debtor BM318, LLC (Attachments: # (1) Proposed Order) (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Extend Motion.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=2/7/2022] [FileNumber=47488859-0
] [7f34957bd36407630adffda5277a6157eaf2d92574e474f32128dfd681102c6e28c
be2ca4aa668532bac128105b7d535f37c2affaa8b0260bdfd000ab4972891]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Extend Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=2/7/2022] [FileNumber=47488859-1
] [1d5b1fb22fc7647625a6bb3160303887ca0cefa7a0ae34855bc2a2693639782db54
12b7674d89f2090e0018ada11500737c659610b8589adfb9b4c84d28dc408]]

**20-42789-mxm11 Notice will be electronically mailed to:**

Robert W. Buchholz on behalf of Creditor Citizens Bank
bob@attorneybob.com

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Kimberly Paige Harris on behalf of Interested Party Lumar Land & Cattle, LLC
kharris@qslwm.com, spark@qslwm.com

Joyce W. Lindauer on behalf of Debtor BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

**EXHIBIT**
9

Deborah M. Perry on behalf of Interested Party Dixon Water Foundation
dperry@munsch.com

Scott A. Ritcheson on behalf of Creditor Citizens Bank
scottr@rllawfirm.net, mistyb@rllawfirm.net

Joshua Lee Shepherd on behalf of Interested Party Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Laurie A. Spindler on behalf of Creditor Parker CAD
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Elizabeth Ziegler Young on behalf of U.S. Trustee United States Trustee
elizabeth.a.young@usdoj.gov

**20-42789-mxm11 Notice will not be electronically mailed to:**

Joyce Lindauer
,

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION TO EXTEND TIME FOR FILING FEE**
**APPLICATION OF DEBTOR'S COUNSEL**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW Joyce W. Lindauer Attorney, PLLC, counsel for Debtor in the above entitled and numbered case ("Counsel"), and moves that this Court extend the time for Counsel to file its First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel to January 18, 2022, and in support thereof would respectfully show:

1. The Debtor filed this case under Chapter 11 of the Bankruptcy Code on September 1, 2020.

2. On August 2, 2021, this Court entered its Order Confirming Debtor's First Amended Plan of Reorganization Dated November 19, 2020, as Amended [Docket No. 106].

3. On January 18, 2022, Counsel filed its First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel [Docket No. 110].

4. Pursuant to the Debtor's confirmed Plan, applications for compensation were to be filed on or before October 31, 2021.

5. Extensions of deadlines in a court order is governed by Rule 9006(b)(1), which provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request thereof is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1).

6. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court addressed the "excusable neglect" standard under Rule 9006(b)(1), finding that the rule grants a party "a reprieve to out-of-time filings that were delayed by 'neglect', which encompasses both simple, faultless omissions to act, and omissions caused by carelessness". *Id.* at 388. To determine whether neglect is "excusable," the Supreme Court stated, "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 394. The Supreme Court identified several factors including: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the control of the moving party; and (4) whether the moving party acted in good faith. *Id.* The Supreme Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable neglect.'" *Id.* at 392, 113 S.Ct. 1489.

7. The first factor considers whether the late filing creates a danger of prejudice to the opposing party. The late filed fee application would not create a danger of prejudice to the Debtor as the Debtor was aware of the pending fee application and the payment of the fees will not affect

Debtor's ability to pay its claims under the plan of reorganization. The fees will be paid by a non-debtor third party.

8. The second factor involves the length of delay and whether it will have an impact on judicial proceedings. The critical consideration regarding this factor is not the elapsed time of the delay, however, but rather the effect of that delay on the judicial administration of the case. *In Re Earth Rock, Inc.*, 153 B.R. at 64 (Bankr. D. Idaho 1993).

9. The fee application was filed on January 18, 2022, when the due date was October 31, 2021. The Debtor is in a pending adversary proceeding and is being represented by Counsel in that matter as well as the above captioned case. The allowance of the late filed fee application will not have an adverse effect on judicial proceedings as the Debtor's case is still pending.

10. The third factor involves the reason for delay and whether it was in control of the moving party. The Court did not enter a Chapter 11 Post-Confirmation Order in this case and counsel inadvertently overlooked placing the deadline to file its fee application on its calendar due to this being an on-going case. The procedure of this case has been atypical since there are pending actions that have brought a level of complication to this matter. This case did not conclude as would be the case in most Chapter 11 cases.

11. The final issue is whether counsel acted in good faith. Counsel has at all times acted in good faith. As mentioned above the Debtor's Counsel inadvertently failed to schedule the deadline for a final fee application. Normally such calendaring is further triggered by the Post-Confirmation Order which there is not one in this case.

12. Counsel requests that the Court enter an order extending the deadline to file its fee application to January 18, 2022, the date the fee application was filed.

WHEREFORE, PREMISES CONSIDERED, Joyce W. Lindauer Attorney, PLLC prays that the Court enter its order granting the relief requested, and that the Court grant such other and further relief as it may deem just and proper.

Dated: February 7, 2022.

Respectfully Submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 7, 2022, I emailed Elizabeth Young in the Office of the United States Trustee regarding the relief requested herein. At the time of filing this Motion, I have not received a response from Ms. Young.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 7, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case listed below.

Robert W. Buchholz
bob@attorneybob.com

Kimberly Paige Harris
kharris@qslwm.com, spark@qslwm.com

Joyce W. Lindauer
joyce@joycelindauer.com,
dian@joycelindauer.com;
deann@joycelindauer.com;
12113@notices.nextchapterbk.com

Deborah M. Perry
dperry@munsch.com

Scott A. Ritcheson on behalf of Creditor Citizens Bank
scottr@rllawfirm.net, mistyb@rllawfirm.net

Joshua Lee Shepherd
jshepherd@qslwm.com, dcruz@qslwm.com

Laurie A. Spindler
Laurie.Spindler@lgbs.com,
Dora.Casiano-Perez@lgbs.com;
dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Elizabeth Ziegler Young
elizabeth.a.young@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**ORDER GRANTING MOTION TO EXTEND TIME FOR FILING**
**FEE APPLICATION OF DEBTOR'S COUNSEL**

CAME ON FOR CONSIDERATION BY THE COURT the Motion to Extend Time for Filing Fee Application of Debtor's Counsel filed by Joyce W. Lindauer Attorney, PLLC, counsel for Debtor in the above entitled and numbered case, and the Court having considered the motion, grants same; it is accordingly,

**ORDERED, ADJUDGED AND DECREED** that the time for Joyce W. Lindauer Attorney, PLLC to file its Fee Application of Debtor's Counsel is extended to January 18, 2022.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Attorneys for Debtor