Deborah M. Perry
Texas Bar No. 24002755
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com

***Attorneys for The Dixon Water Foundation***

Charlene C. Koonce
Texas Bar No. 11672850
C. Alan Carrillo
Texas Bar No. 24109693
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001
Email: charlene@brownfoxlaw.com
Email: alan@brownfoxlaw.com

***Attorneys for Receiver for BM318, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| | § | |
| Debtor. | § | Hearing Date: May 20, 2024 |
| | § | Hearing Time: 9:30 a.m. (CT) |

**JOINT MOTION OF BM318, LLC AND THE DIXON WATER FOUNDATION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING NO. 21-04051**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 500 W. TENTH STREET, FORT WORTH, TEXAS 76102-3643 BEFORE CLOSE OF BUSINESS ON MAY 16, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD ON MAY 20, 2024 AT 9:30 A.M. (CT) WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

COME NOW, BM318, LLC ("BM318") and The Dixon Water Foundation, a Texas non-profit corporation ("Dixon"), and file this their *Joint Motion of BM318, LLC and The Dixon Water Foundation for Approval of Compromise and Settlement of Adversary Proceeding No. 21-04051* (the "Motion"), and in support of the Motion, would respectfully show the Court as follows:

## I. BACKGROUND

1. On September 1, 2020, BM318 filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code initiating the above-captioned bankruptcy proceeding (the "Bankruptcy Case").

2. On November 19, 2020, BM318 filed the *Debtor's First Amended Plan of Reorganization* [BK Doc. No. 39], which was modified by the *First Modification to Debtor's First Amended Plan of Reorganization* [BK Doc. No. 79] and the *Third Modification to Debtor's First Amended Plan of Reorganization* [BK Doc. No. 100] (together, the "Plan").

3. On August 2, 2021, the Court entered the order confirming the Plan [BK Doc. No. 106].

4. On August 10, 2021, BM318 filed its *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550*, commencing adversary proceeding No. 21-04051 (the "Adversary Proceeding").

5. On October 18, 2022, the United States District Court for the Northern District of Texas (the "District Court") entered an *Order Appointing Receiver* (the "Initial Receivership Order") in the case of *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. 3:22-cv-2118-X (N.D.Tex.) (the "Receivership Proceeding"). The receivership order placed into receivership all entities controlled, directly or indirectly, by Timothy Barton, including BM318. The District Court appointed Cortney C. Thomas as receiver (the "Receiver").

6. On April 25, 2023, Dixon and the Receiver engaged in a mediation conducted by the Honorable Harlin D. Hale (Ret.) and reached a mediated settlement of the Adversary Proceeding, which is the subject of this Motion.

7. Confirmation of the settlement was interrupted by a vacatur of the Initial Receivership Order by the Fifth Circuit.

8. On remand, this was remedied by the entry of a new receivership order that the District Court entered on November 29, 2023 (the "Receivership Order"). The Receivership Order continued the receivership with regard to BM318.

9. On January 5, 2024, the Receiver filed the *Receiver's Motion to Lift Litigation Stay of BM318 Bankruptcy Case* (the "Lift Stay Motion") [Doc No. 450]. On April 15, 2024, the District Court entered its *Order* granting the Lift Stay Motion so that this Bankruptcy Court may consider the Settlement Agreement, entered into between the Receiver and Dixon (the "Lift Stay Order") [Doc. 486] (copy attached hereto as Exhibit "A".)

## II. JURISDICTION

10. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019.

## III. RELIEF REQUESTED

11. BM318 and Dixon (the "Parties") have negotiated the material terms of an agreement providing for the compromise and resolution of the claims brought by BM318 against Dixon in the Adversary Proceeding. Pursuant to § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the Parties request that the Bankruptcy Court approve those terms and authorize

them to enter into such agreement, which shall be substantially identical in form and substance to the settlement agreement attached hereto as Exhibit "B" (the "Settlement Agreement").

12. As more fully set forth therein, the terms of the Settlement Agreement provide for the following:[1]

a. Payment by Dixon to BM318 of $100,000.00;

b. Mutual release of all claims between Dixon and BM318 (the "Claims");

c. Final judgment entered in the Adversary Proceeding that provides for dismissal of the Adversary Proceeding with prejudice;

d. Release of lis pendens by BM318 concerning the property that is the subject of the Adversary Proceeding; and

e. Reservation by the Receiver of certain alleged non-debtor claims.

## IV. THE LEGAL STANDARDS

13. For the reasons discussed below, BM318 has determined that it is in the best interest of BM318, as the Reorganized Debtor,[2] and its creditors if the Claims are compromised and resolved under the terms of the Settlement Agreement.

14. Under the terms of the Plan, the Reorganized Debtor has the right to pursue and to resolve certain preserved claims of BM318 and the Debtor's Estate. See Plan § 8.01.

15. Bankruptcy Rule 9019(a) provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Court further provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

[1] The following is only meant as a summary of the material terms of the Settlement Agreement. To the extent of an inconsistency between the summary and the Settlement Agreement, the terms of the Settlement Agreement control.

[2] All capitalized terms not otherwise defined shall have the meaning provided in the Plan.

