# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement") is entered into between BM318, LLC ("BM318") and The Dixon Water Foundation ("Dixon") as of the last date of the signature of the Parties and it shall become binding on the Parties as of the Effective Date (defined herein). BM318 and Dixon may be collectively referred to as the "Parties" or individually referred to as a "Party."

WHEREAS, on or about August 10, 2021, BM318 filed its *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550*, commencing Adv. Pro. No. 21-04051 (the "Adversary Proceeding") which is related to Bankruptcy Case No. 20-42789-MXM, *In re BM318, LLC* (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court");

WHEREAS, in the Adversary Proceeding, BM318 has asserted claims against Dixon under §§ 547, 548 and 550 of the Bankruptcy Code related to 1,531.75 acres of land, being a part of the Bear Creek Ranch, located in Parker County, Texas (the "Property");

WHEREAS, subsequent to the filing of the Adversary Proceeding, the United States District Court for the Northern District of Texas (the "District Court"), in connection with a civil enforcement action captioned *Securities and Exchange Commission v. Timothy Barton, et al.* and numbered Case No. 3:22-cv-2118-X (the "Receivership Proceeding"), appointed Cortney C. Thomas as Receiver for BM318 and other entities controlled by Timothy Barton (the "Receiver");

WHEREAS, the Receiver expressly reserves any claims to recover from Dixon funds allegedly diverted from investors as alleged in the Receivership Proceeding (the "Investor Funds");

WHEREAS, in the Adversary Proceeding, Dixon disputes the allegations asserted against it, and denies any liability to BM318 for any claim asserted against it;

WHEREAS Dixon continues to maintain that it is not liable to BM318;

WHERAS, Dixon denies it has any liability to the Receiver in respect of any Investor Funds and expressly reserves all rights and defenses of any kind;

WHEREAS, without making any admissions of liability or other concessions, the Parties enter into this Settlement Agreement solely to avoid the cost, expense, and inconvenience of litigation.

NOW THEREFORE, in consideration of the foregoing Recitals which are incorporated into and are a part of this Settlement Agreement, and the promises, conditions, and covenants contained in this Settlement Agreement, and other good and valuable consideration, the adequacy of which is acknowledged, the Parties agree as follows:

1. **Court Approval.** This Settlement Agreement is subject to, and it shall not be effective until, an order approving this Settlement Agreement is entered by the Bankruptcy Court and an order ratifying this Settlement Agreement is entered by the District Court ("Court

Approval"). Upon the Parties' execution of this Settlement Agreement, the Receiver shall file a motion in the Receivership Proceeding seeking an order from the District Court lifting the stay of the Bankruptcy Case for the purpose of the Parties seeking approval of this Settlement Agreement by the Bankruptcy Court. Upon the District Court's entry of an order lifting of the stay of the Bankruptcy Case, the Parties shall file a motion (and shall attach an executed copy of this Settlement Agreement thereto) seeking an order from the Bankruptcy Court approving this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. Upon the Bankruptcy Court's entry of an order approving the Settlement Agreement, the Receiver shall file a motion in the Receivership Proceeding (and shall attach an executed copy of this Settlement Agreement thereto) seeking an order from the District Court ratifying this Settlement Agreement. The Parties agree to cooperate in good faith to effectuate the terms and conditions of this Settlement Agreement, including taking all necessary actions to acquire Court Approval. If this Settlement Agreement does not receive Court Approval, it shall be null and void.

2. **Payment.** Dixon agrees to pay BM318 the total sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) (the "Settlement Payment"). The Settlement Payment is to be made by a check payable to "Cortney C. Thomas, as Receiver for BM318, LLC." The Settlement Payment is to be delivered to the Receiver within seven (7) days after this Settlement Agreement receives Court Approval ("Payment Deadline").

3. **Event of Default; Right to Cure and Remedies.** Dixon's failure to make the Settlement Payment by the Payment Deadline shall constitute an "Event of Default" under this Settlement Agreement. Dixon shall have seven (7) days to cure an Event of Default for failing to make the timely Settlement Payment. If Dixon fails to make the Settlement Payment, then the Receiver, at his sole discretion, may bring suit against Dixon to enforce this Settlement Agreement.

4. **Release by BM318.** Effective as of the Effective Date, BM318 on its own behalf and on behalf of its creditors (collectively, the "BM318 Releasors") hereby releases Dixon and any of Dixon's past and/or present employees, agents, attorneys, representatives, assigns, members, directors, officers, shareholders, guarantors, insurers, subsidiaries, affiliated entities, related corporations, corporate parents, predecessors, successors and any other persons acting or purporting to act on behalf of Dixon (collectively, the "Dixon Released Parties"), from any and all liability for any and all claims, causes of action, demands, judgments, omissions, duties, obligations, losses, debts, promises, damages, costs, attorneys' fees and expenses, whether in law or in equity, whether known or unknown, direct or contingent, asserted or unasserted, suspected or unsuspected, choate or inchoate, however arising, which any of the BM318 Releasors has or had against any of the Dixon Released Parties, including, but not limited to, those asserted or which could have been asserted in the Adversary Proceeding. It is expressly understood, however, that the Receiver is not a party to this release and accordingly the Receiver is not providing any release of any claims he may hold, including but not limited to, claims for the recovery of any Investor Funds that may have been transferred to Dixon by BM318 or other Receivership Entities.[1]

[1] "Receivership Entities" includes all entities subject to administration in the Receivership Proceeding including, but not limited to, those entities identified in the District Court's *Order Appointing Receiver* [Receivership Proceeding, Docket No. 29] and later supplemental orders entered in the Receivership Proceeding [Receivership Proceeding, Docket Nos. 62, 88, etc.].

