Charlene C. Koonce
State Bar No. 11672850
C. Alan Carrillo
Texas Bar No. 24109693
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327- 5001
Email: charlene@brownfoxlaw.com
Email: alan@brownfoxlaw.com

***Attorney for Second Receiver***
***for BM318, LLC, Cortney C. Thomas***

J. Robert Forshey
State Bar No. 07264200
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
Email: bforshey@forsheyprostok.com

***Attorney for Lumar Land & Cattle, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-42789-MXM |
| BM318, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

**JOINT MOTION OF BM318, LLC AND LUMAR LAND & CATTLE, LLC FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING NO. 21-04051**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 500 W. TENTH STREET, FORT WORTH, TEXAS 76102-3643 BEFORE CLOSE OF BUSINESS ON MAY 16, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, BM318, LLC[1] ("BM318") and Lumar Land & Cattle, LLC ("Lumar" and, collectively with BM318, the "Parties") and file this *Joint Motion of BM318, LLC and Lumar Land & Cattle, LLC for Approval of Compromise and Settlement of Adversary Proceeding No. 21-04051* (the "Motion").

## I. BACKGROUND

### A. The Chapter 11 bankruptcy case

1. On September 1, 2020, BM318 filed a voluntary petition under Chapter 11 of the Bankruptcy Code initiating this bankruptcy case.

2. On November 19, 2020, BM318 filed the *Debtor's First Amended Plan of Reorganization* [Doc. No. 39], which was modified by the *First Modification to Debtor's First Amended Plan of Reorganization* [Doc. No. 79] and the *Third Modification to Debtor's First Amended Plan of Reorganization* [Doc. No. 100] (collectively, the "Plan").

3. On August 2, 2021, the Court entered an order confirming the Plan [Doc. No. 106].

### B. The Adversary Proceeding

4. On August 10, 2021, BM318 filed its *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* ("Complaint"), commencing adversary proceeding No. 21-04051 ("Adversary Proceeding") against The Dixon Water Foundation ("Dixon").

5. The Adversary Proceeding arises out of a sale of a tract of land (the "Dixon Land") by Dixon to BM318. The sale was owner financed by Dixon. When BM318 defaulted, most of the Dixon Land was reconveyed by BM318 to Dixon through a deed in lieu of foreclosure. Dixon then sold a 204-acre tract (the "Lumar Land") out of the Dixon Land to Lumar.

[1] BM318 files this Motion under the control of Cortney C. Thomas as its duly appointed receiver.

6. After Lumar acquired the Lumar Land, BM318 commenced the Adversary Proceeding, asserting in the Complaint various claims against Dixon relating to the Dixon Land, including that the conveyance of the Dixon Land by BM318 to Dixon was avoidable pursuant to sections 547 and 548 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) as either a preference or fraudulent transfer. Thereafter, BM318 filed a Notice of Lis Pendens ("Lis Pendens") in the real estate records of Parker County, Texas, reflecting the claims asserted by BM318 in the Adversary Proceeding in relation to the Dixon Land.

7. The Lis Pendens burdened the Lumar Land as a part of the larger tract of the Dixon Land. Because the Lumar Land was so burdened, Lumar sought and received leave from this Court to intervene in the Adversary Proceeding.

C. The SEC Receivership

8. On October 18, 2022, the United States District Court for the Northern District of Texas entered an *Order Appointing Receiver* ("First Receiver Order") in the following case ("Receivership Lawsuit"):

> *Securities and Exchange Commission,* Plaintiff v. *Timothy Barton, et al.*, Defendants, Civil Action No. 3:22-cv-2118-X, United States District Court for the Northern District of Texas, Dallas Division

9. The First Receiver Order placed into receivership all entities controlled, directly or indirectly, by Timothy Barton ("Barton"), including BM318. Cortney C. Thomas was appointed as receiver ("First Receiver") pursuant to the First Receiver Order.

