Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR JOYCE W.
LINDAUER ATTORNEY, PLLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**OBJECTION TO (I) JOINT MOTION OF BM318, LLC AND THE DIXON WATER FOUNDATION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING NO. 21-04051 (DOCKET NO. 147) AND (II) OBJECTION TO JOINT MOTION OF BM318, LLC AND LUMAR LAND & CATTLE, LLC FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING NO. 21-04051 (DOCKET NO. 149)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW Joyce W. Lindauer Attorney, PLLC ("Counsel") and files this its Objection to (I) Joint Motion of BM318, LLC and the Dixon Water Foundation for Approval of Compromise and Settlement of Adversary Proceeding No. 21-04051 (Docket No. 147) and (II) Objection to Joint Motion of BM318, LLC and Lumar Land & Cattle, LLC for Approval of Compromise and Settlement of Adversary Proceeding No. 21-04051 (Docket No. 149), and in support would respectfully show the Court as follows:

1. Counsel has approved fees in the Bankruptcy Case that have not been paid. See Exhibit 1 attached hereto. Counsel also has extensive fees for work on the Adversary Cases with Dixon Water Foundation and Lumar Land & Cattle, LLC. The total fees and expenses on the

Adversary Proceeding are $164,861.99. Such fees have also not been paid. The Receiver has asked to settle what are clearly property of the bankruptcy estate subject to the claims of the creditors of the estate.

2. If the Court approves any settlements it would be settling property of the estate and the funds should be used only to retire allowed administrative claims and post-confirmation legal fees as described herein.

3. Further from Counsel's experience with the files and all the discovery it seems that the settlement amounts being offered are way too low. The Debtor had extensive information that the asset that was transferred was worth significantly more than the amounts being settled for.

WHEREFORE, PREMISES CONSIDERED Counsel requests that the settlement not be approved for the reasons stated herein and for such other and further relief to which it may be entitled.

Dated: May 16, 2024.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 16, 2024, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case listed below.

Robert W. Buchholz on behalf of Creditor Citizens Bank
bob@attorneybob.com

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

J. Robert Forshey on behalf of Counter-Defendant Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

J. Robert Forshey on behalf of Interested Party Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Charlene Cantrell Koonce on behalf of Attorney Cortney C Thomas
charlene@brownfoxlaw.com, rmelissa@brownfoxlaw.com

Charlene Cantrell Koonce on behalf of Attorney Cortney C. Thomas
charlene@brownfoxlaw.com, rmelissa@brownfoxlaw.com

Joyce W. Lindauer on behalf of Attorney Joyce Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com

Joyce W. Lindauer on behalf of Debtor BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Interested Party Dixon Water Foundation
dperry@munsch.com

Mark Joseph Petrocchi on behalf of Creditor First Bank Texas
mpetrocchi@lawgjm.com,
acamarena@lawgjm.com;mpetrocchi@yahoo.com;acamarena@lawgjm.com

Scott A. Ritcheson on behalf of Creditor Citizens Bank
scottr@rllawfirm.net, mistyb@rllawfirm.net

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Frances Anne Smith on behalf of Interested Party Joyce W. Lindauer Attorney, PLLC
frances.smith@rsbfirm.com, michael.coulombe@rsbfirm.com

Laurie A Spindler on behalf of Creditor Parker CAD
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;
Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

John Kendrick Turner on behalf of Creditor Parker CAD
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Elizabeth Ziegler Young on behalf of U.S. Trustee United States Trustee
elizabeth.a.young@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# EXHIBIT “1”

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 5, 2022**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**ORDER APPROVING, IN PART, AND DENYING, IN PART, FIRST AND FINAL APPLICATION TO APPROVE PAYMENT OF FEES AND EXPENSES OF DEBTOR'S COUNSEL**

Came on for consideration the First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel (the "Application") [Docket No. 110]. The Court finds that appropriate and adequate notice of the hearing and opportunity to object to the Application was provided to the Debtor, the United States Trustee, creditors, and parties-in-interest in accordance with 11 U.S.C. § 102 and Rule 2002 of the Federal Rules of Bankruptcy Procedure. The United States Trustee filed an Objection to the Application. The Court stated on the record the basis for

its ruling. After considering the evidence presented and the arguments of counsel, the Court finds and concludes that the Application is granted in part. It is, therefore;

**ORDERED, ADJUDGED AND DECREED** that the Application is granted in part and the law firm of Joyce W. Lindauer Attorney, PLLC is awarded compensation and reimbursement of expenses for the period of September 1, 2020, through August 2, 2021, in the aggregate amount of $34,326.41, which consists of $31,869.25 as compensation for services rendered and $2,457.16 in expenses incurred (reflecting the disallowance of the fees requested for Paul Geilich in the amount of $18,832.00 as an administrative expense of the estate) as an allowed administrative claim in this case to be paid by the Debtor and its estate.

# # # END OF ORDER# # #