**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

2025-328359

**SPECIAL WARRANTY DEED WITH VENDOR'S LIEN**

THE STATE OF TEXAS §

§ KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF PARKER §

THAT **THE DIXON WATER FOUNDATION F/K/A THE DIXON FOUNDATION**, a Texas non-profit corporation ("**Grantor**"), owner of the Property (as defined herein), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor, cash in hand paid by Grantee, herein below named, the receipt and sufficiency of which are hereby acknowledged and confessed, and for the further consideration of the execution and delivery by the Grantee herein of that certain promissory note of even date herewith in the principal sum of THREE MILLION EIGHT HUNDRED THIRTY THOUSAND SIXTY THREE AND NO/100 DOLLARS ($3,830,063.00) (the "**Note**"), payable to the order of FIRST NATIONAL BANK AND TRUST COMPANY OF WEATHERFORD D/B/A FIRST BANK TEXAS, a Texas bank ("**Lender**"), as therein specified, the payment of which Note is secured by, among other things, the vendor's lien (the "**Vendor's Lien**") herein retained and assigned to Lender, and is additionally secured by a deed of trust of even date herewith to MIKE RHEA, Trustee, for the benefit of Lender (the "**Deed of Trust**"), has GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does hereby GRANT, BARGAIN, SELL and CONVEY unto **LUMAR LAND & CATTLE, LLC**, a Texas limited liability company (herein the "**Grantee**"), all of the following ("**Property**"):

(a) All that certain lot, tract, or parcel being 204.50 acres situated in the James Bradley Survey, Abstract No. 119 and the J.H. Rean Survey, Abstract No. 1106, Parker County, Texas (the "**Land**") and more particularly described in **Exhibit "A"** attached hereto and fully incorporated herein for all purposes; and

(b) together with: a) all right, title and interest of Grantor in and to improvements and fixtures attached to the real property; b) all access rights and easement rights, claims, and permits in connection with or pertaining to the real property and improvements; c) all rights, title and interest of Grantor in and to all water located beneath and on the surface of the real property, together with all related water rights; d) all privileges and appurtenances pertaining to the real property; e) all right, title and interest of Grantor in and to strips or gores adjoining said real property; and f) Grantor's interest in the water, sand, gravel, limestone, building stone, caliche, surface shale, near-surface lignite, iron, and any other surface materials in, on, or under such real property.

TO HAVE AND TO HOLD the Property, together with all and singular any other rights and appurtenances thereto in anywise belonging unto Grantee, and its successors and assigns, related to the Property, FOREVER; and Grantor does hereby bind itself and its successors and assigns to WARRANT AND FOREVER DEFEND, all and singular, the Property, subject to the permitted encumbrances set forth in Exhibit "B" attached hereto and made a part hereof for all purposes ("**Permitted Encumbrances**"), unto Grantee, and its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through, or under Grantor, but not otherwise.

It is expressly agreed that the Vendor's Lien is retained against the Property until the Note and all interest thereon are fully paid according to the face, tenor, effect, and reading thereof. Grantor hereby expressly reserves and retains for Lender, and Lender's successors and assigns, the Vendor's Lien to secure (i) the payment of the Note, and (ii) the performance and payment by Grantee of the covenants, conditions, obligations, and liabilities under the Deed of Trust. Upon the full and complete payment of the Note and satisfaction and performance of the covenants, conditions, obligations, and liabilities under the Deed of Trust, this conveyance shall become absolute and the Vendor's Lien herein reserved shall be automatically released and discharged. Lender, at the instance and request of Grantee, having advanced and paid to Grantor that portion of the purchase price for the Property as evidenced by the Note, the Vendor's Lien is retained herein for the benefit of Lender, and the same is hereby TRANSFERRED AND ASSIGNED to Lender, its successors and assigns.

[Signature Page Follows.]

EXECUTED as of the 23 day of April, 2021.

