IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>BM318, LLC,<br><br>Debtor. | Case No. 20-42789-MXM-11 |
| BM318, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE DIXON WATER FOUNDATION, *et al.*,<br><br>Defendants. | Adv. No. 21-04051-MXM<br><br>Wednesday, November 20, 2024<br>1:33 P.M. |

PARTIAL TRANSCRIPT OF HEARING ON
MOTION TO ENFORCE SETTLEMENT AND TO DISSOLVE AND EXPUNGE
SECOND LIS PENDENS FILED BY TIMOTHY BARTON FILED BY
INTERESTED PARTY LUMAR LAND & CATTLE, LLC (166)
AND MOTION TO ENFORCE SETTLEMENT AND TO DISSOLVE AND EXPUNGE
SECOND LIS PENDENS FILED BY TIMOTHY BARTON FILED BY
INTERVENOR-PLAINTIFF LUMAR LAND & CATTLE, LLC (163)
BEFORE THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES VIA WEBEX ON THE NEXT PAGE.

| | |
|---|---|
| Audio Recorder: | Jeanette Almaraz<br>Eldon B. Mahon U.S. Courthouse<br>501 West 10th Street<br>Fort Worth, Texas 76102 |
| Transcription Service: | Liberty Transcripts<br>9107 Topridge Drive<br>Austin, Texas 78750<br>(847) 848-4907<br>dbpatel1180@gmail.com<br>www.libertytranscripts.com |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES VIA WEBEX:

For the Plaintiff Lumar Land & Cattle, LLC:
Forshey & Prostok, LLP
BY: J. ROBERT FORSHEY, ESQUIRE
777 Main Street, Suite 1550
Fort Worth, Texas 76102
(817) 877-8855
bforshey@forsheyprostok.com

Quilling, Selander, Lownds, Winslett & Moser
BY: JOSHUA LEE SHEPHERD, ESQ.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

For the Defendant The Dixon Water Foundation:
Munsch Hardt Kopf & Harr, P.C.
BY: DEBORAH M. PERRY, ESQUIRE
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201
(214) 855-7565
dperry@munsch.com

Munsch Hardt Kopf & Harr, P.C.
BY: JULIAN PRESTON VASEK, ESQUIRE
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201
(214) 855-7528
jvasek@munsch.com

For Timothy Barton:
Farmer & Coker, PLLC
BY: KAITLYN COKER, ESQUIRE
901 Main Street, Suite 5330
Dallas, Texas 75202
(254) 640-9510
kaitlyn@farmercoker.com

For Cortney C. Thomas, Receiver:
Brown Fox PLLC
BY: C. Alan Carrillo
8111 Preston Road, Suite 300
Dallas, Texas 75225
(214) 327-5000
alan@brownfoxlaw.com

* * * * *

(Proceedings commenced at 1:33 p.m.)

THE COURT: Good afternoon, everyone. This is Judge Mullin for our 1:30 docket this afternoon. We have the BM318 LLC case, as well as the adversary proceeding BM318 LLC, *et al*. versus Dixon Water Foundation, *et al.*

No one is in the Courtroom other than the Courtroom staff, so if your video is on, I'll recognize you. Once I do, if you could simply repeat your name and the party you represent for the record, that would be very much appreciated.

And I see we have Mr. Carrillo. Good afternoon to you sir.

MR. CARRILLO: Good afternoon, Your Honor.

Alan Carrillo on behalf of Cort Thomas, the court-appointed Receiver of BM318, the debtor in this case.

THE COURT: All right. And Ms. Coker, good afternoon.

MS. COKER: Good afternoon.

Kaitlyn Coker on behalf of Timothy Barton.

THE COURT: All right. Mr. Forshey?

MR. FORSHEY: Good afternoon, Your Honor.

Bobby Forshey on behalf of Lumar Land & Cattle, LLC.

THE COURT: All right. And Mr. Vasek.

MR. VASEK: Good afternoon, Your Honor.

Julian Vasek on behalf of the Dixon Water

Foundation. Ms. Perry is also on the phone with the number ending in 11.

THE COURT: All right, terrific. Thank you.

And good afternoon to you, Ms. Perry.

And Mr. Shepherd, good afternoon, sir.

MR. SHEPHERD: Thank you, Your Honor.

Josh Shepherd on behalf of Lumar Land & Cattle.

I had to log back in. I apologize.

THE COURT: All right. No worries.

All right. Any other counsel wishing to make an appearance?

(No audible response)

THE COURT: All right. The purpose for today's docket was for the Court to render its ruling on the motions to enforce, and they were filed in both the underlying bankruptcy case and the adversary proceeding.

I do note, however, that earlier today in the underlying bankruptcy case at Docket Number 178, there has been a notice of a release of lis pendens filed, as well as, at Docket Number 179, an affidavit indicating a release of lis pendens. And that's in the underlying bankruptcy case and in the adversary proceeding at Docket Number 177. Again, there's simply a notice of a release of lis pendens.

So my question, I guess I'll go to Mr. Forshey first, how, if at all, do those filings impact the pending

motion and whether or not the motions are now moot or should the Court continue to render its ruling? What's your position on that?

