BROWN FOX

C. Alan Carrillo
214.396.9234
alan@brownfoxlaw.com

December 2, 2025

**Via E-File**

Esther Castaneda, Deputy Clerk
United States Bankruptcy Court
Northern District of Texas
501 West Tenth Street, Room 147
Fort Worth, TX 76102
Esther_Castaneda@txnb.uscourts.gov

RE: No. 20-42789-mxm11, *In Re: BM318, LLC*, Status Update

Dear Ms. Castaneda:

In accordance with the Clerk's Office's request for a Status Update [Dkt. 187], Cort Thomas, the Court-appointed Receiver pursuant to the Receivership Order (defined herein), provides the following update to the Bankruptcy Court regarding the Debtor, BM318, LLC.[1]

Now that the Bankruptcy Court's Final Agreed Judgment (defined herein) entered by the Court in, and resulting in the dismissal of, Case No.21-04051-mxm (the "Adversary Proceeding") is final and non-appealable,[2] the Debtor intends to soon file a motion for final decree and to close this case.

[1] As the Court is aware, the Debtor was placed in Receivership on October 18, 2022, pursuant to an order ("Initial Receivership Order") entered in *Securities and Exchange Commission v. Timothy Barton, et al.*, 3-22-CV-2118-X ("Receivership Case"), in the U.S. District Court for the Northern District of Texas by Judge Brantley Starr ("Receivership Court"), Following an appeal from Timothy Barton and the Fifth Circuit's vacatur of the Initial Receivership Order, Judge Starr conducted an extensive hearing, and on November 29, 2023, entered a new Order Appointing Receiver ("Receivership Order").

[2] The Debtor, through the Receiver, entered into settlement agreements with The Dixon Water Foundation ("Dixon") and Lumar Land & Cattle, LLC ("Lumar") ("Settlement Agreements"), in part to resolve the Adversary Proceeding. On May 20, 2024, after the Receivership Court lifted the litigation stay it had imposed on this case [Receivership Case, Dkt. 486], the Bankruptcy Court held a hearing on the Receiver's motions to approve the Settlement Agreements [Dkts. 147, 149, 157]. On May 22, 2024, the Bankruptcy Court orally granted the Receiver's motions and made on the record findings of fact and conclusions of law [Dkts. 159, 160]. On May 28, 2024, the Bankruptcy Court entered orders approving the settlement agreements entered by the Receiver and Dixon [Dkt. 163] and Lumar [Dkt. 164] ("Settlement Approval Orders"). Barton did not appeal the Settlement Approval Orders.

The Receiver does not believe that any of Barton's continued or repeated appeals of the Receivership Court's Receivership Order should delay the disposition of this case.[3] If the Court wishes to discuss the Debtor's proposed plan of action at a status conference, the Receiver will make himself available to discuss steps to close this case.

Sincerely,

C. Alan Carrillo
*Attorney for Cort Thomas, Court-Appointed Receiver of BM318, Reorganized Debtor-in-Possession*

---

On August 26, 2024, the Bankruptcy Court entered the *Final Agreed Judgment Dismissing the Adversary Proceeding* [Adversary Proceeding, Dkt. 142] ("Final Agreed Judgment"). Barton appealed the Final Agreed Judgment [Adversary Proceeding, Dkts. 144, 147] ("Adversary Proceeding Appeal"). The District Court dismissed the Adversary Proceeding Appeal on February 4, 2025 [Adversary Proceeding, Dkt. 185] ("Appeal Dismissal Order"). Barton then appealed the Appeal Dismissal Order to the Fifth Circuit [Adversary Proceeding, Dkt. 186]. The Fifth Circuit affirmed the Appeal Dismissal Order on September 17, 2025 [Adversary Proceeding, Dkts. 187, 188].

Additionally, and separately, the Receivership Court ratified the Settlements on August 14, 2024 [Receivership Case, Dkt. 550] ("Settlement Ratification Order"). Although Barton did not appeal the Settlement Approval Orders, he appealed the Settlement Ratification Order to the Fifth Circuit [Receivership Case, Dkt. 554]. That appeal is Case No. 24-10788. As November 14, 2025, that appeal is fully briefed and ripe for the Fifth Circuit's determination. However, the Settlement Ratification Order is not stayed pending appeal (and, regardless, it has no effect on the Bankruptcy Court's final and non-appealable Settlement Approval Orders, the Final Agreed Judgment, and the Appeal Dismissal Order).

[3] After the Court entered the Receivership Order, Barton almost immediately filed another appeal challenging the Receivership Order. On April 17, 2025, the Fifth Circuit issued a published opinion affirming the Receivership Order. Barton then filed a motion for rehearing, which the Fifth Circuit denied on June 16, 2025. On October 14, 2025, Barton filed a petition for a writ of certiorari to the Supreme Court of the United States. Neither the Receivership Case nor this case are stayed pending Barton's appeal of the Receivership Order.

In response to a grievance filed with the State Bar of Texas intended to harass the Receiver and his counsel, Judge Starr amended the Receivership Order to require Barton to seek leave from the Court prior to filing any further grievances. Barton's appeal to the Fifth Circuit of this order (Case No. 25-10871) is pending, and Barton has yet to file his appellant brief. Neither the Receivership Case nor this case are stayed pending Barton's appeal of the Receivership Court's order.