FILED

MAR 16 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm11** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

**REQUEST TO SET HEARING ON**
**MOVANT'S PENDING OBJECTIONS (DKT. 193 AND 194)**

Timothy L. Barton (the "Movant"), appearing pro se as a party in interest, respectfully requests that the Court set a formal hearing on Movant's pending objections and related requested relief filed at Docket Nos. 193 and 194. In support, Movant states as follows:

## I. PENDING OBJECTIONS FOR WHICH A HEARING IS REQUESTED

1. On January 2, 2026, Movant filed "Timothy L. Barton, Party in Interest's Motion to Compel Final Report/Final Account and Accounting of Settlement Proceeds; Objection to Entry of Final Decree; and, in the Alternative, Motion to Reopen Case" (Dkt. 193) (the "Motion/Objection").

2. The Motion/Objection requests, among other things, that the Court decline to enter a final decree or close this case as "fully administered" under 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 until required reporting and accounting are completed, including a transparent accounting of BM318's settlement proceeds and court-ordered fees. It is expressly framed as an administrative oversight request and not an effort to re-litigate the merits of settled claims or revisit Rule 9019 approvals.

3. Also on January 2, 2026, Movant filed "Response and Objection of Timothy L. Barton to Receiver's Status Update (Dkt. 189) and Request to Defer Entry of Final Decree and Case Closure" (Dkt. 194) (the "Response/Objection").

4. The Response/Objection objects to the Receiver's characterization of the case as complete and requests that the Court defer any final decree or closure while (i) settlement-related administration and reporting remain incomplete, and (ii) interlocking receivership and appellate proceedings that directly affect BM318's settlement-related assets and administration remain pending. The Response/Objection likewise disclaims any request to disturb this Court's Rule 9019 settlement approvals.

## II. GOOD CAUSE EXISTS TO SET A FORMAL HEARING

5. The pending objections raise case-dispositive, time-sensitive issues concerning whether the estate has been "fully administered," whether required final reporting and accounting have been completed, and whether entry of a final decree or closure should be deferred in light of ongoing related proceedings.

6. A hearing is appropriate because the disputes are fact-intensive (including the status, receipt, deposit, and disbursement of settlement proceeds and other estate funds; the status of required reports; and whether administrative prerequisites for closure have been satisfied) and because closure before resolving these objections risks irreparable procedural prejudice, including potential mootness and the creation of inconsistent administrative records.

7. Movant requests that the Court set a hearing (or, at minimum, a status conference) to allow focused argument on the limited administrative issues raised in Dkt. 193 and Dkt. 194 and to

establish an orderly path to resolve any remaining reporting and accounting requirements before closure.

## III. RELIEF REQUESTED

8. Movant respectfully requests that the Court enter an order:

   i. Setting a formal hearing on Dkt. 193 and Dkt. 194 at the earliest available date and time, with sufficient time reserved for argument (e.g., 30 minutes).

   ii. Directing the Receiver, Debtor, and any other fiduciary or party advocating for closure to file any written response to Dkt. 193 and Dkt. 194 by a date certain in advance of the hearing.

   iii. Deferring entry of any final decree and deferring any case-closing relief pending the hearing and the Court's resolution of the objections.

   iv. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se
Party in Interest
1846 East Rosemeade Parkway,
#232 Carrollton, Texas 75006
(214) 914-3181
timothy-barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on the date of filing, I served the foregoing Request to Set Hearing through the Court's CM/ECF system on all parties entitled to notice who are registered ECF users, and by other authorized means on any parties not registered to receive electronic notice.

/s/ Timothy L. Barton
Timothy L. Barton, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BM318, LLC,** | § | CASE NO. 20-42789-mxm11 |
| | § | |
| Debtor. | § | CHAPTER 11 |

# [PROPOSED] ORDER GRANTING REQUEST

# TO SET HEARING ON PENDING OBJECTIONS

The Court has considered Movant Timothy L. Barton's Request to Set Hearing on Movant's pending objections at Docket Nos. 193 and 194, and finds that good cause exists for the relief requested.

**IT IS ORDERED** that the Request is GRANTED.

**IT IS FURTHER ORDERED** that the Court will set a hearing on Docket Nos. 193 and 194 by separate notice, or as otherwise directed by the Court.

**IT IS FURTHER ORDERED** that, pending the hearing and further order of the Court, entry of any final decree and any case-closing relief is DEFERRED.

**IT IS FURTHER ORDERED** that any party advocating for closure may file a written response to Docket Nos. 193 and 194 no later than ____________________, 2026, or as otherwise directed by the Court.

**### END OF ORDER ###**

**By the Court:**

______________________________ ______________________________
Date Signed United States Bankruptcy Judge