FILED

APR 07 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm11** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

**MOTION REQUESTING UNITED STATES TRUSTEE POSITION AND (IF APPROPRIATE) JOINDER IN MOVANT'S PENDING OBJECTIONS TO ENTRY OF FINAL DECREE / CASE CLOSURE, AND TO DEFER RULING PENDING U.S. TRUSTEE RESPONSE**

Timothy L. Barton ("Movant"), a party in interest, respectfully moves the Court for entry of an order requesting that the United States Trustee (the "U.S. Trustee") state its position regarding whether entry of a final decree or other case closure is appropriate in this Chapter 11 case at this time and, if appropriate, join in, supplement, or otherwise support Movant's pending objections at Dkts. 193 and 194. Movant further requests that the Court defer ruling on final-decree or closure issues until the U.S. Trustee's position is filed and considered.

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding under 28 U.S.C. § 157(b) to the extent it concerns administration and closure of the estate.

## II. BACKGROUND

1. The Receiver filed a Status Update at Dkt. 189 stating that, because the adversary proceeding was dismissed and related rulings were allegedly final, the Debtor intended to soon file a motion for final decree and close this case.
2. Movant thereafter filed a Response and Objection at Dkt. 194 requesting that the Court decline to move toward entry of a final decree or closure while interlocking receivership orders governing BM318 remain under active appellate and stay review, including Appeal No. 24-10788 concerning the settlement-ratification order, Appeal No. 25-10871 concerning the June 23, 2025 receivership order that expressly designates BM318 as a Receivership Entity, and the pending emergency stay proceedings referenced in that objection.
3. Movant also filed Dkt. 193, styled as a motion to compel final report / final account and accounting of settlement proceeds, an objection to entry of final decree, and in the alternative a motion to reopen case. Dkt. 193 argues that BM318 is not "fully administered" within the meaning of 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022 because, among other things, there is no comprehensive public accounting showing receipt and administration of the Dixon settlement payment, no final report or final account, no clear record of distributions to creditors, and no showing that quarterly U.S. Trustee obligations and other administrative prerequisites for closure have been completed.
4. The Court has set a hearing for April 9, 2026, on Movant's objection/motion at Dkt. 193. Given that hearing setting and the closure issues already joined on the docket, Movant respectfully requests that the U.S. Trustee state its position before the Court rules on any final-decree or closure request.

## III. ARGUMENT

### A. A Final Decree Requires a "Fully Administered" Estate Under Rule 3022 and 11 U.S.C. § 350(a).

A Chapter 11 case may be closed only after the estate is "fully administered." 11 U.S.C. § 350(a); Fed. R. Bankr. P. 3022. That standard is not satisfied on the present record. As reflected in Movant's pending filings, the docket does not contain a final report, final account, verified distribution record, or a clear public accounting showing how estate value was received, administered, and distributed. Most notably, the record does not clearly establish the receipt, deposit, accounting, or distribution of the Dixon settlement proceeds.

Those issues go directly to whether BM318 has been fully administered. On this record, the Court lacks a sufficient basis to determine that the estate has been fully administered within the meaning of § 350(a) and Rule 3022. See In re JCP Props., Ltd., 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015); Mendelsohn v. Ozer, 241 B.R. 503, 509 (E.D.N.Y. 1997); Texas Grand Prairie Hotel Realty, L.L.C. v. FDIC (In re Texas Grand Prairie Hotel Realty, L.L.C.), 710 F.3d 324, 327–29 (5th Cir. 2013).

### B. The U.S. Trustee Has a Statutory Oversight Role and Should State Its Position Before Closure.

The U.S. Trustee has a statutory role in supervising Chapter 11 case administration. 28 U.S.C. § 586(a)(3). The U.S. Trustee may also raise and be heard on any issue in a case under title 11. 11 U.S.C. § 307. Whether a case is sufficiently administered to support entry of a final decree falls squarely within that oversight function.

Here, where the record does not contain a final report, final account, verified distribution record, or clear accounting of settlement-related estate value, the Court should have the benefit of the U.S. Trustee's position before determining that closure is appropriate. Requiring that input is

especially appropriate because closure without a clear final accounting risks ending the case on an incomplete administrative record.

### C. The Court Should Defer Ruling on Final-Decree / Closure Issues Pending the U.S. Trustee's Response.

The requested relief is narrow. Movant does not seek to relitigate prior merits rulings or disturb prior settlements. Movant seeks only to ensure that the statutory prerequisites to closure have been satisfied before the case is treated as fully administered.

A brief deferral is warranted because the present record does not clearly establish full administration, the U.S. Trustee's position is directly relevant to that determination, and premature closure may impair further review of unresolved administration and accounting issues. Under these circumstances, the Court should defer ruling on final-decree or closure issues until the U.S. Trustee files its statement of position.

## IV. REQUESTED RELIEF

Movant respectfully requests that the Court enter an order:

1. Directing the U.S. Trustee to file, within three (3) days, given the imminent hearing and pending closure issues of entry of the order (or such other period as the Court deems appropriate), a statement of position regarding whether entry of a final decree or other case closure is appropriate at this time;
2. Authorizing the U.S. Trustee to join in, supplement, or otherwise support Movant's pending objections at Dkts. 193 and 194, as the U.S. Trustee deems appropriate;
3. Deferring ruling on final-decree or closure issues—including any ruling arising from Dkts. 189, 193, or 194, or any later-filed motion for final decree—until the U.S. Trustee's position is filed and considered; and

4. Granting such other and further relief as is just and proper.

Respectfully submitted,

Date April 07, 2026

/s/ Timothy L. Barton
Timothy L. Barton, Pro Se
Party in Interest
1846 East Rosemeade Parkway,
#232 Carrollton, Texas 75006
(214) 914-3181
timothy-barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on April 07, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties entitled to notice. To the extent any party is not a registered CM/ECF user, service was additionally made by email and/or U.S. Mail as reflected in the service list maintained for this case.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm11** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

**[PROPOSED] ORDER ON MOTION REQUESTING UNITED STATES TRUSTEE POSITION AND (IF APPROPRIATE) JOINDER IN MOVANT'S PENDING OBJECTIONS TO ENTRY OF FINAL DECREE / CASE CLOSURE, AND TO DEFER RULING PENDING U.S. TRUSTEE RESPONSE**

The Motion Requesting United States Trustee Position and (If Appropriate) Joinder in Movant's Pending Objections to Entry of Final Decree / Case Closure, and to Defer Ruling Pending U.S. Trustee Response (the "Motion") filed by Timothy L. Barton, party in interest, on April 7, 2026, came before the Court for consideration; and

It appearing that notice was proper and that cause exists for the relief requested in the Motion;

**IT IS ORDERED that:**

1. The United States Trustee shall file, within three (3) days after entry of this Order, or by such other deadline as the Court directs, a statement of position regarding whether entry of a final decree or other case closure is appropriate at this time.
2. The Court will defer ruling on final-decree or closure issues, including any ruling arising from Dkts. 189, 193, or 194, and any later-filed motion for final decree, until the United States Trustee's position is filed and considered.
3. The United States Trustee may, as it deems appropriate, join in, supplement, or otherwise support Movant's pending objections at Dkts. 193 and 194.

**### END OF ORDER ###**

**By the Court:**

________________________ ________________________
Date Signed United States Bankruptcy Judge