BROWN FOX

Tim Wells
817.857.2141
tim@brownfoxlaw.com

September 4, 2026

**<u>Via E-File</u>**

Honorable Mark X. Mullin
United States Bankruptcy Court
Northern District of Texas
501 West Tenth Street, Room 128
Fort Worth, TX 76102

RE: No. 20-42789-mxm11, *In Re: BM318, LLC*, Status Update

Dear Judge Mullin:

In accordance with your August 27, 2026 request for a status update, Cort Thomas, the Court-appointed Receiver pursuant to the Receivership Order (defined herein), provides the following update to the Bankruptcy Court regarding the Debtor, BM318, LLC.[1]

Pursuant to the Court's Final Agreed Judgment (defined herein), Case No. 21-04051-mxm (the "Adversary Proceeding") was dismissed and is final and non-appealable.[2] The Receiver's last

[1] As the Court is aware, the Debtor was placed in Receivership on October 18, 2022, pursuant to an order ("Initial Receivership Order") entered in *Securities and Exchange Commission v. Timothy Barton, et al.*, 3-22-CV-2118-X ("Receivership Case"), in the U.S. District Court for the Northern District of Texas by Judge Brantley Starr ("Receivership Court"), Following an appeal from Timothy Barton and the Fifth Circuit's vacatur of the Initial Receivership Order, Judge Starr conducted an extensive hearing, and on November 29, 2023, entered a new Order Appointing Receiver ("Receivership Order").

[2] The Debtor, through the Receiver, entered into settlement agreements with The Dixon Water Foundation ("Dixon") and Lumar Land & Cattle, LLC ("Lumar") ("Settlement Agreements"), in part to resolve the Adversary Proceeding. On May 20, 2024, after the Receivership Court lifted the litigation stay it had imposed on this case [Receivership Case, Dkt. 486], the Bankruptcy Court held a hearing on the Receiver's motions to approve the Settlement Agreements [Dkts. 147, 149, 157]. On May 22, 2024, the Bankruptcy Court orally granted the Receiver's motions and made on the record findings of fact and conclusions of law [Dkts. 159, 160]. On May 28, 2024, the Bankruptcy Court entered orders approving the settlement agreements entered by the Receiver and Dixon [Dkt. 163] and Lumar [Dkt. 164] ("Settlement Approval Orders"). Barton did not appeal the Settlement Approval Orders.

On August 26, 2024, the Bankruptcy Court entered the *Final Agreed Judgment Dismissing the Adversary Proceeding* [Adversary Proceeding, Dkt. 142] ("Final Agreed Judgment"). Barton appealed the Final Agreed Judgment [Adversary Proceeding, Dkts. 144, 147] ("Adversary Proceeding Appeal"). The District Court dismissed the Adversary Proceeding Appeal on February 4, 2025 [Adversary Proceeding, Dkt. 185] ("Appeal Dismissal Order"). Barton then appealed the Appeal Dismissal Order to the Fifth Circuit [Adversary Proceeding, Dkt. 186]. The Fifth Circuit affirmed the Appeal Dismissal Order on September 17, 2025 [Adversary Proceeding, Dkts. 187, 188].

update to the Court stated that the Debtor intended file a motion for final decree and to close this case. *See* Dkt. 189. This remains true; however, due to Mr. Barton's filing of a petition for certiorari with the United States Supreme Court in response to the Fifth Circuit's affirmation of the Receivership Order and denial Barton's request for rehearing *en banc*, the Receiver ultimately decided to wait for the Supreme Court's decision regarding certiorari. Earlier this year, the Supreme Court denied cert. With the propriety of the Receivership Order firmly established, the Receiver does not expect any further delay in the disposition of this case.[3]

On July 8, 2026, the Receivership Court ordered the Receiver to "solicit proposals from lenders for each Receivership Property to determine if there is a path forward to accomplish sales, pay down some or all the outstanding pre-Receivership balances on the loans, and allow remaining claims to be dealt with as part of the Receivership's claims process" and to file a status report within 90 days of the order.[4] The Receiver has been actively working to comply with the Receivership Court's order. Once this process is complete, the Receiver intends to file a motion with the Receivership Court to lift the Receivership Order's litigation stay. If the motion is granted, the Debtor will then file a motion for final decree and to close this case. The Receiver expects all of this to occur in the fourth quarter of 2026. If the Court wishes to discuss the Debtor's proposed plan of action at a status conference, the Receiver will make himself available to discuss steps to close this case.

Sincerely,

Tim Wells

Timothy Wells
*Attorney for Cort Thomas, Court-Appointed Receiver of BM318, Reorganized Debtor-in-Possession*

---

Additionally, and separately, the Receivership Court ratified the Settlements on August 14, 2024 [Receivership Case, Dkt. 550] ("Settlement Ratification Order"). Although Barton did not appeal the Settlement Approval Orders, he appealed the Settlement Ratification Order to the Fifth Circuit [Receivership Case, Dkt. 554]. That appeal is Case No. 24-10788. On March 25, 2026, the Fifth Circuit partially dismissed the appeal for lack of jurisdiction and otherwise affirmed the Receivership Court [Appeal, Dkt. 117].

[3] After the Court entered the Receivership Order, Barton almost immediately filed another appeal challenging the Receivership Order. On April 17, 2025, the Fifth Circuit issued a published opinion affirming the Receivership Order. Barton then filed a motion for rehearing, which the Fifth Circuit denied on June 16, 2025. On October 14, 2025, Barton filed a petition for a writ of certiorari to the Supreme Court of the United States. On March 30, 2026, the Supreme Court denied Barton's cert petition. *See* Receiver's Sixteenth Status Report [Receivership Case, Dkt. 838].

In response to a grievance filed with the State Bar of Texas intended to harass the Receiver and his counsel, Judge Starr amended the Receivership Order to require Barton to seek leave from the Court prior to filing any further grievances. Barton's appeal to the Fifth Circuit of this order (Case No. 25-10871) was denied on May 18, 2026. [Appeal, Dkt. 104].

[4] Receivership Case, Dkt. 792.