16. In reviewing proposed settlements, the Fifth Circuit has instructed courts to apply the following factors, in addition to reviewing the terms and conditions of the settlement itself:

a. The probability of success in the litigation with due consideration for the uncertainty in fact and law;

b. The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

c. All other factors bearing on the wisdom of the compromise.

*Connecticut General Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.), 68 F.3d 914, 917 (5th Cir. 1995)* (citing *Jackson Brewing Co.,* 624 F.2d at 602). The Parties submit that those settlement factors weigh in favor of approval of the Settlement Agreement.

17. The Fifth Circuit has further supplemented the provisions of Bankruptcy Rule 9019 to require, as a condition to approval of a settlement, that the settlement is "fair and equitable and in the best interest of the estate." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980); see also *Connecticut General Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).

18. Moreover, as set forth above, the standards by which a court evaluates a proposed compromise and settlement are well established. A court need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement. Rather, a court is permitted to defer to the judgment of the parties, and the court's responsibility is to canvass the issues to see whether the proposed settlement "falls below the lowest point in the range of reasonableness." *In re Pennsylvania Truck Lines, Inc.,* 150 B.R. 595, 601 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Approval of a compromise is committed to the sound discretion of the trial court

and will not be disturbed unless such court has abused its discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.,* 624 F.2d 599, 602-03 (5th Cir. 1980)).

19. Probability of Success. First, in relation to the probability of success in the litigation, it is unnecessary for a court to conduct a mini-trial on the various claims and defenses to be resolved under the settlement. "[T]he approval of a proposed settlement does not depend on establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable." *Jackson Brewing Co.*, 624 F.2d at 604. "The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision." *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997) (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)); see also *Official Committee of Unsecured Creditors of Int'l Distrib. Ctrs., Inc. v. James Talcott, Inc. (In re International Distrib. Ctrs., Inc.)*, 103 B.R. 420, 423 (S.D.N.Y. 1989); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991).

20. The Adversary Proceeding was pending for over one year prior to the institution of the Receivership Proceeding. Substantial written discovery was engaged in and the Court held multiple hearings in connection with a Motion to Compel filed by Dixon. The Court also held multiple hearings on BM318's Motion to Amend its Complaint which the Court ultimately denied. As a result of the foregoing activity and the types of common bankruptcy claims brought by BM318 against Dixon pursuant to §§ 547, 548 and 550 in the Adversary Proceeding, the Court is well situated to assess the probability of success in the litigation with due consideration for the uncertainty in fact and law.

21. The Parties submit that the payment provided for in the Settlement Agreement duly reflects BM318's probability of success on its Claims. While neither party admits or denies the assertions of the other, BM318 recognizes that there are substantial disputes and potential defenses to the Claims it has asserted in the Adversary Proceeding.

22. Complexity and Expense Of Litigation. As explained by the Fifth Circuit, "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Cajun Elec.*, 119 F.3d at 354 (quoting *Jackson Brewing Co*., 624 F.2d at 602). The issues raised in the Adversary Proceeding would require the expenditure of substantial additional fees and expenses in connection with both fact discovery and expert discovery as well as trying the Adversary Proceeding and appellate proceedings that might flow therefrom.

23. Finally, as for all other factors bearing on the wisdom of the compromise, the Fifth Circuit has identified at least two such other factors: (a) the best interests of the creditors with proper deference to their reasonable views; and (b) the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion. *See Cajun Elec.,* 119 F.3d at 354, 356; *See also Foster Mortgage Corp*., 68 F.3d at 917. First the settlement came about as a result of a mediation conducted by the Honorable Harlin D. Hale (Ret.) which was conducted at arms-length and was intensely negotiated by the Parties. Second, the Settlement is in the best interests of the creditors of the Reorganized Debtor given the amount of the settlement and the Claims that will be resolved.

## V. CONCLUSION

24. The Settlement Agreement, as set forth in the attached Exhibit "B", is the product of arm's-length negotiations between the Parties. The Settlement Agreement represents a fair and reasonable resolution of the Claims and the Adversary Proceeding in relation to the Parties. Thus,

the Settlement Agreement is fair and reasonable, is in the best interests of the Reorganized Debtor and its creditors, and is the result of the exercise of sound business judgment.

WHEREFORE, PREMISES CONSIDERED, the Parties request that this Court (a) enter an order: substantially in the form of the order attached hereto as Exhibit "C": (i) approving the material terms set forth in the Settlement Agreement; (ii) authorizing BM318 to enter into a settlement and compromise agreement in substantially the same form as the Settlement Agreement; (b) enter Final Judgment in the Adversary Proceeding in substantially the same form as the Final Judgment attached hereto as Exhibit "D," and (c) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 25th day of April, 2024.

**BROWN FOX PLLC**

By: */s/ C. Alan Carrillo*

Charlene C. Koonce
State Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
alan@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Fax: (214) 327-5001

*Attorneys for Receiver for BM318, LLC*

**MUNSCH HARDT KOPF & HARR, P.C.**

By: *__/s/ Deborah M. Perry__*

Deborah M. Perry
Texas Bar No. 24002755
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com

*Attorneys for The Dixon Water Foundation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 25th day of April, 2024, true and correct copies of this document were served via the Court's ecf system on parties entitled to receive electronic notice in the Bankruptcy Case and by regular U.S. first class mail on the parties on the attached Service List.

*/s/ Deborah M. Perry*
Deborah M. Perry