5. **Release by Dixon.** Effective as of the Effective Date, Dixon, on its own behalf and on behalf of its agents, attorneys, representatives, assigns, guarantors, and/or creditors (collectively, the "Dixon Releasors"), hereby releases BM318, from any and all liability for any and all claims, causes of action, demands, judgments, omissions, duties, obligations, losses, debts, promises, damages, costs, attorneys' fees and expenses, whether in law or in equity, whether known or unknown, direct or contingent, asserted or unasserted, suspected or unsuspected, choate or inchoate, however arising, which Dixon has or had against BM318, including, but not limited to, those asserted or which could have been asserted in the Adversary Proceeding. It is expressly understood, however, that Dixon does not release any defense whatsoever to any potential claim by the Receiver or any other person seeking to recover any Investor Funds that may have been transferred to Dixon.

6. **No Admissions of Liability by Dixon.** This Settlement Agreement is intended to be and is a compromise between BM318 and Dixon to avoid the cost, expense and inconvenience of litigation and shall not be construed as an admission of liability; nor shall this Settlement Agreement be construed as a waiver, modification, or retraction of the positions of the Parties with respect to the claims asserted by BM318 in the Adversary Proceeding.

7. **Dismissal of the Adversary Proceeding as Against Dixon.** BM318 agrees that within five (5) business days of this Settlement Agreement receiving Court Approval, BM318 shall make all appropriate filings to dismiss, with prejudice, the Adversary Proceeding as against Dixon, with each Party to bear its own costs, expenses, and attorneys' fees. Such filings shall be subject to Dixon's approval.

8. **Release of Lis Pendens.** BM318 agrees that within five (5) business days of this Settlement Agreement receiving Court Approval, BM318 shall file a release of the lis pendens BM318 filed against the Property. Such filing shall be subject to Dixon's approval. To the extent that Timothy Barton or anyone purporting to act on behalf of Mr. Barton files any additional lis pendens against the Property, BM318 will promptly cooperate with Dixon to obtain removal of any such lis pendens.

9. **Authority.** The Parties represent that, subject to Court Approval, they have the legal right and authority required to compromise and settle all claims under the terms and conditions set forth herein. The Parties also represent that the signatures on behalf of the Parties, or their counsel, to this Settlement Agreement, are sufficient, without further approval of third parties, other than Court Approval, to fully bind such party to the terms hereof, including without limitation, the Settlement Payment and releases set forth herein.

10. **Sufficiency of Consideration.** The Parties acknowledge the sufficiency of the consideration referenced herein to compromise and settle all claims, causes of action, demands, judgments, costs, and attorneys' fees and expenses, whatsoever settled, discharged, and/or released herein. The Parties further warrant that no promise or inducement has been offered other than the consideration referenced herein and that this Settlement Agreement is being executed without reliance on any statement or representation by any Party being released herein or by its representatives concerning the nature and extent of losses and damages or the liability therefore or any further future payment.

11. **Counterparts.** This Settlement Agreement may be executed by each of the Parties in counterparts with the same effect as if the Parties had signed the same original. Facsimile signatures or signatures transmitted via electronic means shall be accepted as original signatures.

12. **General.** This Settlement Agreement shall be governed in accordance with the laws of the State of Texas and shall inure to the benefit of and be binding upon the Parties and their respective successors, and assigns. Any litigation arising from this Settlement Agreement shall be brought in the Receivership Proceeding. The Recitals set forth in the beginning of this Settlement Agreement are incorporated herein.

13. **Notice.** Any notice required under this Settlement Agreement shall be submitted in writing and sent via email and overnight delivery service or express mail next day delivery and addressed to:

BM318

Courtney C. Thomas
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Email: cort@brownfoxlaw.com

DIXON

Deborah M. Perry
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Email: dperry@munsch.com

14. **Entire Agreement.** Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter of the Settlement Agreement. Neither Party is relying and hereby disclaims reliance on any other representation, omission, or document not expressly contained in this Agreement.

15. **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective successors and assigns.

16. **Modifications.** This Settlement Agreement shall not be modified except by an instrument in writing signed by the Party against whom the enforcement of any modification is sought.

17. **Necessary Actions.** The Parties shall take any and all steps and actions and execute any and all documents necessary to effectuate the terms and conditions of this Settlement Agreement.

18. **Severability.** All provisions within this Settlement Agreement are to be read in conjunction with each other. Provisions should be read together so as to harmonize the whole. Before declaring any provision of this Settlement Agreement invalid, a court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents. If any provision of this Settlement Agreement is found by a court to be void, voidable, or otherwise unenforceable, all remaining provisions of this Settlement Agreement shall remain in full force

and effect so as to carry out the expressed intent of the Parties herein, and the Parties shall promptly attempt in good faith to negotiate a suitable replacement provision.

19. **Headings.** All headings within the Settlement Agreement are provided for convenience and reference only and shall not affect the interpretation of this Settlement Agreement in any way.

20. **Effective Date of Settlement Agreement.** This Settlement Agreement is expressly conditioned on it receiving Court Approval. The "Effective Date" of this Settlement Agreement shall be the date on which the District Court enters an order in the Receivership Proceeding ratifying this Settlement Agreement, following the Bankruptcy Court's entry of an order approving this Settlement Agreement in the Bankruptcy Case, at which time this Settlement Agreement shall become immediately binding on each of the Parties.

**AGREED:**

**BM318, LLC**

By: [signature], Receiver
Cortney C. Thomas, in his capacity as Receiver

Dated: 6/20/23

**THE DIXON WATER FOUNDATION**

By: DocuSigned by: Casey Wade
5DF4F5511AAD475...

Printed Name: Casey Wade

Its: President/CEO

Dated: 6/21/2023