10. On April 25, 2023, Lumar and the First Receiver engaged in a mediation conducted by the Honorable Harlin D. Hale (Ret.) and reached a mediated settlement of the Adversary Proceeding, which settlement agreement is the subject of this Motion. Lumar and the First Receiver each executed a Settlement and Release Agreement ("Settlement Agreement") reflecting the mediated settlement between them. The Settlement Agreement is subject to, and a part of, an Agreement to Reaffirm and Adopt the Settlement and Release Agreement ("Reaffirmation and Adoption Agreement"), a true and accurate copy of which is attached as

**<u>Exhibit "A."</u>** The Settlement Agreement, as reaffirmed in the Reaffirmation and Adoption Agreement, is hereinafter referred to as the "Reaffirmed and Adopted Settlement Agreement."

11. Dixon also participated in the mediation and reached a separate settlement with the First Receiver relating to the Adversary Proceeding. It is expected that BM318 and Dixon will file a separate motion with the Court to approve that settlement.

12. The First Receiver Order was appealed by Barton. Barton's appeal was docketed in the Fifth Circuit as follows ("Fifth Circuit Appeal"):

> *Securities Exchange Commission*, Plaintiff Appellee v. *Timothy Barton*, Defendant Appellant, Case No. 22-11132 in the Fifth Circuit Court of Appeals

13. The Settlement Agreement was executed by the First Receiver, on behalf of BM318, on June 20, 2023, and thereafter by Lumar on June 26, 2023.

14. On June 28, 2023, before the First Receiver and Lumar could take steps to obtain the required approval of the settlement through the Receivership Lawsuit and this bankruptcy case, the Fifth Circuit published an opinion ("Original Opinion") in the Fifth Circuit Appeal vacating the First Receiver Order effective 90 days after the issuance of the mandate. The Original Opinion was reported as *SEC v. Barton*, 74 F.4th 640 (5th Cir. 2023).

15. After the Original Opinion was published, Barton filed a petition with the Fifth Circuit seeking a panel rehearing. On August 31, 2023, the Original Opinion was withdrawn by the Fifth Circuit and a second opinion ("Second Opinion") was published denying Barton's request for rehearing and substituting the Second Opinion in place of the Original Opinion. The Second Opinion is reported as *SEC v. Barton*, 2023 U.S. App. LEXIS 23125, 79 F.4th 573 (5th Cir. Aug. 31, 2023). The Second Opinion also vacated the First Receiver Order 90 days after the issuance of the mandate and granted, in part, Barton's motion for a stay - - with such stay to remain in place until the First Receiver Order was vacated. 2023 U.S. App. LEXIS 23125 *19-20. However, the Second Opinion also states that, if a new receivership order were to be entered before the First Receiver Order is vacated, the stay granted in favor of Barton would

have no effect on the actions of the new receiver under the new receivership order. *Id*. The mandate in the Fifth Circuit Appeal was issued on August 31, 2023.

16. The Securities Exchange Commission, as the plaintiff in the Receivership Lawsuit, filed a *Second Motion to Appoint a Receiver* [Docket No. 309] in the Receivership Lawsuit. This second motion was granted pursuant to an *Order Appointing Receiver* [Docket No. 417] ("Second Receiver Order") entered in the Receivership Lawsuit on November 29, 2023. Cortney C. Thomas has been appointed to act as the receiver ("Second Receiver") pursuant to the Second Receiver Order.

17. The Second Receiver wishes to consummate the compromise settlement reflected in the Reaffirmed and Adopted Settlement Agreement. To this purpose, the Second Receiver filed in the Receivership Lawsuit a *Motion to Lift Litigation Stay of BM318 Bankruptcy Case* [Docket no. 450] ("Stay Motion"), which sought to modify the litigation stay contained in the Second Receiver Order to allow for BM318 and Lumar to file this Motion seeking approval by this Court of the Reaffirmed and Adopted Settlement Agreement. The Stay Motion was granted pursuant to an Order [Docket No. 486] entered in the Receivership Lawsuit on April 15, 2024.

## II. JURISDICTION

18. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019.