**GRANTOR:**

THE DIXON WATER FOUNDATION F/K/A
THE DIXON FOUNDATION,
a Texas non-profit corporation

By: [signature]
Name: Robert Potts
Title: President

STATE OF Texas §
§
COUNTY OF Parker §

The foregoing instrument was ACKNOWLEDGED before me this 23RD day of April, 2021, by Robert Potts, President of The Dixon Water Foundation F/K/A The Dixon Foundation, a Texas non-profit corporation, on behalf of said corporation..

R. CHENAULT
Notary Public
State of Texas
ID # 129431195
Comm. Expires 05/20/2021

[S E A L]

[signature]
Notary Public, State of Texas

My Commission Expires:

5-20-21

Rakisha Chenault
Printed Name of Notary Public

Notary No.: ____________________

Attachments:

Exhibit A - Land
Exhibit B - Permitted Encumbrances

After Recording Return to:
Lumar Land & Cattle, LLC
5189 E I-20 Service RD N, STE 106
Willow Park, Texas 76087
Attention: Jim R. Martin

# EXHIBIT A

## THE LAND

BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

COMMENCING at a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of Bear Creek Road with the northwesterly line of Bear Creek Ranch Road (a 60' Dedicated Public Right-of-Way) and being the east corner of Lot 1, Block A, BEAR CREEK RANCH, an Addition to Parker County, Texas, according to the Plat recorded in Cabinet E, Slide 551, Plat Records, Parker County, Texas;

THENCE S 55°31'36" E, along the southwesterly line of said Bear Creek Road, a distance of 60.00 feet to a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of said Bear Creek Road with the southeasterly line of said Bear Creek Ranch Road;

THENCE N 33°46'16" E, a distance of 30.02 feet to a railroad spike found in Bear Creek Road for the POINT OF BEGINNING of the herein described tract, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6914862.12 and EAST: 2237394.23, for reference;

THENCE in and along said Bear Creek Road, as follows:

S 55°59'27" E, a distance of 325.40 feet to a point;

S 71°46'27" E, a distance of 801.00 feet to a point;

S 70°43'19" E, a distance of 221.91 feet to a 5/8" iron rod found;

S 70°45'54" E, a distance of 1742.88 feet to a 1/2" iron rod found at the most north, northeast corner of said Dixon Water Foundation tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, along a northerly east line of said Dixon Water Foundation tract, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 201702400, Official Public Records, Parker County, Texas, continuing along the common line of said Dixon Water Foundation tract and said Reeves tract, passing the north corner of that certain tract of land described in deed to Mike Wright and wife, Jamie Wright, recorded in Instrument Number 202021901, Official Public Records, Parker County, Texas and continuing along the common line of said Dixon Water Foundation tract and said Wright tract, in all, a distance of 1186.42 feet to a 5/8" iron rod found at an interior ell corner of said Dixon Water Foundation tract, being the most west corner of said Wright tract;

THENCE along the common line of said Dixon Water Foundation tract and said Wright tract, as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;

S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;

N 72°21'34" E, a distance of 390.26 feet to a point in a southerly, west line of said Reeves tract, from which a 3" steel pipe fence post found bears N 06°43'26" W, a distance of 1.25 feet, for reference;

THENCE S 00°10' 37" W, along the common line of said Dixon Water Foundation tract and said Reeves tract, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract and being the southeast corner of the herein described tract;

THENCE N 85°12'57" W, across said Dixon Water Foundation tract, a distance of 3373.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" for the southwest corner of the herein described tract, from which a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of that certain tract of land described in deed to GH Lumar JV, recorded in Instrument Number 201924134, Official Public Records, Parker County, Texas, bears N 89°37'52" W, a distance of 266.86 feet, for reference;

THENCE continuing across said Dixon Water Foundation tract, as follows:

N 03°21'24" E, a distance of 330.89 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 01°38'28" E, a distance of 428.44 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00° 12' 47" E, a distance of 95.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" in the south line of that certain remaining portion tract of land described in deed to GH Lumar JV, recorded in Instrument Number 202024136, Official Public Records, Parker County, Texas;