MR. FORSHEY: Well, Your Honor, my position on that would be two-fold.

One, if you will read the second and third paragraphs of the release of lis pendens, it's not a complete release. All that Mr. Barton has really said is that, to the extent that he might have done it on behalf of BM318, he's releasing. So I've talked to Ms. Perry, I'll let her speak for herself or Mr. Vasek, but both of us do not believe that that is a complete release of the lis pendens in toto.

Second, if all that's set today is for you to render your ruling on the motion, if they want to file some type of motion to say this is now moot, that's fine, let them do it. But to simply file something very shortly, an hour before the hearing, with the apparent attempt to moot things without having anything on the docket or any type of notice, we would submit it's inappropriate. We would ask the Court to go ahead and rule.

THE COURT: All right.

Mr. Vasek, do you agree with Mr. Forshey?

MR. VASEK: Yeah, I do, Your Honor. I'd take it a step -- well, unless Ms. Perry would want to --

THE COURT: Oh, Ms. Perry, I'm sorry. I apologize.

MS. PERRY: Your Honor, Deborah Perry on behalf of the Dixon Water Foundation.

I apologize for being on my phone. I'm on my way down to the Westbrook conference today.

THE COURT: Understood. No worries.

MS. PERRY: And, Your Honor, we agree with Mr. Forshey. Our concern after reading the release of lis pendens is that it is not an unconditional release and that, if someone is looking in the deed records and they see this release, it's going to raise more questions. And we are also concerned that then Mr. Barton will simply turn around and file a lis pendens in his individual capacity.

And so from our client's perspective, we think that we would prefer that the Court issue its ruling. And Mr. Vasek -- admittedly, this has been a short time period -- found a case that basically says that if you are -- if there is action that has been taken by a litigant and the Court is asked to rule with respect to it, the litigant shouldn't be able to moot that out simply by basically withdrawing what they did, because then they could simply do it again down the road.

I'm paraphrasing because I don't have the case in front of me. And Mr. Vasek can certainly give you the citation. But I think, from our perspective, we agree with Mr. Forshey. And if the Court is inclined to give its

ruling, we would welcome that. Thank you.

THE COURT: All right. Thank you.

Mr. Carrillo, any position by the Receiver?

MR. CARRILLO: Yes, Your Honor.

Again, for the record, Alan Carrillo for the Receiver, Cort Thomas.

I echo Lumar and Dixon's position on this, Your Honor. I've read the release, as well, and it spends an awful lot more time on whether or not Mr. Barton executed the lis pendens in his personal capacity or assumed capacity on behalf of BM318, which obviously both Mr. Barton and his counsel vigorously defended the propriety of the lis pendens at the hearing and only filed this purported release two hours before this ruling.

And so the Receiver's position is, to the extent that the Court's order -- and we're not going to presume how you'll order, Your Honor -- but to the extent your order has any effect in deterring future conduct like this, the Receiver's position is that we'd like for you to rule today and expunge the lis pendens because as Lumar and Dixon have said, the effect of this release is really not known at this point.

THE COURT: All right. Thank you.

Mr. Shepherd, any position --

MR. CARRILLO: Thank you, Your Honor.

THE COURT: -- from your perspective? No?

MR. SHEPHERD: I would just echo what the parties have already said. I agree. The ruling needs to be rendered today. It's a qualified release, if anything.

THE COURT: All right. Ms. Coker?

You're on mute on your end, ma'am.

MS. COKER: Thank you, Your Honor.

Kaitlyn Coker on behalf of Timothy Barton.

I'm actually a little bit surprised regarding the argument that this was a conditional release. I was unaware that was going to be presented to the Court today. The intent was to fully release the lien. I don't see any conditional language on my end. I think that this lien was drafted with the intent to make sure that Mr. Barton wasn't stepping over any lines by acting on behalf of BM318.

I'm unaware of any case law that would suggest that this doesn't moot the issue. If a solution is to defer ruling on -- based on, you know, supplemental briefing on the issue, I'm happy to do that. But again, it's our position that this is a complete release of the lien and that language in there is simply to make sure that Mr. Barton isn't stepping over the line.

THE COURT: All right. Thank you.

Well, again, the purpose for today's hearing was to render the ruling on the matter that the Court took under

advisement last week on the motions to enforce filed in the underlying bankruptcy case, as well as the adversary proceeding.

Although there have been filings made today, a notice as well as an affidavit, there's no motion or request that the Court abate or not rule. I tend to agree with counsel for Lumar, Dixon, and the Receiver that I'm not sure what those documents are. Again, they're not technically before me. They're on the docket, but there's nothing before me that would cause the Court to abate from ruling since the Court set this for an oral ruling last week for today at this time and there's no request by any party for the Court to defer or abate ruling.

(Requested portion of proceedings concluded at 1:42:28 p.m.)

(The Partial Transcript of the Court's Bench Ruling commenced at 1:42:28 p.m., contained in a separate transcript filed on the docket at Docket Number 181. )

(Proceedings adjourned at 1:56 p.m.)

* * * * *

C E R T I F I C A T I O N

I, DIPTI PATEL, Court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

__________________________

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

LIBERTY TRANSCRIPTS DATE: December 13, 2024