## III. RELIEF REQUESTED

19. The Parties have entered into the Reaffirmed and Adopted Settlement Agreement providing for the compromise and resolution of the claims brought by BM318 against Lumar in the Adversary Proceeding. Pursuant to § 105(a) of the Bankruptcy Code and

Bankruptcy Rule 9019(a), the Parties request that the Bankruptcy Court approve those terms and authorize them to enter into such agreement, which shall be substantially identical in form and substance to the Reaffirmed and Adopted Settlement Agreement attached hereto as **Exhibit "A"**.

20. As more fully set forth therein, the terms of the Reaffirmed and Adopted Settlement Agreement provide for the following:[2]

a. A payment by Lumar to BM318 of $75,000.00;

b. Mutual release of all claims (collectively, the "Claims") between Lumar and BM318 and between Lumar and the Receiver;

c. Final judgment entered in the Adversary Proceeding that provides for dismissal of the Adversary Proceeding with prejudice; and

d. Release of the Lis Pendens.

## IV. THE LEGAL STANDARDS

21. For the reasons discussed below, BM318 has determined that it is in the best interest of BM318, as the Reorganized Debtor, and its creditors if the Claims are compromised and resolved under the terms of the Reaffirmed and Adopted Settlement Agreement.

22. Under the terms of the Plan, BM318, as the Reorganized Debtor has the right to pursue and to resolve all preserved claims of BM318 and the Debtor's Estate. See Plan § 8.01.

23. Bankruptcy Rule 9019(a) provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Court further provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

---

[2] The following is only meant as a summary of the material terms of the Reaffirmed and Adopted Settlement Agreement. To the extent of an inconsistency between the summary and the Reaffirmed and Adopted Settlement Agreement, the terms of the Reaffirmed and Adopted Settlement Agreement control.

24. In reviewing proposed settlements, the Fifth Circuit has instructed courts to apply the following factors, in addition to reviewing the terms and conditions of the settlement itself:

a. The probability of success in the litigation with due consideration for the uncertainty in fact and law;

b. The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

c. All other factors bearing on the wisdom of the compromise.

*Connecticut Gen. Life Ins. v. United Cos. Fin. Corp.* (*In re Foster Mortgage Corp*.), 68 F.3d 914, 917 (5th Cir. 1995), citing *In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980). The settlement must be "fair and equitable and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d at 602; *Foster Mortgage Corp*, 68 F.3d at 917. These settlement factors weigh heavily in favor of approval of the Reaffirmed and Adopted Settlement Agreement.

25. Moreover, as set forth above, the standards by which a court evaluates a proposed compromise and settlement are well established. A court need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement. Rather, a court is permitted to defer to the judgment of the parties, and the court's responsibility is to canvass the issues to see whether the proposed settlement "falls below the lowest point in the range of reasonableness." *In re Pennsylvania Truck Lines, Inc.,* 150 B.R. 595, 601 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Approval of a compromise is committed to the sound discretion of the trial court and will not be disturbed unless such court has abused its discretion. *Jackson Brewing Co.,* 624 F.2d at 602-03.

26. <u>Probability of Success</u>. In relation to the probability of success in the litigation, it is unnecessary for a court to conduct a mini-trial on the various claims and defenses to be resolved under the settlement. "[T]he approval of a proposed settlement does not depend on establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable." *Jackson Brewing Co.*, 624 F.2d at 604. "The judge need only apprise

himself of the relevant facts and law so that he can make an informed and intelligent decision." *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997) (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)); see also *Official Committee of Unsecured Creditors of Int'l Distrib. Ctrs., Inc. v. James Talcott, Inc. (In re International Distrib. Ctrs., Inc.)*, 103 B.R. 420, 423 (S.D.N.Y. 1989); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991).

27. The Adversary Proceeding was pending for over one year prior to the institution of the Receivership Proceeding. Substantial written discovery was engaged in and the Court held multiple hearings in connection with a Motion to Compel filed by Dixon. The Court also held multiple hearings on BM318's Motion to Amend its Complaint which the Court ultimately denied. As a result of the foregoing activity and the types of common bankruptcy claims brought by BM318 against Dixon in the Adversary Proceeding pursuant to §§ 547, 548 and 550, the Court is well situated to assess the probability of success in the litigation with due consideration for the uncertainty in fact and law.