THENCE S 80°56'20" E, along the south line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 31.26 feet to a 1/2" capped iron rod set stamped "C.F. a the southeast corner of said GH Lumar JV tract (Instrument Number 202024136);

THENCE N 00°31'28" W, along the east line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 655.53 feet to a 1/2" iron rod found;

THENCE N 09°47'14" W, continuing along the east line of said GH Lumar JV tract (Instrument Number 202024136), at a distance of 741.92 feet passing a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of the Bear Creek Ranch Road Dedicated Public Right-of-Way as shown on said BEAR CREEK RANCH Plat, recorded in said Cabinet E, Slide 551, and continuing along the northeasterly line of said Bear Creek Ranch Road, in all, a distance of 797.08 feet to a 1/2" iron rod found;

THENCE along the northeast, east and southeasterly line of said Bear Creek Ranch Road, as follows:

N 32°59' 06" W, a distance of 349.92 feet to a 1/2" iron rod found;

N 09°44'07" E, a distance of 103.49 feet to a 1/2" iron rod found;

N 33°46'16" E, a distance of 811.29 feet to the POINT OF BEGINNING and containing 204.50 acres (8,908,185 square feet) of land, more or less.

**EXHIBIT B**

**PERMITTED ENCUMBRANCES**

1. All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records of Parker County, Texas.

2. Easement granted by Aleene, Princess of Liechtenstein to James P. Dunigan, filed 12/08/1976, recorded in Volume 657, Page 418, Real Property Records, Parker County, Texas.

3. Easement granted by Jane McFarland Dixon to James P. Dunigan, Inc., filed 12/08/1976, recorded in Volume 657, Page 421, Real Property Records, Parker County, Texas.

4. Easement granted by Aleene McFarland Liechtenstein, et al to James P. Dunigan, filed 12/08/1976, recorded in Volume 657, Page 437, Real Property Records, Parker County, Texas.

5. Easement granted by Aleene McFarland Liechtenstein to Southwestern Gas Pipeline, Inc., filed 05/03/1978, recorded in Volume 723, Page 630, Real Property Records, Parker County, Texas.

6. Easement granted by R. McFarland Dixon to Tri-County Electric Cooperative, Inc., filed 01/26/1997, recorded in Volume 1720, Page 479, Real Property Records, Parker County, Texas.

7. Easement granted by R. McFarland Dixon to Southwestern Gas Pipeline, Inc., filed 02/13/2005, recorded in Volume 2299, Page 938, Real Property Records, Parker County, Texas.

8. Easement granted by The Dixon Foundation to Southwestern Gas Pipeline, Inc., filed 03/13/2007, recorded in Volume 2519, Page 240, Real Property Records, Parker County, Texas.

9. Easement granted by The Dixon Water Foundation to Tri-County Electric Cooperative, Inc., filed 05/19/2008, recorded in Volume 2635, Page 862, Real Property Records, Parker County, Texas.

10. Easement rights as awarded to Brazos Electric Power Cooperative, Inc., in Cause #CIV 08-0739, certified copy filed 01/07/2009, recorded in Volume 2684, Page 531, Real Property Records, Parker County, Texas. Modification of Easement filed 08/25/2009, recorded in Volume 2734, Page 1161, Real Property Records, Parker County, Texas.

11. Easement granted by The Dixon Water Foundation to Targa NGL Pipeline Company, LLC, filed 04/16/2018, recorded in cc#2018-8659, Real Property Records, Parker County, Texas. Amendment, filed 01/22/2019, recorded in cc#2019-1501, Real Property Records, Parker County, Texas.

12. Easement rights as granted to GH Lumar JV, in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.

13. Terms, conditions, and easements as set out in Access Easement from GH Lumar JV to Lumar Land & Cattle, LLC, filed 02/06/2020, recorded in cc#2020-3138, Real Property Records, Parker County, Texas.

# FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

Lila Deakle

202116538
04/28/2021 09:49:41 AM
Fee: $54.00
Lila Deakle, County Clerk
Parker County, Texas
DEED