28. The payment provided for in the Reaffirmed and Adopted Settlement Agreement is fair and reasonable, especially taking into account the complexity and cost of the litigation as discussed below. While neither party admits the assertions of the other, BM318 recognizes that there are substantial disputes and potential defenses to the claims it has asserted in the Adversary Proceeding and as discussed below, the cost of proceeding with the litigation would be substantial.

29. <u>Complexity and Expense Of Litigation</u>. As explained by the Fifth Circuit, "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a close proceeding otherwise lengthy, complicated and costly." *Cajun Elec.*, 119 F.3d at 354 (quoting *Jackson Brewing Co.*, 624 F.2d at 602). The issues raised in the Adversary Proceeding would require the expenditure of substantial additional fees and

expenses in connection with both fact discovery and expert witnesses, both in terms of the costs of the experts and expert discovery, as well as the substantial costs of a trial of the Adversary Proceeding and any appeals that might flow from the judgment resolving the Adversary Proceeding.

30. Other Factors. Finally, as for all other factors bearing on the wisdom of the compromise, the Fifth Circuit has identified at least two such other factors: (a) the best interests of the creditors with proper deference to their reasonable views; and (b) the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion. *See Cajun Elec.,* 119 F.3d at 354, 356; *See also Foster Mortgage Corp*., 68 F.3d at 917. First the settlement came about as a result of a mediation conducted by the Honorable Harlin D. Hale (Ret.) which was conducted at arms-length and was intensely negotiated by the Parties. Second, the Reaffirmed and Adopted Settlement Agreement is in the best interests of the creditors of BM318 given the amount of the settlement and the Claims that will be resolved.

## V. CONCLUSION

31. The Reaffirmed and Adopted Settlement Agreement is the product of arm's-length negotiations between the Parties, and represents a fair and reasonable resolution of the Claims asserted between BM318 and Lumar in the Adversary Proceeding based on the exercise of the Reorganized Debtor's sound business judgment. Approval of the Reaffirmed and Adopted Settlement Agreement is in the best interests of the Reorganized Debtor and its creditors.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Parties request that this Court (a) enter an order: substantially in the form of the order attached hereto as **Exhibit "B"**: (i) approving the material terms set forth in the Reaffirmed and Adopted Settlement Agreement; and (ii) authorizing BM318 to enter into a settlement and compromise agreement in substantially the same form as the Reaffirmed and Adopted Settlement Agreement; (b) enter a Final Judgment in

the Adversary Proceeding in substantially the same form as the Final Judgment attached hereto as **Exhibit "C"**, and (c) grant such other and further relief as is just and proper.

Dated: April 25, 2024

**BROWN FOX PLLC**

By: */s/ C. Alan Carrillo*
Charlene C. Koonce
State Bar No. 11672850
charlenet@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
alan@brownfoxlaw.com
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Fax: (214) 327-5001

*Counsel to the Second Receiver for BM318, LLC, Cortney C. Thomas*

**FORSHEY & PROSTOK, LLP**

By: */s/ J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
Email: bforshey@forsheyprostok.com

and

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC**
Kimberly P. Harris
Texas Bar No. 24002234
Joshua L. Shepherd
Texas Bar No. 24058104
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: kharris@qslwm.com
Email: jshepherd@qslwm.com

*Counsel for Lumar Land & Cattle, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 25th day of April, 2024, true and correct copies of this document were served via the Court's ECF system and by U.S. Mail first class postage prepaid on the parties on the attached Service List.

*/s/ J. Robert Forshey*
J. Robert Forshey

L:\BFORSHEY\Lumar Land & Cattle, LLC (BM318)(non-bnkrptcy)#6323\Pleadings- 20-42789\Lumar- 9019 Motion- (BF JLS 3v) 4.16.24 (bf - 4.22.24).docx